| | |
|---|---|
| 1 | RAOUL D. KENNEDY (STATE BAR NO. 40892) |
|   | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 2 | Four Embarcadero Center, Suite 3800 |
|   | San Francisco, California 94111 |
| 3 | Telephone: (415) 984-6400 |
|   | Facsimile: (415) 984-2698 |
| 4 | Email: Raoul.Kennedy@skadden.com |
| 5 | JAMES R. CARROLL (*PRO HAC VICE*) |
|   | DAVID S. CLANCY (*PRO HAC VICE*) |
| 6 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|   | One Beacon Street, 31st Floor |
| 7 | Boston, Massachusetts 02108 |
|   | Telephone: (617) 573-4800 |
| 8 | Facsimile: (617) 573-4822 |
|   | Email: James.Carroll@skadden.com |
| 9 | Email: David.Clancy@skadden.com |
| 10 | Attorneys for Defendant |
|    | CONSECO LIFE INSURANCE COMPANY |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CONSECO LIFE INSURANCE COMPANY LIFETREND INSURANCE SALES AND MARKETING LITIGATION | CASE NO.: M:10-CV-02124-SI <br><br> ALL CASES <br><br> **DECLARATION OF FRANK S. SCUGLIK IN SUPPORT OF CONSECO LIFE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (FIRST FILED ON JANUARY 29, 2010 IN THE RELATED <u>BRADY</u> MATTER)** <br><br> Date: June 4, 2010 <br> Time: 9:00 a.m. <br> Place: Courtroom 10 <br> Judge: The Honorable Susan Illston |

DECLARATION OF FRANK S. SCUGLIK                                                       CASE NO.: M:10-CV-02124-SI

RAOUL D. KENNEDY (STATE BAR NO. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: Raoul.Kennedy@skadden.com

JAMES R. CARROLL (*PRO HAC VICE*)
DAVID S. CLANCY (*PRO HAC VICE*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Beacon Street, 31st Floor
Boston, Massachusetts 02108
Telephone: (617) 573-4800
Facsimile: (617) 573-4822
Email: James.Carroll@skadden.com
Email: David.Clancy@skadden.com

Attorneys for Defendant
CONSECO LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CEDRIC BRADY, DR. CHARLES HOVDEN, MARION HOVDEN, DR. EUGENE KREPS, DR. JOHN McNAMARA, DR. HISAJI SAKAI, and JEAN SAKAI, Individually and On Behalf Of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>CONSECO, INC. and CONSECO LIFE INSURANCE COMPANY,<br><br>        Defendants. | CASE NO.: 3:08-CV-05746-SI<br><br>**DECLARATION OF FRANK S. SCUGLIK IN SUPPORT OF CONSECO LIFE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: March 5, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 10<br>Judge: The Honorable Susan Illston |

DECLARATION OF FRANK S. SCUGLIK                              CASE NO.: 3:08-CV-05746-SI

I, Frank S. Scuglik, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am the manager of the Legal Interface Department for Conseco Services, LLC and I submit this declaration in support of Conseco Life Insurance Company's ("Conseco" or the "Company") opposition to Plaintiffs' Motion for Class Certification.

### The Policies At Issue

2. This lawsuit relates to certain "Lifetrend" life insurance policies originally issued by Massachusetts General Life Insurance Company and Philadelphia Life Insurance Company, and now administered by Conseco.

3. The policies at issue are Lifetrend "3" and Lifetrend "4" policies, which were offered for sale in the 1980s into the 1990s. They were sold to policyholders through independent agents and agencies, not through employees of Conseco or its predecessors Massachusetts General or Philadelphia Life.

4. As shown in the chart below, Lifetrend 3 and Lifetrend 4 were issued in "series": the 1987 series, the 1993 series and the 1995 series. Massachusetts General and Philadelphia Life issued the policies on their own policy "forms," and there were different policy forms for each series, as well. (The chart also includes reference to product information that was associated with each policy iteration and provided to agents and prospective agents.)

**LIFETREND 3 & 4 POLICIES**

| Series | Issued By Massachusetts General | Issued By Philadelphia Life |
|---|---|---|
| 1987 | Form NP-WL-86 (Lifetrend 3)<br>• Form (Ex. 1.)<br>• Product Information (Ex. 2.) | Form LA 0078 (Lifetrend 3)<br>• Form (Ex. 3.)<br>• Product Information (Ex. 4.) |
|  | Form NP-END-86 (Lifetrend 4)<br>• Form (Ex. 5.)<br>• Product Information (Ex. 6.) | Form LA 0080 (Lifetrend 4)<br>• Form (Ex. 7.)<br>• Product Information (Ex. 4.) |
| 1993 | Form NP-WL-92 (Lifetrend 4)<br>• Form (Ex. 8.)<br>• Product Information (Ex. 9.) | Form NP-WL-92 (Lifetrend 4)<br>• Form (Ex. 10.)<br>• Product Information (Ex. 11.) |
| 1995 | Form NP-WL-94 (Lifetrend 4)<br>• Form (Ex. 12.)<br>• Product Information (Ex. 13.) | Form NP-WL-94 (Lifetrend 4)<br>• Form (Ex. 14.)<br>• Product Information (Ex. 15.) |

5. All of the named plaintiffs had Lifetrend 4 1987 series policies issued by Massachusetts General Life.

**Operation Of The Policies At Issue**

6. Lifetrend 3 and Lifetrend 4 policies contain an "accumulation account." (Exhibit 16 (Cedric Brady's life insurance policy) ("Brady Policy") at 8.) The annual premium is deposited into this account, and a guaranteed minimum interest rate is applied to it. (Brady Policy at 8.) On a discretionary basis, the Company can apply a greater interest rate than the minimum in one or more years, depending on its own investment experience. (Brady Policy at 8.) To the extent the Company is imposing one or more contractually-permitted fees, those fees are deducted from the accumulation account, meaning that this account changes over time based upon the deduction of fees (if any), and the accumulation of interest (at a fluctuating rate).

7. The policies provide for a stated premium to be paid each year. (Brady Policy at 3.) However, there is an exception: under the policy's Optional Premium Payment provision ("OPP"), the policyholder may choose to cease paying premium after the fifth year of ownership, as long as then, and thereafter, the value of the fluctuating accumulation account is equal to or greater than the sum of three stated values. (Brady Policy at 9.) Those values are:

(a) The Guaranteed Cash Value, which increases over time and is shown in the policy. (Brady Policy at 4, 9.)

(b) The surrender charge, which decreases over time and is also shown in the policy. (Brady Policy at 5, 9.)

(c) The amount of any outstanding loan taken by the policyholder. (Brady Policy at 7, 8.)

8. Where the accumulation account value is below the sum of these values the policy is informally referred to as "underfunded," or "in shortfall." Each year, policyholders received annual benefit statements accurately showing the value of their accumulation account. (Exhibit 17 (Statement for Cedric Brady for December 15, 1997 through December 16, 1998).)

9. During the 1990s and 2000s, many policyholders entered OPP mode, but, over time, their policies became underfunded. That is true of the named Plaintiffs here. This happened for reasons that depended on the policyholder. For example, Brady's underfunding was attributable in large part to a significant loan he chose to take from his policy, which he still has not paid back. (Exhibit 18 (Cedric Brady's 2008 annual statement, showing a loan of approximately $38,000).)

### The Suspended October 2008 Letter

10. In late 2008, Conseco sent a letter to certain Lifetrend 3 and 4 policyholders stating, among other things, that their policies were underfunded, and that Conseco would be imposing

-4-

certain contractually-permitted fees on a going-forward basis. (Exhibit 19 (October 7, 2008 letter sent to Cedric Brady).)

11. That letter established a set of policies and procedures for addressing this underfunding. However, shortly thereafter, Conseco informed policyholders that they should disregard the October 2008 letter and all subsequent letters, in light of ongoing discussion between Conseco and state regulators. (Exhibit 20 (December 19, 2008 letter sent to Cedric Brady).) Those discussions are presently continuing.

12. If Conseco had proceeded with the proposals set forth in the October 2008 letter, rather than suspending them, the situation would be as follows:

(a) If a policyholder had opted to pay no further premiums, his policy would have remained in force -- with death benefit fully available -- until the accumulation account value was no longer able to support the monthly fees (see below for a description of these fees). In that scenario, how long a policy would remain in force would have depended on the person. In Brady's case, for example, the October 2008 letter projected his policy remaining in force for eleven years with current assumptions, if he had chosen to pay no additional premium whatsoever. (See Ex. 19 at CLIC 0002515.) Further, under the October 2008 letter, the policyholder could always avoid that future lapse by making, beforehand, a modest premium payment sufficient to cover the next year's fees. (This "enhanced continuation of insurance" arrangement was a significant new benefit to policyholders. Under the policy itself, absent eligibility for OPP, a failure to pay the required annual premium meant the policy would be placed in a "continuation of insurance" status under which the policyholder was not permitted to make further premium payments, exposing the policyholder to the possibility of a policy lapse that he or she could not control. (Brady Policy at 9.) Also, in that situation, a surrender charge would have immediately been subtracted from the accumulation account. (Brady Policy at 9.) Under the October 2008 letter, those limitations were removed.

(b) As to fees, two fees would have been imposed on a going-forward basis: a "cost of insurance" fee, and an "expense" fee.[1] Conseco had made the discretionary decision not to charge these fees for many years in many cases (benefiting policyholders), but the policies expressly permit both fees to be charged, within certain parameters (for example, there is a monthly $5 maximum charge for the expense fee for the Lifetrend 4 1987 series, and contractually-specified maximum rate for calculation of the cost of insurance fee). (Brady Policy at 5, 10-11.) Neither fee would have exceeded those parameters.

### Policy Surrenders Subsequent to the October 2008 Letter

13. Since issuance of the October 2008 letter, approximately 21% of Lifetrend 3 and 4 policyholders surrendered their policies. These individuals received the cash surrender value of those policies.

14. Depending on the timing of the surrender, some policyholders were asked to sign a form acknowledging, among other things, their awareness of the pending regulatory proceedings.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Carmel, Indiana.

Dated: January 29, 2010        By: _____
                                    Frank S. Scuglik

---

[1] The policies also involve a "per unit" expense fee, which I do not understand Plaintiffs to be challenging.

-6-

DECLARATION OF FRANK S. SCUGLIK                         CASE NO.: 3:08-CV-05746-SI