IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONSECO LIFE INSURANCE COMPANY LIFETREND INSURANCE MARKETING AND SALES PRACTICES LITIGATION _____ / | No. C 10-2124 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO POSTPONE DEPOSITIONS**<br><br>**(Docket No. 36)** |

      Plaintiffs have filed a request for an order postponing two depositions of two non-party life insurance brokers, Lonnie Poole and Harry Winsten, from whom plaintiffs purchased some of the life insurance policies at issue in this case. According to plaintiffs, Conseco notified plaintiffs on May 13, 2010, the day before plaintiffs filed this request, that it wished to schedule the depositions for May 21 and May 25 so that both depositions could occur prior to the hearing on plaintiffs' motion for class certification. Conseco initially noticed the depositions in March to occur in mid-April, but the depositions did not go forward on the April dates.

      Plaintiffs seek to postpone the depositions on three grounds: (1) that Conseco has not produced relevant electronic documents ("e-discovery") which plaintiffs require in order to prepare to examine the deponents; (2) that Conseco is seeking to gain a tactical advantage by scheduling the depositions so late; and (3) that the depositions are not likely to elicit information relevant to class certification, given that plaintiffs' certification request is focused on Conseco's standard form insurance policies, not the manner in which the policies were sold by independent brokers. Plaintiffs ask the Court to postpone the depositions until such time as Conseco has produced the requested e-discovery.

      Conseco counters each of plaintiffs' contentions as follows. With respect to e-discovery, Conseco states that the parties are still in the process of negotiating a protocol for recovery and

production of electronic documents. Conseco notes that plaintiffs have not taken the position that e-discovery must be completed to enable them to prepare for the deposition of any other witness, including party witnesses. With respect to plaintiffs' "tactical advantage" argument, Conseco points out that it attempted to schedule the depositions prior to the date its opposition to the class certification motion was due, and that the delay actually harms Conseco as much as it harms plaintiffs. Finally, with respect to the relevance of the information sought, Conseco asserts that because no standardized document supports plaintiffs' expectation that their premiums would "vanish," Conseco needs to depose the agents to determine whether the expectation of vanishing premiums is instead based upon "inherently idiosyncratic alleged representations from these agents."

The Court agrees with Conseco that plaintiffs have not shown good cause for postponing the depositions. In the Court's view, the information Conseco seeks to elicit from the agents is highly relevant to class certification. The Court does not believe that Conseco will obtain any tactical advantage from the late depositions; rather, the Court agrees with Conseco that the timing of the depositions harms both parties equally, and believes that permitting the depositions to go forward will at least provide the parties the opportunity to seek permission from the Court to make supplemental submissions. Additionally, plaintiffs have failed to adequately explain why further e-discovery is needed to enable them to prepare for the depositions.

Plaintiffs' motion to postpone the depositions of Mr. Poole and Mr. Winsten is therefore DENIED.

**IT IS SO ORDERED.**

Dated: May 28, 2010

SUSAN ILLSTON
United States District Judge

2