1  Joseph J. Tabacco, Jr. (SBN 75484)
   Christopher T. Heffelfinger (SBN 118058)
2  Bing Ryan (SBN 228641)
   **BERMAN DEVALERIO**
3  One California Street, Suite 900
   San Francisco, CA  94111
4  Telephone: (415) 433-3200
   Facsimile:  (415) 433-6282
5  Email: jtabacco@bermandevalerio.com
           cheffelfinger@bermandevalerio.com
6          bryan@bermandevalerio.com

7  David J. Millstein (SBN 87878)
   **MILLSTEIN & ASSOCIATES**
8  100 The Embarcadero, Suite 200
   San Francisco, CA 94104
9  Telephone: (415) 348-0348
   Facsimile: (415) 348-0336
10 Email: dmillstein@millstein-law.com

11 [Additional Counsel On Signature Page]

12 *Attorneys for Plaintiffs*

13                **UNITED STATES DISTRICT COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15                                    )
   IN RE CONSECO LIFE INSURANCE       )   MDL Docket No. 10-MD-2124-SI
16 COMPANY LIFETREND INSURANCE        )
   SALES AND MARKETING LITIGATION     )   **NOTICE OF MOTION AND MOTION**
17                                    )   **FOR APPROVAL OF PRE-CLASS**
                                      )   **CERTIFICATION FORM OF NOTICE**
18 This Document Relates To:          )   **AND TURNOVER OF MAILING**
                                      )   **INFORMATION FOR PUTATIVE CLASS**
19 *Brady v. Conseco Inc.*, No. 3:08-CV-5746-SI  )   **MEMBERS**
                                      )
20                                    )   Date:   August 13, 2010
                                      )   Time:  9:00 a.m.
21                                    )   Judge: Courtroom 10, 19th Floor
                                      )          Hon. Susan Illston
22                                    )

23

24

25

26

27

28

[10-MD-2124-SI] NOTICE OF MOT. & MOT. FOR APPROVAL OF NOTICE

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on August 13, 2010, at 9:00 a.m., before the Honorable Susan Illston, United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom 10, 19th Floor, San Francisco, California, 94102, or on such other date as may be set by the Court, Plaintiffs[1] will move for an order approving Plaintiffs' pre-class certification form of notice (the "Proposed Notice," filed concurrently herewith) and directing Defendant Conseco Life Insurance Company ("Defendant" or "Conseco") to turn over to Plaintiffs' agent the mailing information for putative class members.  This Motion is based upon the memorandum set forth below, the declaration of  Christopher T. Heffelfinger in support hereof, the proposed order, and upon the pleadings and records in this case and such other written and oral arguments as may be presented to the Court.

**I.     BACKGROUND INFORMATION**

On May 28, 2010, Conseco reached a provisional settlement agreement with various state insurance commissioners (the "Regulatory Settlement"), which became effective in June 2010.  On July 2, 2010, the Court held a hearing on Plaintiffs' Joint Motion for Class Certification.  During the hearing, the Court directed Plaintiffs to submit a new motion for class certification, no later than Wednesday, July 7, 2010, to take into account the impact of the Regulatory Settlement.  Conseco was ordered to submit its opposition to the new motion for class certification no later than July 21, 2010.

During the colloquy over the amended class certification motion, counsel for Plaintiffs indicated that Plaintiffs were considering the possibility of filing a motion to enjoin Conseco from sending requests for releases to policyholders until after the class certification motion had been ruled upon.  Plaintiffs have decided not to file such a motion at this time and are filing this Motion instead.

---

[1] Plaintiffs filing this motion are Cedric Brady, Charles Hovden, Marion Hovden, Eugene Kreps, John McNamara, and Hisaji Sakai, each of whom is a plaintiff in the action *Brady v. Conseco Inc.,* No. 3:08-CV-5746 (N.D. Cal.), and Bill W. McFarland, who is the plaintiff in the action *McFarland v. Conseco Life Ins. Co.,* No. 3:-09-CV-598 (M.D. Fla.) (collectively, "Plaintiffs").

1      The Regulatory Settlement requires Conseco to notify LifeTrend policyholders of their rights

2  and options under the settlement.  To take advantage of some of those options, a policyholder would

3  have to execute a release in favor of Conseco.  Conseco's notice will include the release forms.

4  Conseco's notice briefly mentions that there is a class action pending and that the Court has not yet

5  approved or certified a class action.  Conseco's notice advises that if the policyholder has any

6  questions related to any item in the letter, the policyholder should contact Conseco at a designated

7  hotline telephone number.  During the hearing, Conseco indicated that it was likely to send out the

8  notice of the Regulatory Settlement in mid-July.

9      Due to the imminent mass mailing of Conseco's notice, Plaintiffs also are filing, concurrently

10 with this motion, a motion requesting a shortened briefing schedule and accelerated hearing date

11 concerning the issue discussed in this Motion.

12 **II.    INTRODUCTION**

13     According to Conseco, its notice of the Regulatory Settlement will be distributed to

14 thousands of policyholders, including the putative class members of this action, within the next few

15 weeks.  However, the Regulatory Settlement does not represent all the potential options available to

16 the putative class members in this action.  Because the Regulatory Settlement will allow Conseco to

17 proceed with changes to the administration of the LifeTrend 3 and 4 policies that many policyholders

18 would find objectionable, a large number of putative class members may prefer to participate in this

19 litigation and forego the optional benefits being offered by Conseco.  To protect the interests of

20 putative class members and their ability to make informed choices, Plaintiffs request that the Court

21 approve the Proposed Notice, which Plaintiffs would arrange to distribute to putative class members

22 at the same time that Conseco distributes its notice of the Regulatory Settlement.

23     Plaintiffs are not asking Conseco to delay its notice, to include the Proposed Notice with

24 Conseco's notice, or to pay for the Proposed Notice.  However, Plaintiffs do request that the Court

25 direct Conseco to supply the necessary names and addresses of putative class members to Plaintiffs'

26 agent.

27     Plaintiffs' Proposed Notice would inform putative class members that: (1) there is a putative

28 class action pending against Conseco in the Northern District of California; (2) Plaintiffs allege that

1   Conseco is implementing uniform and systematic changes to the LifeTrend policies that are

2   inconsistent with the language contained in the policies (as described in the Proposed Notice); (3) the

3   Court has not yet ruled on Plaintiffs' motion to certify the class; (4) signing a release could have the

4   effect of preventing the putative class members from participating in this litigation; and (5) any

5   policyholder who is interested in obtaining more information about this case can check a specific

6   website or contact a claims administrator.

7          Courts have consistently permitted pre-class certification communications such as the

8   Proposed Notice, especially when the communications are not deceptive or coercive and are aimed at

9   protecting the best interests of the putative class members and balancing the interests of the parties in

10  the litigation.  Courts have also routinely allowed discovery of the identity and contact information

11  of potential class members when such disclosure would not seriously invade the privacy interests of

12  the putative class members.  Because Plaintiffs only request Defendant to provide the mailing

13  information for the putative class members to an independent claims administrator (to be chosen by

14  Plaintiffs), any invasion of the privacy interests of putative class members would be negligible.

15  Therefore, the Court should approve Plaintiffs' Proposed Notice and the turnover of the mailing

16  information of the putative class members.

17  **III.     ARGUMENT**

18              **A.  This Court Should Approve Plaintiffs' Notice to Allow the Putative Class
                    Members to Weigh Their Options and Make Informed Choices**

19

20          The Supreme Court has stated that any order limiting pre-certification "communications

21  between parties and potential class members should be based on a clear record and specific findings

22  that reflect a weighing of the need for a limitation and the potential interference with the rights of the

23  parties."  *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 (1981) (affirming reversal of district

24  court order severely restricting communications by named plaintiffs and their counsel with class

25  members because the district court "made neither factual findings nor legal arguments supporting the

26  need for this sweeping restraint order").  "[S]uch a weighing -- identifying the potential abuses being

27  addressed -- should result in a carefully drawn order that limits speech as little as possible, consistent

28  with the rights of the parties under the circumstances."  *Id.* at 102.  *See also In re M.L. Stern*

1    *Overtime Litig.*, 250 F.R.D. 492, 496 (S.D. Cal. 2008) (the court may limit communications between

2    litigants and putative class members only "subject to restrictions mandated by the First

3    Amendment").

4        Furthermore, "[t]he mere possibility of abuses is insufficient to support a ban on

5    communications." *Payne v. Goodyear Tire & Rubber Co.*, 207 F.R.D. 16, 19 (D. Mass. 2002)

6    (citation omitted) (internal quotation marks omitted). Indeed, courts have routinely recognized that

7    the party seeking to block the communications must present an evidentiary showing of actual or

8    threatened abuse by the party sought to be restrained. *Cox Nuclear Med. v. Gold Cup Coffee Servs.,*

9    *Inc.*, 214 F.R.D. 696, 697-98 (S.D. Ala. 2003). Two kinds of proof are required. *Id*. First, the party

10   seeking to block the communications must show that "a particular form of communication has

11   occurred or is threatened to occur." *Id*. at 697. Second, the party seeking to block the

12   communication must show that the "particular form of communication at issue is abusive in that it

13   threatens the proper functioning of the litigation." *Id*. at 697-98 Specifically, abusive practices that

14   have been considered sufficient to warrant a protective order include communications that coerce

15   prospective class members, communications that contain false, misleading or confusing statements

16   about the case, and communications that undermine class members' cooperation with or confidence

17   in putative class counsel. *Id*. at 698.

18       Applying these legal standards to this case, this Court should approve the Proposed Notice

19   because it provides necessary and accurate information to the putative class members concerning

20   their potential options and allows Plaintiffs to describe their positions. While the Proposed Notice

21   informs the potential class members about the current status of this litigation and makes them aware

22   of the litigation as an alternative option to signing the release provided by Conseco, it does not

23   contain any coercive language and the prospective class members are free to make their own

24   choices.

25       Nor would the Proposed Notice contain any false or misleading information. Plaintiffs'

26   Proposed Notice would recite Plaintiffs' allegations, but it also would note that the allegations are

27   unproven and that the Court has not ruled on any of Plaintiffs' claims or their request for class

28   certification. Furthermore, the Proposed Notice would have the effect of clarifying a situation that

1   many policyholders are likely to regard as highly confusing if they receive Conseco's notice without

2   also receiving Plaintiffs' Proposed Notice.

3          Defendant's notice alone is problematic because Defendant advises policyholders that if they

4   have any questions about the Regulatory Settlement, they should contact Conseco's hotline.  Courts

5   have found this type of notice objectionable, and in particular have found verbal, as opposed to

6   written, solicitations from the defendant to putative class members to be improper.  *See, e.g.*, *In re*

7   *McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1245 (N.D. Cal. 2000) (finding that

8   communications from the defendant to the putative class can be misleading if they do not identify

9   the court-appointed lead plaintiff and counsel or the procedures that safeguard the appropriateness of

10  class certification, or if the communications provide an inadequate disclosure of the comparative

11  costs and benefits of participating in a class action); *Bublitz v. E.I. duPont de Nemours & Co.*, 196

12  F.R.D. 545, 549 (S.D. Iowa 2000) (finding that "[i]n-person solicitations pose a particular threat of

13  coercion" and emphasizing that the defendant's communications with putative class members must

14  be in writing, so that plaintiffs' counsel "will be in a position to analyze whatever communication is

15  made by Defendants").

16         Here, Plaintiffs' Proposed Notice does not advise putative class members to contact

17  plaintiffs' counsel; rather, the Proposed Notice would provide the contact information of an

18  independent claims administrator and a website address for any potential class members who might

19  be interested in obtaining more information concerning this litigation.  The need for a neutral party

20  to answer putative class members' questions is particularly great where, as here, class members have

21  an ongoing relationship with the defendant, which creates an inherent risk of coercion in any

22  communications from the defendant to the potential class.  *See, e.g.*, *Kleiner v. First Nat'l Bank of*

23  *Atlanta*, 751 F.2d 1193, 1202-03 (11th Cir. 1985) (finding that in a class consisting of bank

24  borrowers, many of whom were dependent on the bank for future financing, "[u]nsupervised,

25  unilateral communications with the plaintiff class sabotage the goal of informed consent," and

26  therefore must be restricted).

27         Plaintiffs' Proposed Notice is necessary to balance the interests of the parties in this action.

28  Conseco's mass mailing of its notice of the Regulatory Settlement may cause a large number of

1   potential class members to execute releases.  In order to be adequately informed, members of the

2   putative class should be notified that it is the view of Plaintiffs in this litigation that the Regulatory

3   Settlement does not provide adequate compensation to putative class members, and Plaintiffs intend

4   to vigorously pursue this action despite the Regulatory Settlement.  Without Plaintiffs' Proposed

5   Notice, putative class members will be deprived of information that is essential to their ability to

6   make informed decisions.

7                    **B.   This Court Should Order Defendant to Provide Mailing Information for
                          the Putative Class Members to an Independent Claims Administrator**
8

9          In addition to seeking approval of the Proposed Notice, Plaintiffs also ask this Court to order

10   Conseco to provide the mailing information relating to the mass mailing of the notice of the

11   Regulatory Settlement to an independent claims administrator chosen by Plaintiffs.

12          It is well-settled that the disclosure of names, addresses, and telephone numbers of putative

13   class members is a common practice in the pre-certification class action context.  *Khalilpour v.*

14   *CELLCO P'ship*, No. C 09-02712 CW (MEJ), 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010);

15   *Salazar v. Avis Budget Grp., Inc.*, No. 07cv64-IEG (WMc), 2007 WL 2990281, at **1-2 (S.D. Cal.

16   Oct. 10, 2007); *see also Babbitt v. Albertson's, Inc.*, No. C-92-1883 SBA (PJH), 1992 WL 605652,

17   at *6 (N.D. Cal. Nov. 30, 1992) (at pre-certification stage of Title VII class action, defendant

18   employer ordered to disclose names, addresses, telephone numbers and social security numbers of

19   current and past employees); *Upshaw v. Ga. Catalog Sales, Inc.*, 206 F.R.D. 694, 702 (M.D. Ga.

20   2002) (in class action under RICO and state usury law, lender ordered to provide class list that

21   included names, last known addresses, telephone numbers and social security numbers).

22          In determining whether to permit disclosure of putative class members' contact information,

23   courts must balance the plaintiff's need for disclosure against the right of privacy asserted. *McArdle*

24   *v. AT&T Mobility LLC*, No. C 09-1117 CW (MEJ), 2010 WL 1532334, at *2 (N.D. Cal. Apr. 16,

25   2010).  To conduct this evaluation, courts consider the following factors:  (1) whether the individual

26   claiming the privacy right has a legally protected interest; (2) whether the individual has a reasonable

27   expectation of privacy under the particular circumstances, including the customs, practices and

28

1  physical settings surrounding particular activities; and (3) whether the invasion of privacy is serious

2  rather than trivial.  *Id*., at **3-5.

3        In *McArdle*, the plaintiff consumer sought, at the pre-certification stage, the contact

4  information of all the defendant companies' California customers, *i.e*., the putative class members,

5  who incurred allegedly inappropriate charges. *Id*., at *1.  Magistrate Judge Maria-Elena James from

6  this District applied the balancing test and found that the plaintiff's need for the contact information

7  of the potential class members outweighed the privacy concerns asserted by the defendants.  *Id*., at

8  **3-5.  While the court noted that the defendant companies' customers had a legally protected

9  privacy interest, it observed that the customers likely would not have a reasonable expectation that

10  their contact information would be kept private after they voluntarily disclosed such information to

11  the defendant companies in the hope of obtaining some form of relief.  *Id*., at *3.  The court further

12  stated that these customers might reasonably expect or even hope that their contact information

13  would be given to a class action plaintiff.  *Id.*  As for the nature and potential impact of the alleged

14  privacy invasion, the court found no serious invasion when the information was already disclosed to

15  the defendants, would only be disclosed to the named plaintiff and his counsel, and the disclosure

16  did not involve revelation of personal secrets or intimate activities.  *Id*., at **3-4.

17        Of course, Plaintiffs reserve all rights with respect to discovery, but for the purpose of this

18  Motion, the privacy rights of putative class members will be protected because contact information

19  will be provided only to an independent claims administrator.  As in *McArdle*, the identity and

20  contact information of the putative class members here have already been disclosed to the state

21  regulators.  Also, Plaintiffs only request the mailing information, which under *McArdle* does not

22  reveal personal secrets or intimate information, such as personal finances or medical history.  *Id*.,

23  at *3.

24        Accordingly, the Court should order the disclosure of the requested information because

25  Plaintiffs' need for the information outweighs the privacy interests of the putative class members.

26

27

28

1  **IV.    CONCLUSION**

2      For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion for

3  approval of pre-class certification form of notice and for turnover of mailing information of the

4  putative class members to an independent claims administrator assigned by Plaintiffs.

5  DATED: July 7, 2010                                Respectfully submitted,

6                                                     **BERMAN DeVALERIO**

7                                                     By:  /s/ Christopher T. Heffelfinger

8                                                         Christopher T. Heffelfinger

9                                                     Joseph J. Tabacco, Jr.
10                                                    Christopher T. Heffelfinger
                                                      Bing Ryan
11                                                    One California Street, Suite 900
                                                      San Francisco, CA 94111
12                                                    Telephone: (415) 433-3200
                                                      Facsimile:  (415) 433-6282
13                                                    Email: jtabacco@bermandevalerio.com
                                                              cheffelfinger@bermandevalerio.com
14                                                            bryan@bermandevalerio.com

15                                                    **MILLSTEIN & ASSOCIATES**
                                                      David J. Millstein
16                                                    100 The Embarcadero, Suite 200
                                                      San Francisco, CA 94105
17                                                    Telephone: (415) 348-0348
                                                      Facsimile: (415) 348-0336
18                                                    Email: dmillstein@millstein-law.com

19                                                    **GILBERT LLP**
                                                      Scott D. Gilbert (Admitted *pro hac vice*)
20                                                    August J. Matteis, Jr. (Admitted *pro hac vice*)
                                                      Jonathan M. Cohen (Admitted *pro hac vice*)
21                                                    Kathleen Hale (Admitted *pro hac vice*)
                                                      1100 New York Avenue NW, Suite 700
22                                                    Washington, DC 20005
                                                      Telephone: (202) 772-2200
23                                                    Facsimile: (202) 772-3333
                                                      Email: gilberts@gotofirm.com
24                                                            matteisa@gotofirm.com
                                                              cohenj@gotofirm.com
25                                                            halek@gotofirm.com

26                                                    *Attorneys for Plaintiffs*

27

28