RAOUL D. KENNEDY (STATE BAR NO. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: Raoul.Kennedy@skadden.com

JAMES R. CARROLL (*PRO HAC VICE*)
DAVID S. CLANCY (*PRO HAC VICE*)
CHRISTOPHER A. LISY (*PRO HAC VICE*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Beacon Street, 31st Floor
Boston, Massachusetts 02108
Telephone: (617) 573-4800
Facsimile: (617) 573-4822
Email: James.Carroll@skadden.com
Email: David.Clancy@skadden.com
Email: Christopher.Lisy@skadden.com

Attorneys for Defendant
Conseco Life Insurance Company

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CONSECO LIFE INSURANCE COMPANY LIFETREND INSURANCE SALES AND MARKETING LITIGATION | CASE NO.: M:10-CV-02124-SI<br><br>ALL CASES<br><br>**CONSECO LIFE'S OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF PRE-CLASS CERTIFICATION FORM OF NOTICE AND TURNOVER OF MAILING INFORMATION FOR PUTATIVE CLASS MEMBERS**<br><br>Date: July 16, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 10<br>Judge: The Honorable Susan Illston |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.   THE REGULATORY NOTICE ACCURATELY DESCRIBES THE BENEFITS OF THE REGULATORY SETTLEMENT, AND IT ALREADY IDENTIFIES THIS ACTION; IT DOES NOT CREATE CAUSE FOR THE UNUSUAL RELIEF REQUESTED BY PLAINTIFFS .................................................................................................. 2

II.  PLAINTIFFS' PROPOSED PRE-CERTIFICATION NOTICE PLAN WOULD BE UNNECESSARY, CONFUSING AND PREJUDICIAL ....................................................... 4

   A.   If A Class Is Not Certified, Sending Plaintiffs' Notice Would Have Been A Prejudicial Mistake ........................................................................................... 4

   B.   Conseco Life Recognizes The Possibility That A Class Could Be Certified, But This Possibility Does Not Justify Pre-Certification Notice ..................................... 6

   C.   Plaintiffs' Proposed Notice Is Independently Improper ............................................. 8

III. PLAINTIFFS CITE NO AUTHORITY SUPPORTING THEIR UNREASONABLE PROPOSAL ................................................................................................................... 9

   A.   Plaintiffs Cite No Case In Which A Court Granted Plaintiffs' Request For Pre-Certification Notice .................................................................................................. 9

   B.   Plaintiffs' Cases For The Proposition That The Regulatory Notice Is "Problematic" Are Inapposite ................................................................................... 11

   C.   Plaintiffs' Privacy Cases Are Also Unsupportive Of Their Proposed Notice Campaign ................................................................................................................. 12

CONCLUSION ............................................................................................................................. 13

# TABLE OF AUTHORITIES

**CASE**                                                                                                                          **PAGE(S)**

Babbitt v. Albertson's Inc.,
    No. C-92-1883 SBA (PJH), 1992 WL 605652 (N.D. Cal. Nov. 30, 1992)..........................10, 12

Bird Hotel Corp. v. Super 8 Motels, Inc.,
    No. CIV 06-4073, 2007 WL 404703 (D.S.D. Feb. 1, 2007) .................................................13

Brown v. Blue Cross and Blue Shield of Michigan Inc.,
    167 F.R.D. 40 (E.D. Mich. 1996).......................................................................................... 5

Bublitz v. E.I. DuPont de Nemours & Co.,
    196 F.R.D 545 (S.D. Iowa 2000)....................................................................................10, 12

Cox Nuclear Med. v. Gold Cup Coffee Servs., Inc.,
    214 F.R.D. 696 (S.D. Ala. 2003) .........................................................................................10

Gulf Oil Co. v. Bernard,
    452 U.S. 89 (1981) ...............................................................................................................10

Kamm v. Cal. City Dev. Co.,
    509 F.2d 205 (9th Cir. 1975) ................................................................................................ 5

Khalilpour v. CELLCO P'ship Co.,
    No. C 09-02712 CW (MEJ), 2010 WL 1267749 (N.D. Cal. Apr. 1, 2010) .........................12

Kleiner v. First Nat'l Bank of Atlanta,
    751 F.2d 1193 (11th Cir. 1985)............................................................................................10

In re M.L. Stern Overtime Litig.,
    250 F.R.D. 492 (S.D. Cal. 2008)..........................................................................................10

McArdle v. AT&T Mobility LLC,
    No. C 09-1117 CW (MEJ), 2010 WL 1532334 (N.D. Cal. Apr. 16, 2010) ....................10, 12

In re McKesson HBOC, Inc. Sec. Litig.,
    126 F. Supp. 2d 1239 (N.D. Cal. 2000)...........................................................................10, 11

Oppenheimer Fund, Inc. v. Sanders,
    437 U.S. 340 (1978) .............................................................................................................13

Payne v. Goodyear Tire & Rubber Co.,
    207 F.R.D. 16 (D. Mass. 2002)............................................................................................10

Salazar v. Avis Budget Grp., Inc.,
    No. 07cv64-IEG (WMc), 2007 WL 2990281 (S.D. Cal. Oct. 10, 2007) ...........................10, 12

Upshaw v. Ga. Catalog Sales, Inc.,
    206 F.R.D. 694 (M.D. Ga. 2002) .....................................................................................10, 12

Westerfield v. Quizno's Franchise Co., LLC,
       2007 WL 1062200 (E.D. Wis. Apr. 6, 2007) ................................................................... 3, 4

**STATUTES**

Fed. R. Civ. P. 23 ........................................................................................................................ 7

# **PRELIMINARY STATEMENT**

Defendant Conseco Life Insurance Company ("Conseco Life") respectfully submits this opposition to Plaintiffs' Motion for Approval of Pre-Class Certification Form of Notice and Turnover of Mailing Information for Putative Class Members (Docket No. 70) ("Motion").

Plaintiffs' request for pre-certification class notice is impractical, inappropriate and legally unsupported.

Briefing on class certification will be complete this month, and Plaintiffs' proposed class will either be rejected or certified.

If the proposed class is rejected, any pre-certification notice will have added no value, and will have caused only confusion and prejudice to a Regulatory Settlement that is one year in the making, and which as of today is signed by <u>42</u> state insurance regulators (representing approximately 95% of the previously "underfunded" Lifetrend policyholders).  Making matters worse, a curative notice would likely need to be sent, informing policyholders that no class was certified  -- meaning that there would be <u>two</u> notices from this Court about a request for class certification that was <u>denied</u>.

If on the other hand the Court certifies a class, members will receive an ordinary-course class notice, duly negotiated and reviewed by the Court in a deliberate manner.  And those class members will by no means be "harmed" by the soon-to-be-sent notice of the Regulatory Settlement.  That notice -- again, approved by 42 regulators -- accurately describes the benefits of the Regulatory Settlement (Plaintiffs have not contended otherwise), and, as to this action (which was filed after the regulatory discussions began), discloses its existence, states that it may result in different relief, and advises policyholders to consult an attorney.

OPPOSITION TO PLAINTIFFS' MOTION  FOR PRE-CERTIFICATION NOTICE        CASE NO.: M:10-CV-02124-SI

In sum, there is no need for any pre-certification notice here, much less one as substantively flawed as that proposed by Plaintiffs -- which reads as an advocacy piece, rather than a simple statement of relevant facts. (Such a statement is already in the Regulatory Notice.)

Further, as shown herein, Plaintiffs' unusual request is legally unsupported. Plaintiffs cite no case in which a court authorized a notice of the kind suggested here, much less in analogous circumstances, e.g., where the class certification ruling is soon to be made, and where the notice to potential class members of which Plaintiffs complain was approved and ordered by regulators, and discloses the existence of the class action.

Plaintiffs' request should be denied.

**ARGUMENT**

**I.   THE REGULATORY NOTICE ACCURATELY DESCRIBES THE BENEFITS OF THE REGULATORY SETTLEMENT, AND IT ALREADY IDENTIFIES THIS ACTION; IT DOES NOT CREATE CAUSE FOR THE UNUSUAL RELIEF REQUESTED BY PLAINTIFFS**

To date, forty-two state insurance regulators have approved the soon-to-be-sent Regulatory Notice.[1] (Regulatory Settlement Agreement, Ex. E.1 (attached as Exhibit A to the accompanying Declaration of Christopher A. Lisy ("Lisy Decl.")).)

The Regulatory Notice accurately describes the substance of the Regulatory Settlement and its benefits. Plaintiffs have not contended otherwise.

It also, in plain English, discloses the existence of this action, states that it may result in other remedies than are provided under the Regulatory Settlement, states that election of

---

[1] The process of mailing the Regulatory Notice will commence on July 16, 2010; the mailings will be made on a rolling basis over the next two weeks.

2
OPPOSITION TO PLAINTIFFS' MOTION FOR PRE-CERTIFICATION NOTICE         CASE NO.: M:10-CV-02124-SI

the Regulatory Settlement optional benefits will bar participation in the class action, and suggests consultation with an attorney:

> **Important Notice**: It is important for you to be aware that if you agree to accept the options available to you under the Agreement, you will be required to waive your rights to individual legal action against the Company regarding your Lifetrend policy or be part of any class action remedies that may exist in the future.  At this time, there is a lawsuit pending entitled In Re Conseco Life Insurance Company Lifetrend Insurance Sales and Marketing Litigation, Case No. M:10-CV-02124-SI, in the United States District Court for the Northern District of California, San Francisco Division.  The Court has not approved or certified a class action as of the date of this Notice.  However, if this proposed class action is **approved and successful**, you may be offered other remedies than what is available through this Regulatory Settlement Agreement.
>
> If you have already started legal action related to your policy, please provide a copy of this letter to your attorney as soon as possible so that he or she might advise you concerning your options.  If you have not started legal action related to your policy, but feel you require legal advice on the consequences of this process, you should retain private counsel.

Id. (emphasis original).

In addition, the "Frequently Asked Questions" brochure that will be appended to the Regulatory Notice states:

> [Q:]   There is an outstanding Class Action Lawsuit for Lifetrend III, Lifetrend IV '87 Series, Lifetrend IV '93 series and Lifetrend IV '95 Series policyowners.  Is it better to accept this settlement or wait to see what happens with the Class Action?
>
> [A:]    We cannot assist you with this decision.  You should seek the advice of an attorney who can discuss your options with you.  Please refer to your Election Notice for more information regarding the outstanding Class Action Lawsuit.

"Lifetrend Settlement -- Frequently Asked Questions" Brochure, at 4 (attached as Exhibit B to the Lisy Decl.).

This content is precisely what courts expect to see in mailings from defendants to putative class members concerning potential releases. See, e.g., Westerfield v. Quizno's Franchise Co., LLC, 2007 WL 1062200, *3 (E.D. Wis. Apr. 6, 2007).  In Westerfield, the court denied the plaintiffs' effort to bar the defendant from soliciting a pre-certification release from putative class members.  Id. at *3.  The court stated, though, that any communications should

3

OPPOSITION TO PLAINTIFFS' MOTION FOR PRE-CERTIFICATION NOTICE            CASE NO.: M:10-CV-02124-SI

"alert the recipient (1) that presently pending before this court is an action by several Wisconsin franchisees against Quizno's that seeks class action status; (2) that signing the release may prevent the recipient from later joining this action if the class is certified; and (3) that the recipient may wish to consult with an attorney before signing the release. The notice must also provide the name of the instant action." Id.

The Regulatory Notice should be afforded particular deference here given that it was approved and ordered by nearly every state insurance regulator in the country (42 regulators have joined the settlement to date, and others may still do so). It is fair and appropriate, and does not create any cause for the unusual relief that Plaintiffs seek.

## II. PLAINTIFFS' PROPOSED PRE-CERTIFICATION NOTICE PLAN WOULD BE UNNECESSARY, CONFUSING AND PREJUDICIAL

Conseco Life understands the Court to have scheduled the hearing on Plaintiffs' renewed motion for class certification for August 6, 2010, which will decide the motion in one of two ways: either a class will be certified, or not.[2] In either situation, sending pre-certification notice as Plaintiffs propose would be unnecessary, confusing, and/or prejudicial to the affected Lifetrend policyholders and to Conseco Life.

### A. If A Class Is Not Certified, Sending Plaintiffs' Notice Would Have Been A Prejudicial Mistake

Conseco Life submits that no class can properly be certified here. The reasons will be fully developed in Conseco Life's forthcoming opposition to Plaintiffs' renewed motion for class certification (currently due July 21, 2010), but, in brief, they include the following:

---

[2] Plaintiffs disagree that a hearing on the class certification motion is scheduled for August 6, and believe that class certification could be decided by the Court even earlier, as soon as briefing on the motion is complete (currently, July 21). If true, that further supports Conseco Life's arguments that no pre-certification notice is necessary, as discussed herein.

4
OPPOSITION TO PLAINTIFFS' MOTION FOR PRE-CERTIFICATION NOTICE         CASE NO.: M:10-CV-02124-SI

       (i)      Conseco Life has reached the Regulatory Settlement with now 42 state insurance regulators on the subject matter of this lawsuit, which offers -- in those regulators' words -- "substantial benefits."  (Agreement ¶ 125.)  Relevant case law (already provided, and to be addressed in Conseco Life's class certification opposition) counsels this court not to certify a class in the face of that settlement.  See, e.g., Kamm v. Cal. City Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975); Brown v. Blue Cross and Blue Shield of Michigan Inc., 167 F.R.D. 40 (E.D. Mich. 1996).  Deferring in that manner does not deprive any policyholder of litigation rights: any policyholder who remains aggrieved will be free to pursue individual claims.  (Tellingly, only twelve policyholders have done so to date.)

       (ii)     Certification of a class threatens the Regulatory Settlement, in two ways.  First, it (and the associated notice) will result in policyholders -- advertently, inadvertently or due to confusion -- failing to avail themselves of the benefits of the Regulatory Settlement.  Second, it will give Conseco Life the option to exclude the members of the certified class from the Regulatory Settlement:

> Conseco Life may elect to exclude a Lifetrend Policyowner from the CAP if . . . the Lifetrend Policyowner has a pending litigation against the Company.

(Regulatory Settlement Agreement ¶ 53.)  This provision encompasses members of a certified class, and, if a class is certified, it could result in the effective dissolution of the Regulatory Settlement and its substantial, concrete, currently available benefits -- in favor of a lawsuit that Conseco Life believes is meritless, and that may result in no damages or other relief whatsoever.  But the provision is fair and appropriate:  Conseco should not have to provide regulatory settlement benefits, only to be sued by the same group that is enjoying those benefits.[3]

---

[3] Paragraph 54 of the Agreement provides that Conseco Life may not exclude policyholders "on the basis of membership in a purported class in any class action lawsuit pending against

*(cont'd)*

5

(iii)   Plaintiffs' class certification motion is otherwise flawed. For example, as explained at the July 2 hearing, three of the named plaintiffs signed letters reflecting the very <u>same</u> interpretation of the "guaranteed cash value" provision of the Lifetrend policy that Plaintiffs now prominently contest. Individualized issues will therefore predominate, an <u>independent</u> basis for denial of class certification, which combines with the existence of the Regulatory Settlement to form an unusually powerful basis for denial of class certification.

If for one or all of these reasons the Court does <u>not</u> certify a class (the result Conseco Life believes is clearly appropriate), any pre-certification notice would clearly have been unnecessary, and a significant mistake. Further, a curative notice would likely need to be sent informing policyholders that the proposed class was not certified. This would result in policyholders being bombarded with at least <u>three</u> separate notices, <u>two</u> of which relate to a class that was never certified.

### B.   Conseco Life Recognizes The Possibility That A Class Could Be Certified, But This Possibility Does Not Justify Pre-Certification Notice

Conseco Life recognizes that the Court could instead certify a class, but that possibility does not justify pre-certification notice.

The Regulatory Notice identifies this action, states that it may result in "other remedies," states that electing the optional benefits of the Regulatory Settlement will bar participation in the class action, and suggests consultation with an attorney. With that disclosure, policyholders will have 60 days to consider their options and decide whether to elect into the

---

*(cont'd from previous page)*
the Company," but, by its terms, that provision is inapplicable once a class is certified and is no longer "purported." (Regulatory Settlement Agreement ¶ 54 (emphasis added).)

(This clarifies the discussion on this issue at the July 2, 2010 hearing, when paragraphs 53 and 54 of the Regulatory Settlement Agreement were raised by the Court.)

OPPOSITION TO PLAINTIFFS' MOTION FOR PRE-CERTIFICATION NOTICE          CASE NO.: M:10-CV-02124-SI

settlement. (See Regulatory Settlement Agreement, Exhibit E.1.) Some policyholders will exercise their option to release Conseco Life, but if they do, they will have done so voluntarily, with full knowledge of this action.

Further, briefing on the class certification motion will be complete in July, and the Court may rule on class certification soon. (Plaintiffs certainly think so: yesterday they denied Conseco Life's request for a one-week extension on the July 21 deadline for Conseco Life's class certification opposition, on the basis that this could delay the Court's class certification ruling.) If the Court chooses to certify a class, therefore, ordinary-course class notice pursuant to Rule 23 of the Federal Rules of Civil Procedure may well be sent in August, during policyholders' 60-day window to elect into the Regulatory Settlement.

Moreover, any form of notice from Plaintiffs should come after class certification has been fully briefed. This approach is consistent with the Court's establishing a schedule to permit just that -- i.e., briefing and a hearing to permit the Court to fully understand the developing, complex class certification issues with all deliberate speed, before doing anything inconsistent with or potentially harmful to the Regulatory Settlement.[4]

The fact that Plaintiffs have substantially broadened their proposed class definition is one illustration of why notice should await full development of the issues. Under

---

[4] Plaintiffs contend that their proposed notice is necessary to "balance the interests" of the parties in this action and that, without it, putative class members will be "deprived of information that is essential to their ability to make informed decisions." (Motion at 5-6.) That argument is especially unavailing given Plaintiffs' continual morphing of their case theory. As explained in Conseco Life's previously-filed opposition to Plaintiffs' first joint motion for class certification, Plaintiffs asserted one theory in their complaint (belated underfunding), another in their class certification motion (improper calculation of guaranteed cash values) and a third in their depositions (oral misrepresentations about premium payments). (See Docket No. 25, at 3-5.) And as discussed herein, Plaintiffs have just rewritten their proposed class definition. Conseco Life could not be expected to hit those moving targets in the Regulatory Notice.

7

OPPOSITION TO PLAINTIFFS' MOTION FOR PRE-CERTIFICATION NOTICE        CASE NO.: M:10-CV-02124-SI

the previous class definition, Plaintiffs were seeking to represent Lifetrend policyholders who had actually been sent the October 2008 Letter from Conseco Life (a finite universe of individuals).  (See Joint Motion for Class Certification filed March 13, 2010 (Docket No. 15), at 5.)  Now, however, Plaintiffs wish to include not only those policyholders, but also any other Lifetrend policyholder who might <u>ever</u> receive a notice that their annual premium is due (if the policyholder formerly elected the "OPP" option), or that the fees on their policy might increase.  (See Amended Motion for Class Certification filed July 7, 2010 (Docket No. 76) at 3.)  That is a much larger -- and far more nebulous -- group of people.  While Conseco Life understood from the July 2, 2010 hearing that Plaintiffs were to clarify their posture with respect to class certification, Conseco Life did not understand that to be a license to considerably broaden their proposed class -- and Conseco Life strongly disagrees with Plaintiffs' attempt to do so now, at this late stage of the class certification proceedings.  This issue -- among the many others relevant to class certification -- should be briefed and resolved before any form of class notice is sent.

    **C.**    <u>**Plaintiffs' Proposed Notice Is Independently Improper**</u>

Aside from being an ill-conceived idea, the execution of the proposed pre-certification notice is flawed.  It is, simply put, an advocacy piece that is both coercive and misleading and is designed to persuade policyholders to reject the Regulatory Settlement.  By way of example only, the following independent provisions of the proposed notice are objectionable:

- The proposed notice states that "Conseco announced that, under a settlement agreement it has reached with various state insurance regulators (the "Regulatory Settlement"), Conseco has modified its planned administrative changes."  (Docket No. 71 at 4.)  While facially true, this fails to mention that the Regulatory Settlement is in fact an <u>order</u> prescribing a number of terms and conditions that Conseco Life is compelled to follow, and that (to date) <u>42</u> regulators have endorsed this order.  As written here and elsewhere, Plaintiffs' proposed notice conveys the impression that Conseco Life is following its course of conduct voluntarily.

- The proposed notice sets out in bullet format five separate, detailed paragraphs containing Plaintiffs' allegations. By contrast, the fact that Conseco Life disputes Plaintiffs' allegations is afforded one sentence. This lack of balance is objectively misleading and unfair.

- The proposed notice sets out a list of documents that Plaintiffs will host for viewing on a website. Insufficient regard is given to documents filed by Conseco Life (<u>e.g.</u>, Plaintiffs anticipate including complaints, but not Conseco Life's answers or motion to dismiss). Again, Plaintiffs' one-sided presentation is misleading.

This impropriety stretches beyond mere phraseology. The entire point of the notice is to coerce policyholders into rejecting the terms of the Regulatory Settlement in favor of remaining in the class. That is improper.

Moreover, it is clear that Plaintiffs have given no thought to the <u>details</u> of their proposed notice. For example, they wish to hire a third party to administer a phone bank for policyholders who have questions about the class action, but they have provided no information as to what the administrator would say about this lawsuit or the claims and defenses of the parties, or who would be involved in providing that content to the administrator. (Similarly, they have not explained who would select the documents to be maintained on the administrator's website.) Nor do Plaintiffs address how this phone bank would co-exist with the 1-800 hotline that Conseco Life is required to establish under the Regulatory Settlement Agreement. These details are anything but minor, and without a well-crafted plan, even more confusion will result.

### III. PLAINTIFFS CITE NO AUTHORITY SUPPORTING THEIR UNREASONABLE PROPOSAL

#### A. Plaintiffs Cite No Case In Which A Court Granted Plaintiffs' Request For Pre-Certification Notice

Plaintiffs cite <u>no case</u> in which a court ordered that pre-certification notice be sent to absent class members, much less in circumstances analogous to those here. Each of the cases Plaintiffs cite is distinguishable on this basis, as well as others.

- In <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 102-04 (1981), the U.S. Supreme Court vacated an order flatly barring all parties from communicating with absent class members without prior court approval, on the basis that the district court failed to make proper findings supporting that sweeping order. There was no order granting plaintiffs license to send their proposed pre-class certification notice. <u>Id.</u>

- In <u>Cox Nuclear Med. v. Gold Cup Coffee Servs., Inc.</u>, 214 F.R.D. 696, 698 (S.D. Ala. 2003), the court permitted communication by <u>defendant</u> with putative absent class members (the defendant's customers), which included a request for a release. Similarly, in <u>In re M.L. Stern Overtime Litig.</u>, 250 F.R.D. 492, 500-01 (S.D. Cal. 2008), with certain modifications, the court permitted communication by <u>defendant</u> with absent class members (the defendant's employees), which included a request for a release.

- In <u>Bublitz v. E.I. DuPont de Nemours & Co.</u>, 196 F.R.D 545, 548-49 (S.D. Iowa 2000), the court permitted (with certain modifications) <u>defendant's</u> solicitation of settlement/release from putative absent class members (the defendant's employees).

- In <u>Payne v. Goodyear Tire & Rubber Co.</u>, 207 F.R.D. 16, 20-21 (D. Mass. 2002), the court permitted defendant to continue offering to putative absent class members (the defendant's customers) free in-home inspections of a contested product, and to continue advertising those inspections on its website.

- In <u>In re McKesson HBOC, Inc. Sec. Litig.</u>, 126 F. Supp. 2d 1239, 1245-46 (N.D. Cal. 2000) (Whyte, J.), the court ordered two plaintiffs' firms to make a curative notice to putative absent class members where they distributed an improper initial notice designed to steer claimants away from the court-chosen lead counsel.

- In <u>Kleiner v. First Nat'l Bank of Atlanta</u>, 751 F.2d 1193, 1197-98 (11th Cir. 1985), a <u>certified</u> class action, the court sanctioned defendant for a "secret" campaign of purely telephonic communications with absent class members in violation of two court orders (timed to coincide with the judge's vacation, and to compete with a <u>previously-</u>ordered official notice program).

- In <u>McArdle v. AT&T Mobility LLC</u>, No. C 09-1117 CW (MEJ), 2010 WL 1532334, at *5-6 (N.D. Cal. Apr. 16, 2010), for purposes of discovery, plaintiffs were given contact information for certain potential class members (namely, those who had <u>already</u> complained about the issue in the suit). There was no issue in this case concerning sending notice to absent class members. <u>Id.</u> Similarly, in <u>Salazar v. Avis Budget Grp., Inc.</u>, No. 07cv64-IEG (WMc), 2007 WL 2990281, at *1-3 (S.D. Cal. Oct. 10, 2007) and <u>Babbitt v. Albertson's Inc.</u>, No. C-92-1883 SBA (PJH), 1992 WL 605652, at *1-6 (N.D. Cal. Nov. 30, 1992), the court ordered defendants to produce the names of certain absent class members for discovery purposes, not for notice purposes.

- In <u>Upshaw v. Ga. Catalog Sales, Inc.</u>, 206 F.R.D. 694, 702 (M.D. Ga. 2002), the court ordered the defendants to produce a class list with contact information <u>after</u> the court granted certification of plaintiffs' class.

None of these cases are precedent for Plaintiffs' demand here. And certainly, Plaintiffs cite no case in which such an order was issued in circumstances like those before the

Court -- for example, where a class certification decision will be made soon anyway, and where the noticed demanded by plaintiffs would confuse a regulatory settlement that nature of which already addresses the proposed class action.

### B. Plaintiffs' Cases For The Proposition That The Regulatory Notice Is "Problematic" Are Inapposite

Plaintiffs cite two cases for the proposition that the Regulatory Notice, standing alone, is "problematic" (Motion at 11), but these cases are similarly distinguishable.

(i) <u>In re McKesson HBOC, Inc. Sec. Litig.</u>, 126 F. Supp. 2d 1239, 1245-46 (N.D. Cal. 2000) (Whyte, J.).   Plaintiffs describe this case, incorrectly, as follows: "finding that communications <u>from the defendant</u> to the putative class can be misleading if they do not identify the court-appointed lead plaintiff and counsel or the procedures that safeguard the appropriateness of class certification, or if the communications provide an inadequate disclosure of the comparative costs and benefits of participating in a class action."  (Motion at 5 (emphasis added).)

This is incorrect.  In <u>McKesson</u>, the court had appointed lead Plaintiffs' counsel in a securities action, and two rejected <u>Plaintiffs' firms</u> sent a mass mailing urging putative class members to abandon that proceeding and engage the rejected firms for individual lawsuits.   126 F. Supp. 2d at 1241.  The mailing was misleading in multiple ways (<u>e.g.</u>, suggesting that it was court-approved, and conveying a "gratuitous air of urgency"), and the "opt out" that was sought "would be as easy as pressing a 'click here' button on a web page."  <u>Id.</u> at 1244.  Also, there is no suggestion in the decision that the solicitation counseled the recipient to consult his or her attorney.  In that very different context, the court was concerned about the absence in the notice of information regarding the proposed class action.  By no means does this case express any generic "rule" about the proper content of a class notice.

        (ii)     <u>Bublitz v. E.I. DuPont de Nemours & Co.</u>, 196 F.R.D 545, 548-49 (S.D. Iowa 2000). Plaintiffs cite this case for the proposition that "in-person" solicitations are disfavored. (Motion at 5.) Again, the holding is different and narrower. At issue in <u>Bublitz</u> was Defendant's proposed settlement solicitation to absent class members. The court permitted it, with certain guidelines -- one of which was that "any communication" on the relevant topics "must be in writing." 196 F.R.D. at 549. The court imposed this guideline (and others) because of a unique circumstance not present here: the absent class members were in an at-will employment relationship with the defendant, a situation where "the risk of coercion is particularly high." <u>Id.</u> at 548. ("The court is of the opinion that the at-will employer-employee relationship . . . produces a strong potential for coercion and thus justifies minimal protections." <u>Id.</u> at 547.) No at-will employment relationship exists here. Further, the notices at issue <u>are</u> in writing, and merely -- as ordered by the regulators -- include a 1-800 number for any questions.[5]

### C. Plaintiffs' Privacy Cases Are Also Unsupportive Of Their Proposed Notice Campaign

Plaintiffs cite multiple cases in which courts gave plaintiffs access to names and/or other information concerning putative absent class members. (Motion at 6-7.)

In those cases, the plaintiffs persuaded the court that the information was necessary to develop facts relevant to whether a class should be certified; in <u>none</u> of those cases was the information sought in order to support a pre-certification notice.[6] In general, access to

---

[5]  To the extent that any questions are asked about the class action, the answer will not go beyond what is already in the written materials.

[6]  <u>See</u> <u>Khalilpour v. CELLCO P'ship Co.</u>, No. C 09-02712 CW (MEJ), 2010 WL 1267749 (N.D. Cal. Apr. 1, 2010) (for purposes of discovery, plaintiffs were given contact information for certain potential class members); <u>McArdle</u>, 2010 WL 1532334 at *5-6 (same); <u>Salazar</u>, 2007 WL 2990281 at *1-3 (same); <u>Babbitt</u>, 1992 WL 605652, at *1-6 (same). And in <u>Upshaw</u>, 206 F.R.D. at 702, the court ordered the defendants to produce a class list with contact information <u>after</u> the court granted certification of plaintiffs' class.

this information at the pre-certification stage depends on whether it is necessary to develop facts relevant to whether a class should be certified; where that is not the case, courts deny access to the information.[7]  Plaintiffs have made no such showing here; indeed, they do not even argue that the information is relevant to satisfaction of the Rule 23 requirements.  If they thought it was, they would have asked for it long ago.

Further, Plaintiffs themselves argue that when presented with a pre-certification request for information about putative class members, the Court should balance the plaintiffs' need for the information against the privacy interests of the putative class members.  (Motion at 6-7.)  Here, Plaintiffs' showing of need is wanting, and plainly trumped by privacy interests -- they want disclosure of this personal information for purposes of sending a pre-certification notice, and, for all the reasons already set forth, that proposed notice is improper and unwarranted.

## CONCLUSION

One purpose of class action litigation is to address situations where the amount in question does not justify individual plaintiffs hiring lawyers.  Here, no one who receives two or more notices from Plaintiffs will be able to make an informed decision without hiring their own lawyer.  To compound the matter, if the Court does not certify a class (or certifies a class that consists of fewer policyholders than received notice), policyholders will have been forced to

---

[7]  See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-53 (1978) (holding that plaintiffs are not entitled to discover putative class members' contact information under Fed. R. Civ. P. 26 where they seek the information solely for notice purposes; Rule 26 only permits discovery of putative class members' identities where the information is relevant to a claim or defense of any party); Bird Hotel Corp. v. Super 8 Motels, Inc., No. CIV 06-4073, 2007 WL 404703, at *2-4 (D.S.D. Feb. 1, 2007) (denying plaintiffs' motion to compel the disclosure of the names, telephone numbers and addresses of all putative class members where the information was "not helpful or necessary to establish or decide certification of the class" and noting that "[n]o cases have been supplied which support pre-certification discovery of identification, telephone, and address information for potential class members").

retain a lawyer for no purpose.  In sum, there is no way to satisfy all of the competing interests, and the Court must decide how to satisfy the greater part of them.  That weighs against sending notice now, at least until the Court and the parties are aware of whether a class will be certified, and, if so, what the requirements for membership will be.

For all the foregoing reasons, Conseco Life respectfully requests that the Court deny Plaintiffs' Motion for Approval of Pre-Certification Notice.

Dated:  July 14, 2010                                                          Respectfully submitted,


          /s/ James R. Carroll
RAOUL D. KENNEDY (State Bar No. 40892)
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: Raoul.Kennedy@skadden.com

JAMES R. CARROLL (*Pro Hac Vice*)
DAVID S. CLANCY (*Pro Hac Vice*)
CHRISTOPHER A. LISY (*Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street, 31st Floor
Boston, Massachusetts 02108
Telephone: (617) 573-4800
Facsimile: (617) 573-4822
Email:  James.Carroll@skadden.com
Email:  David.Clancy@skadden.com
Email:  Christopher.Lisy@skadden.com

Attorneys for Defendant
Conseco Life Insurance Company

# CERTIFICATE OF SERVICE

I, James R. Carroll, hereby certify that the foregoing document has been filed on behalf of Conseco Life Insurance Company on July 14, 2010 through the ECF filing system.

I further certify that a copy of the foregoing document is being served by overnight courier on July 14, 2010 upon those counsel listed below not registered on the ECF filing system:

>    Michael J. Pucillo
>    BERMAN DeVALERIO
>    4280 Professional Center Drive
>    Suite 350
>    Palm Beach Gardens, FL 33410

Dated:  July 14, 2010

Respectfully submitted,

_____/s/ James R. Carroll_____
RAOUL D. KENNEDY
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: Raoul.Kennedy@skadden.com

JAMES R. CARROLL (*Pro Hac Vice*)
DAVID S. CLANCY (*Pro Hac Vice*)
CHRISTOPHER A. LISY (*Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street, 31st Floor
Boston, Massachusetts 02108
Telephone: (617) 573-4800
Facsimile: (617) 573-4822
Email: James.Carroll@skadden.com
Email: David.Clancy@skadden.com
Email: Christopher.Lisy@skadden.com

Attorneys for Defendant
Conseco Life Insurance Company