IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONSECO LIFE INSURANCE COMPANY LIFETREND INSURANCE SALES AND MARKETING LITIGATION | No. M 10-02124 SI<br><br>No. C 08-05746 SI; No. C 10-00652 SI |
| This Order Relates To:<br><br>CEDRIC BRADY, et al.,<br>　　　　Plaintiffs,<br>　v.<br>CONSECO, INC., et al.,<br>　　　　Defendants.<br>and<br>BILL W. MCFARLAND, et al.,<br>　　　　Plaintiffs,<br>　v.<br>CONSECO LIFE INSURANCE CO., et al.,<br>　　　　Defendants. | **ORDER RE: DEFENDANT CONSECO LIFE'S MOTION FOR AN ORDER RE: PARTICIPATION IN THE CLASS ACTION, RE: PLAINTIFFS' MOTION RE: CLASS CERTIFICATION NOTICE, AND SUA SPONTE CERTIFYING A SUBCLASS** |

On December 9, 2010, the Court heard argument on the motion of defendant Conseco Life Insurance Company ("Conseco") for an order that the regulatory settlement release precludes persons who signed it from participating in this class action. The Court also heard argument on plaintiffs' motion for approval of the proposed notice of class certification and appointment of the Garden City

Group, Inc. to administer the class notice.[1] Additionally, further discussion occurred at a case management hearing that was held on the same day. Having considered the arguments of counsel and the papers submitted, the Court hereby rules as follows.

**BACKGROUND**

This multidistrict action involves a challenge by holders of LifeTrend 3 and LifeTrend 4 life insurance policies administered by defendant Conseco to Conseco's implementation of a set of changes to the policy documents.[2] On October 6, 2010, the Court granted in part a motion brought by plaintiffs in the *Brady* and *McFarland* actions seeking certification of a class action. Doc. 111. The facts and procedural background of this case are discussed in more detail in that order. Also discussed in that order is a settlement agreement that Conseco had reached with state regulators that is separate from this case but that relates to the insurance policies at issue in this case and to the motions currently before the Court (the "regulatory settlement" or "settlement").

**The regulatory settlement**

Conseco has reached a settlement agreement with 45 state insurance regulators. Conseco Br. at 3. The settlement contains certain remedial provisions that apply to all policies ("required benefits"), as well as other provisions that policyholders can elect to receive in exchange for releasing certain legal claims against Conseco ("optional benefits").

There are three main required benefits. First, no policyholder will be required to make certain requested shortfall payments, and Conseco must refund any shortfall payments that have already been made. Lisy Decl. Ex. A at 19-20, 31. Second, all policyholders will be permitted to make flexible premium payments in the future, and Conseco may not terminate any policyholder's benefits for failure to make premium payments. *Id.* at 19-20. And third, the settlement imposes caps on future increases

---

[1] Conseco does not oppose the appointment of Garden City Group.

[2] By order dated February 3, 2010, the Judicial Panel on Multidistrict Litigation consolidated and transferred three separate actions against Conseco to this district and to the undersigned judge: *Brady v. Conseco Inc.*, No. 08-5746 (N.D. Cal.), *McFarland v. Conseco Life Ins. Co.*, No. 09-598 (M.D. Fla.), and *Muldrow v. Conseco Life Ins. Co.*, No. 08-552 (N.D. Fla.).

to the cost of insurance and expense charges. *Id.* at 27-29.

There are also three optional benefits. The settlement requires Conseco to establish a fund in the amount of $10 million for the benefit of all policyholders who elect to participate in the settlement and release their claims against Conseco. *Id.* at 22. Policyholders who elect to release their claims and accept a settlement payment also have the option to halt payment of any future premiums and elect a "reduced paid-up policy" in the amount of the current accumulation account balance less any indebtedness. *Id.* at 21-22. Or they may continue paying flexible premiums and reduce the cash value of their policies to an agreed-upon amount commensurate with those premiums (a "face amount reduction"). *Id.*

The regulatory settlement gives Conseco the power to require any policyholder who elects any of the three optional benefits to execute and return a release. *Id.* Attached to the regulatory settlement is a model release wherein the policyholder releases Conseco "from any and all claims . . . which Claimant now has or which may hereafter accrue, arising out of or in any way related to any current and/or future litigation that Claimant could bring *regarding the allegations in the Agreement*." *Id.* Exs. F.1 & F.2 (emphasis added).

The regulatory settlement discusses certain allegations made by the lead regulators who negotiated the settlement. In Paragraph 27, the regulatory settlement says that "the Lead Regulators allege that violations have occurred related to the issues under review identified in Paragraph 25." *Id.* at 18. Paragraph 25 states that the regulators "call[ed] a multistate market conduct examination of Conseco Life to review the NGE adjustments announced in October and November 2008 letters as well as the sales, administration and management of the Lifetrend policies." *Id.* at 17. Paragraph 26 goes on to state that

> The Lead Regulators' review of the Lifetrend policies included the following issues:
>
> a.   Whether any marketing or advertising materials used by Conseco Life or its predecessors for the Lifetrend policies contained any false or misleading information;
>
> b.   Whether Conseco Life or its predecessors engaged in sales practices that misrepresented the benefits, advantages, or terms of the Lifetrend policies;
>
> c.   Whether any communication by Conseco Life or its predecessors was

3

misleading to Lifetrend Policyowners;

  d. Whether the Company had failed to properly manage or administer the Lifetrend policies; and

  e. Whether Conseco Life and its predecessors properly determined NGE changes made to the Lifetrend policies.

*Id.* at 17–18.

The regulatory settlement also contains two paragraphs discussing Conseco's right to exclude certain policyholders from certain benefits[3]:

> 53. Conseco Life may elect to exclude a Lifetrend Policyowner from the CAP if
>
>   (I) the Lifetrend Policy owner has had his or her claim resolved through litigation or settlement, or
>
>   (ii) the Lifetrend Policyowner has a pending litigation against the Company.
>
> 54. If Conseco Life elects to exclude a policyowner from the CAP on the basis of Paragraph 53(ii) the Company shall provide a Notice informing the Policy Owner of the benefits available under the terms of this Agreement, the reason(s) for the policyowner's exclusion, and the policyowner's opportunity to elect benefits under the terms of the Agreement if the policyowner dismisses with prejudice the pending litigation. No Lifetrend Policyowner shall be excluded from the CAP on the basis of membership in a purported class action lawsuit pending against the Company. This Agreement neither imposes any obligations upon, nor takes away any rights of any Lifetrend Policyowner who chooses not to participate in the CAP.

*Id.* at 26.

**Class certification**

On October 6, after the regulatory settlement had been reached and the parties had submitted additional briefing on the impact of the regulatory settlement on this case, the Court certified a nationwide class under Rule 23(b)(2) consisting of

> all persons in the United States who (1) own or owned a Conseco LifeTrend 3 or LifeTrend 4 Policy, and (2) have received since October 2008, or in the future may receive, pursuant to a settlement with state insurance regulators or otherwise, any of the

---

[3] The exclusion clause discusses the "CAP"—the Corrective Action Plan—which includes both two required benefits and the optional benefits. *See id.* at 19. Conseco represents that it will not exclude any policyholder from the required benefit "enhanced continuation of insurance." Conseco Br. at 6 n.2. It appears from the language in the proposed notice of class certification that Conseco would not exclude policyholders from the required benefit "extended protection from policy termination," but only from the optional benefits. *See* doc. 133, ex. A.

4

> following: (a) notice that an annual premium is due, notwithstanding such person's prior invocation of the Policy's Optional Premium Payment Provision ("OPP Provision"); (b) notice of increased expense charges under the Policy; or (c) notice of increased cost-of-insurance deductions under the Policy.

Doc. 111 at 20.

Conseco had questioned the propriety of certification of the class action in view of the completion of the regulatory settlement, an argument that the Court rejected. *Id.* at 16–17. The Court was not asked by either party, however, to construe the release or exclusion provisions of the regulatory settlement. *Id.* at 18. Therefore, the Court expressed no opinion whether it has the authority to construe the settlement, or whether, should it have the occasion to do so, it may order Conseco not to exclude absent class members from the optional benefits of the settlement. *Id.*

In light of the concurrent regulatory settlement, the Court did order plaintiffs to provide class members with notice of this action and an opportunity to opt out. The Court stated that the notice must clearly explain each party's position with respect to absent class members' right to benefit from the settlement.

## LEGAL STANDARD

### I.    Rule 23(c)(1)(C)

"Determination of right to bring a class action under Rule 23 . . . is in the considered discretion of the trial court." *Hornreich v. Plant Indus., Inc.*, 535 F.2d 550, 552 (9th Cir.1976). Once class certification is granted or denied, the Federal Rules provide that the class certification order "may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(c); *accord Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 579 (9th Cir. 2010) (en banc), *cert. granted on separate question sub nom. Wal-Mart Stores, Inc. v. Dukes*, --- S.Ct. ----, 2010 WL 3358931. As with class certification, the decision to alter or amend certification is left to the sound discretion of the district court. *See Dukes*, 603 F.3d at 579. A party is seeking decertification must show that the class no longer meets Rule 23's certification requirements. *Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp. 2d 1140, 1153 (S.D. Cal. 2007).

5

## II. Notice of a class certified under Rule 23(b)(2)

"For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. Pro. 23(c)(2)(A). The advisory committee notes to the 2003 Amendment that added this provision explain that it provides a court with "authority . . . [that] should be exercised with care," as well as with "discretion and flexibility." Part of the reason that a court has greater discretion when directing notice of classes certified under Rule 23(b)(1) or (b)(2) is because "there may be less need for notice than in a (b)(3) class action." In part this is because, in general, "[t]here is no right to request exclusion from a (b)(1) or (b)(2) class."

In this case, class members have been provided the option of opting out of the Rule 23(b)(2) class. *See Dukes*, 603 F.3d at 621; *see also In re Monumental Life Ins. Co.*, 365 F.3d 408, 417 (5th Cir. 2004); *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 165-67 (2d Cir. 2001). Even when rule 23(b)(2) class members have the opportunity to opt out, the type of notice afforded "will not always be equivalent to that required in (b)(3) actions." *See Monumental Life*, 365 F.3d at 417 n. 13 (internal quotation marks omitted). Rather, the contents of the notice should comport with due process, and

> [w]hat due process requires by way of notice in any particular case may vary. Generally, however, notice should: (1) describe succinctly and simply the substance of the action and the positions of the parties; (2) identify the opposing parties, class representatives, and counsel; (3) indicate the relief sought; (4) explain any special risks of being a class member, such as being bound by the judgment; (5) describe clearly the procedures and deadlines for opting out; and (6) note the right of any class member to appear in the action through counsel.

*Robinson*, 267 F.3d at 166 n. 11.

## DISCUSSION

### I. Conseco's motion

Conseco argues that a policyholder who signed a release in order to obtain optional benefits under the regulatory settlement has released his or her claims against Conseco in connection with this litigation, and therefore is not eligible to participate as a class member. Conseco asks the Court to clarify the scope of the certified class by making it explicit that such policyholders are excluded from participating in the class action. Conseco argues that the Court may do this by exercising its discretion under Rule 23(c)(1)(c) to alter or amend the class certification. Conseco believes that this issue should

6

be decided now, before notice is sent to potential class members, so as to avoid confusion as to whether they are eligible to participate in the class. Conseco has also indicated to the Court that if the Court does not exclude from this class action those policyholders who have requested the settlement's optional benefits, Conseco may exercise its discretion under Paragraphs 53 and 54 of the settlement to exclude class members from the settlement's optional benefits. Conseco states that over 3,000 policyholders have signed the release. Conseco Br. at 1.

Plaintiffs make several arguments in opposition, including that the language in the release is ambiguous. Plaintiffs argue that parol evidence is therefore admissible to prove the meaning of the release language, and plaintiffs should be permitted to conduct discovery to determine what the release language actually means.

The Court agrees with plaintiff that the meaning of the release is unclear, and therefore Conseco's motion is premature. Therefore, Conseco's motion is DENIED without prejudice.

## II. The issues raised by Conseco's motion

Conseco's motion has highlighted that there is a common question of fact that applies to one significant portion of the possible class members, and that it is important to communicate the possible repercussions of participating in the class action to those individuals. At the hearing, the Court raised the possibility that it would exercise its discretion under Rule 23(c)(1)(c) and certify a nationwide subclass sua sponte. *See Santillan v. Gonzales*, 388 F. Supp. 2d 1065, 1071–72 (N.D. Cal. 2005). Plaintiffs indicated that this would be a satisfactory action for the Court to take. Although Conseco continued to press the motion denied above, it did confer with plaintiffs about how the possible subclass would be defined. The parties suggested a subclass definition, which the Court adopts.

The Court hereby CERTIFIES a subclass of

> individuals who (1) meet the criteria for membership in the Class, (2) accepted optional benefits made available by Conseco pursuant to a settlement that Conseco entered into with state regulators in 2010 (the "Regulatory Settlement"), and (3) signed the standard

7

release form accompanying the Regulatory Settlement.[4]

As before, it will be important to inform absent class members of the options regarding their ability to benefit from the regulatory settlement. Notice to class members of this action and an opportunity to opt out must clearly explain each party's position with respect to the right of sub-class members to participate in this class action and the impact that participation will have on absent sub-class members' right to benefit from the regulatory settlement.

### III. Plaintiffs' motion

When plaintiffs filed their motion, they and Conseco had two fundamental disagreements about the content of the notice to be sent to class members in this case. First, the parties disagreed about how the notice should address the parties' dispute concerning the effect of the release that was the subject of Conseco's motion in this case. Second, the parties disagreed about the extent to which the notice should describe plaintiffs' allegations in the law suit.

#### A. The release

After the Court discussed its inclination to certify a subclass with the parties, the parties conferred and suggested new language regarding the effect of the release. Doc. 133, ex. A.[5] The Court agrees with plaintiff that this language provides appropriate notice to class members and that it comports with due process and the requirements of Rule 23. *See Robinson*, 267 F.3d at 166 n. 11.

---

[4] The standard release form states:
In consideration of the relief ("Relief") provided to [Name], (hereinafter "Claimant"), as described herein, Claimant, on behalf of himself or herself, and on behalf of his or her heirs, personal representatives, successors and assigns, does hereby release, acquit and forever discharge Conseco Life Insurance Company (hereinafter referred to as "Company") and its affiliates, subsidiaries, parents, agents, officers, directors, employees, insurers, successors and assigns (hereinafter referred to as "Released Parties"), from any and all claims of any kind whatsoever, whether known or unknown, which Claimant now has or which may hereafter accrue, arising out of or in any way related to any current and/or future litigation that Claimant could bring regarding the allegations in the Agreement, for [Policy Number XXXX] issued to Claimant by the Company (hereinafter the "Policy"), for the period covering the solicitation and eventual issue date of the Policy to the date hereof (hereinafter the "Released Claims").

[5] Conseco has agreed to the added language, though it maintains its broader objection to the form of notice. Doc. 134.

### B. The allegations

Plaintiffs have also revised their proposed notice to incorporate certain suggestions made by Conseco regarding the notice's description of plaintiffs' allegations.

The parties' second disagreement relates to Section 4 of the Basic Information About the Class Action. Initially, Section 4-a contained a summary of plaintiff's allegations in bullet points, and Section 4-b then contained additional details regarding the allegations. *See* Doc. 121, ex. A at 4–7. Conseco objected that the discussion was long, confusing and one-sided; and that it relied too much on "legalese and insurance industry terminology." Conseco suggested editing Section 4-a so that each of plaintiff's bullet points would be followed by a summary of the reasons that Conseco disputes the discussed claim. Conseco also requested that Section 4-b be omitted entirely.

Plaintiffs' new suggestion incorporates Conseco's proposal for Section 4-a, but continues to include Section 4-b. *See* Doc. 133, ex. A at 6–9.

The Court agrees with Conseco that the further discussion in Section 4-b is unnecessary. Therefore, the Court approves the proposed notice that was submitted on December 9, 2010, Doc. 133, Ex. A, but without Section 4-b.

///

9

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES Conseco's motion without prejudice. (Doc. 113). The Court GRANTS IN PART and DENIES IN PART plaintiffs' motion. (Doc 121). The Court approves the notice submitted by plaintiffs on December 9, 2010, Doc. 133, ex. A, with the exception of Section 4-b. Garden City Group is appointed to administer the class notice.

Additionally, the Court sua sponte CERTIFIES a subclass of

individuals who (1) meet the criteria for membership in the Class, (2) accepted optional benefits made available by Conseco pursuant to a settlement that Conseco entered into with state regulators in 2010 (the "Regulatory Settlement"), and (3) signed the standard release form accompanying the Regulatory Settlement.

**IT IS SO ORDERED.**

Dated: December 22, 2010

SUSAN ILLSTON
United States District Judge