David J. Millstein (CSB #87878)
MILLSTEIN & ASSOCIATES
100 The Embarcadero, Suite 200
San Francisco, CA 94104
Telephone: (415) 348-0348
Facsimile: (415) 348-0336
Email: dmillstein@millstein-law.com

Scott D. Gilbert (ADMITTED *PRO HAC VICE*)
Stephen A. Weisbrod (ADMITTED *PRO HAC VICE*)
August J. Matteis Jr. (ADMITTED *PRO HAC VICE*)
Kathleen Hale (ADMITTED *PRO HAC VICE*)
GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone:   (202) 772-2200
Facsimile:    (202) 772-3333
Email:  gilberts@gotofirm.com
Email:  weisbrods@gotofirm.com
Email:  matteisa@gotofirm.com
Email:  halek@gotofirm.com

*Other Plaintiffs' Counsel Appear on the Signature Page*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

| | |
|---|---|
| **IN RE CONSECO LIFE INSURANCE CO. LIFE TREND INSURANCE MARKETING AND SALES PRACTICE LITIGATION** | **Case No. M:10-cv-02124-SI**<br><br>**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF POLICY-RELATED DOCUMENTS**<br><br>Date: January 28, 2011<br>Time: 9:00 a.m.<br>Judge: Courtroom 10, 19th Floor,<br>        The Hon. Susan Illston |

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................... ii

Notice of Motion ........................................................................................................................ 1

Statement of Issues .................................................................................................................... 1

Memorandum of Points and Authorities ................................................................................... 3

I.     Statement of Facts ........................................................................................................ 3

II.    Argument ..................................................................................................................... 6

    A.    Conseco Should Be Ordered to Produce Documents Responsive to Document Request No. 1, which Generally Seeks Documents Relating to LifeTrend 3 and LifeTrend 4 Policyholders ............................................... 7

    B.    Conseco Should Be Ordered to Produce Documents Responsive to Request No. 3, Which Generally Seeks Documents Relating to the Policies ....................... 7

    C.    Conseco Should Be Ordered to Produce Documents Responsive to Request No. 6, Which Generally Seeks Documents Relating to the So-Called Administrative Error. ............................................................................................ 9

III.   Conclusion ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Brady v. Conseco, Inc.*,
 No. C 08-05746-SI, 2009 WL 5218046 (N.D. Cal. Dec. 29, 2009) ....................................9

*Garnaeu v. City of Seattle*,
 147 F.3d 802 (9th Cir. 1998)..............................................................................................6

*GBTI, Inc. v. Ins. Co. of Pa.*,
 No. 1:09CV01173, 2010 WL 2942631 (E.D. Cal. July 23, 2010)......................................9

*Marshall v. Rain*,
 No. 04CV0403, 2008 WL 2186184 (S.D. Cal. May 23, 2008) ..........................................6

*Tourgeman v. Collins Fin. Servs., Inc.*,
 No. 08CV1392, 2010 WL 2181416 (S.D. Cal. May 25, 2010) ..................................... 6-8

**STATUES**

Fed. R. Civ. P. 26(b) ......................................................................................................................6

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on January 28, 2011, at 9:00 a.m., before the Honorable Susan Illston, United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom 10, 19th Floor, San Francisco, California 94102, or on such other date as may be set by the Court, Plaintiffs,[1] on behalf of themselves and the Class, will move pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37 to compel complete responses to Plaintiffs' requests for documents relating to the policies at issue in this case (the "Policies").

**STATEMENT OF ISSUES**

This motion concerns a discovery dispute between Plaintiffs and Conseco Life Insurance Company ("Conseco" or the "Defendant"). The Parties dispute Conseco's obligation to produce certain Policy-related documents, the completeness of its production thus far, and the extent of the searches Conseco has undertaken to find such documents. In this motion, Plaintiffs seek production of documents that concern the insurance Policies at issue in this litigation as well as the underwriting and administration of those Policies. These Policy-related documents are relevant to numerous issues in the case, including:

- whether Conseco is charging annual premiums that should not be charged to most policyholders because the premiums are improper under the Policies' Optional Premium Payment Provision (the "OPP Provision," which is sometimes referred to informally as the "vanishing premium provision");

- whether Conseco is imposing monthly expense charges that do not correspond to Conseco's actual expenses, in violation of several Policy provisions;

- whether Conseco has increased cost-of-insurance deductions even though the factor that governs cost of insurance – mortality – has actually gone down;

- whether Conseco's various administrative changes are improperly diluting the 4.5% interest rate guaranteed under the Policies;

- whether Conseco is passing on to its policyholders financial losses that Conseco has incurred, even though the Policies' "Non-Participating" provisions preclude Conseco from seeking to recover its losses from policyholders;

---

[1] Plaintiffs filing this motion are Cedric Brady, Charles Hovden, Marion Hovden, Eugene Kreps, John McNamara, and Hisaji Sakai, each of whom is a plaintiff in the action *Brady v. Conseco, Inc.*, No. 3:08-CV-5746 (N.D. Cal.) and Bill W. McFarland, who is the plaintiff in the action *McFarland v. Conseco Life Ins. Co.*, No. 3:09-CV-598 (M.D. Fla.) (collectively, "Plaintiffs").

- the effect of certain releases obtained by Conseco in connection with its recent settlement with state regulators; and

- the extent of damages suffered by Plaintiffs as a consequence of Conseco's improper premium notices, expense charges, and cost-of-insurance deductions.

Conseco's description of its position concerning Plaintiffs' requests has varied somewhat over time, but Conseco generally has refused to search for and/or produce a variety of important documents relating to the Policies, Policy underwriting, and Policy administration. These documents include, among other things:

- Actuarial documents
- Documents concerning Conseco's so-called "administrative error"
- Policyholders' Policies and Policy files
- Communications with agents
- Communications with policyholders
- Documents concerning Policy lapse assumptions
- Documents concerning Policy lapse experience
- Estimates of policyholder account "shortfalls"
- Estimates of premiums that Conseco alleges it incorrectly failed to charge policyholders
- Documents concerning mortality tables and data
- Documents concerning mortality assumptions
- Documents concerning mortality experience
- Documents concerning actual cost of insurance
- Documents concerning deductions and charges for cost of insurance
- Documents concerning actual expenses
- Documents concerning charges for expenses
- Documents concerning engagements of outside consultants who opined on underwriting and Policy administration matters
- Documents concerning forecasting relating to so-called non-guaranteed elements
- Documents relating to optional modifications to Policies, and solicitations thereof
- Documents relating to releases of Policy-related claims, and solicitations thereof

- All other documents relating to the administration of the LifeTrend Policies, including annual reports, project requests, work requests, databases, board minutes, other meeting minutes, and other types of documents.

The Parties' negotiations, which included numerous letters and phone calls, have reached an impasse, and thus Plaintiffs seek relief from the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

This case involves Conseco's breach of over 10,000 LifeTrend insurance Policies. The parties disagree over facts relating to Conseco's underwriting and administration of the Policies, Conseco's knowledge and intent when it made particular administrative decisions, and the magnitude of the losses to policyholders that have resulted and are continuing to result from Conseco's actions. In an effort to obtain basic information about Conseco's actions and policyholders' damages, Plaintiffs served Conseco with several document requests concerning the Policies and Conseco's conduct with respect to them.

Plaintiffs' Requests include the following:

> **DOCUMENT REQUEST NO. 1:** All Documents Relating to the Plaintiffs including without limitation: (a) their applications for life insurance; (b) their Policies; (c) all Documents contained in the Plaintiffs' files; (d) annual and other periodic statements; (e) in force ledgers and other Documents used to monitor the balances of the Plaintiffs' accumulation accounts; (f) materials Relating to any loans the Plaintiffs have taken pursuant to the terms of their Policies; (g) correspondence with the Plaintiffs.

> **DOCUMENT REQUEST NO. 3:** All Documents Relating to the Policies including without limitation: (a) Documents Relating to the underwriting of the Policies; (b) Documents Relating to procedures for adjusting and handling claims made under the Policies; (c) Documents Relating to how the cost of insurance rate, cost of insurance charge, surrender fee, guaranteed cash value, and interest rates are determined, including any actuarial tables or projections and mortality tables or projections that are used in said calculations; (d) Documents Related to the Optional Premium Payment Provision including how Conseco determined whether policies were adequately funded and any efforts by Conseco to notify policyholders if their accounts became Under Funded.

*See* Pls.' First Req. for Produc. of Docs. (Aug. 24, 2009), attached as Ex. 1 to Declaration of Andrea Hopkins in Supp. of Pls.' Dec. 23 Mots. to Compel ("Hopkins Decl.")

Conseco has responded as follows:

> **RESPONSE TO NO. 1:** *See* General Objections, which are incorporated herein. Defendant further objects to this request on the basis that the categories of documents requested therein are vague, unduly burdensome, and are not reasonably calculated to lead to the discovery of relevant evidence.
>
> Subject to and without waiving the foregoing objections, Defendant will produce, to the extent located after diligent search, each Plaintiffs' policy files (which includes, *inter alia*, the policy, application and correspondence with the insured).
>
> **RESPONSE TO NO. 3:** *See* General Objections, which are incorporated herein. Defendant further objects to this request on the basis that it "all documents relating to the Policies" is – to an extreme degree – vague, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence.
>
> Subject to and without waiving the foregoing objections, Defendant will produce, to the extent located after diligent search, Plaintiffs' policy files (which includes, *inter alia*, the policy, application and correspondence with the insured), as well as documents constituting Defendant's policies and procedures concerning the administration of Lifetrend III and IV policies.

*See* Def. Conseco Life Ins. Co.'s Resps. and Objections to Pls.' First Req. for Produc. of Docs. (Sept. 29, 2009), attached as Ex. 8 to Hopkins Decl.

Plaintiffs also served Defendant with the following request regarding the so-called "administrative error:"

> **DOCUMENT REQUEST NO. 6:** All Documents Relating to the Administrative Error including without limitation: (a) Documents describing the Administrative Error; (b) Documents Relating to proposed responses to the Administrative Error; (c) Communications between Employees of Conseco Life Relating to the Administrative; (d) board minutes Relating to the Administrative Error; (e) all drafts of the October 7, 2008 letter (attached hereto as Exhibit A); (f) Communications between You and Conseco Inc. Relating to the Administrative Error; (g) Documents describing the financial effects of the Administrative error; (h) Documents describing Conseco's activity Relating to the Administrative Error between the time when the Administrative Error was first discovered and when Conseco sent the October 7, 2008 letter (attached hereto as Exhibit A).

*See* Ex. 1 to Hopkins Decl.

Conseco responded as follows:

> **RESPONSE TO NO. 6:** *See* General Objections, which are incorporated herein. Defendant further objects to this request on

– 4 –

> the basis that it is overly vague, broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of relevant evidence, and that it fails to identify a specific period of time. For example, you define "Administrative Error" such that this request is wholly unworkable and unreasonable, and in effect it purports to place on Defendant the burden of making subjective judgments as to what categories of documents Plaintiffs' counsel and their expert(s) may view as bearing on the issues in this case.
>
> Subject to and without waiving the foregoing objections, Defendant will produce, to the extent located after diligent search, (i) internal communications concerning the alleged error, (ii) communications with Plaintiffs, including non-privileged drafts of such communications, concerning the alleged error, (iii) minutes of meetings of Conseco Life's board of directors to the extent there is discussion of Conseco, Inc., if any, for the years 2004 to the present; and (iv) minutes of meetings of Conseco Life's board of directors to the extent there is discussion of the alleged error, if any, for the years 2000 to the present.

*See* Ex. 8 to Hopkins Decl.

On October 20, 2010, after the Court certified this matter as a Class Action, Plaintiffs sent Conseco a letter addressing continuing deficiencies in Conseco's document production, noting the expanded scope of the case. *See* Letter from A. Hopkins, Gilbert LLP, to C. Lisy, Skadden, Arps, Slate, Meagher & Flom, LLP (Oct. 20, 2010) attached as Ex. 6 to Hopkins Decl. Plaintiffs addressed numerous categories of documents that Conseco has not produced or has not fully produced, including Policy-related documents:

> Conseco has failed to produce substantial categories of documents encompassed by Plaintiffs' requests. For example, Conseco should produce inquiries made to Conseco by agents or policyholders regarding the LifeTrend policies. Conseco also has failed to produce any documents relating to the underwriting of the policies. In particular, Conseco has not produced any information about policy-lapse assumptions and experience, return on investment assumptions and experience, estimates of shortfalls (premiums that Conseco alleges should have been charged), or tables, assumptions or experience relating to mortality rates, cost of insurance, and general expenses. This request also includes any correspondence with consultants concerning policy underwriting, so-called non-guaranteed elements, forecasting relating to these policy variables, and any other issues relating to the administration of the LifeTrend policies, including annual reports, project requests, work requests, and other documents.
>
> This information is responsive to Plaintiffs' requests and is relevant to their claims and those of all class members. In particular, documents relating to how Conseco implemented the policies are directly relevant to the claims that Conseco breached the policies by

> calculating premiums in a manner that is inconsistent with the policy language. This information also is relevant to establishing whether Conseco attempted to compensate for past losses by increasing cost-of-insurance or expense charges in violation of the Non-Participating clause of the policies. Similarly, the information is relevant to determining whether Conseco improperly categorized amounts as cost-of-insurance or expense charges.

*See id.*

The Parties have exchange several letters since October 20, 2010 and have participated in meet-and-confer telephone calls to discuss discovery issues. Conseco has indicated that it will produce additional documents concerning the "administrative error," but Conseco has refused Plaintiffs' request for greater specificity, and, apart from that vague concession, Conseco has not altered its positions in any material way with respect to the discovery requests set forth above.

## II. ARGUMENT

Because the information sought is relevant to claims for breach of contract and damages affecting over 10,000 policyholders, Conseco must come forward with substantial grounds for disallowing the requested discovery. Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." As the Ninth Circuit has observed, "[r]elevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). Thus, "Federal discovery rules 26 through 37 have been interpreted liberally to allow maximum discovery." *Marshall v. Rain*, No. 04CV0403, 2008 WL 2186184, at *1 (S.D. Cal. May 23, 2008) (internal citations omitted).

The party seeking to compel discovery must show only that the request satisfies the relevance requirement of Rule 26(b)(1). Thereafter, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08CV1392, 2010 WL 2181416, at *2 (S.D. Cal. May 25, 2010). Those opposing discovery "are required to carry a heavy burden of showing why discovery should be denied." *Id.* (internal citations omitted). In

this case, with no justification, Conseco has failed to produce numerous categories of documents encompassed by Plaintiffs' Requests 1, 3, and 6.

### A. Conseco Should Be Ordered to Produce Documents Responsive to Document Request No. 1, which Generally Seeks Documents Relating to LifeTrend 3 and LifeTrend 4 Policyholders.

In regard to Document Request No. 1, which calls for production of documents relating to the Plaintiffs, Conseco's response has been highly problematic for two reasons.

First, Conseco has refused to produce the full range of documents bearing on the Plaintiffs' Policies. Instead, Conseco has generally (but not completely) limited its production to documents contained in the Policy files of the named Plaintiffs. Conseco has refused to divulge the lines it drew, but it is quite apparent that there are many documents bearing on the Plaintiffs' Policies that Conseco has not produced. At one time, Conseco offered the rationale that the documents did not relate specifically to the named Plaintiffs. Conseco also has invoked concerns over burden. Even before the Class was certified, these positions lacked merit, but now that the Class has been certified, Conseco's positions are completely devoid of merit. Documents concerning the whole Class are relevant to many disputed issues, and the burden of producing the documents is more than justified by the size of this case.

Second, Conseco is drawing an improper distinction between the named Plaintiffs and absent Class members. While Conseco was willing to produce Policy files for named Plaintiffs, it will not produce them for absent Class members. (Such documents are responsive not only to Request No. 1 but also to Request No. 3 and Request No. 6.) Documents concerning absent Class members may contain a great deal of relevant information and are likely to be critical to Plaintiffs' damages calculations.

### B. Conseco Should Be Ordered to Produce Documents Responsive to Request No. 3, Which Generally Seeks Documents Relating to the Policies.

Conseco's main objection to Document Request No. 3 is that it is "incomprehensibly vague." *See* Letter from C. Lisy, Skadden, Arps, Slate, Meagher & Flom, LLP to A. Hopkins, Gilbert LLP (Nov. 24, 2010), attached as Ex. 7 to Hopkins Decl. To the contrary, however, Plaintiffs' document request was specific, and was clarified in the correspondence quoted above.

*See* Letter from A. Hopkins, Gilbert LLP to C. Lisy, Skadden, Arps, Slate, Meagher & Flom LLP (Oct. 20, 2010). Furthermore, Conseco's general vagueness and overbreadth objections are insufficient and do not relieve Conseco of the obligation to produce documents. *See Tourgeman*, 2010 WL 2181416, at *4 ("If Defendants object to production, they must base their objections on specific facts, such as the numerosity of a particular type of document, to facilitate a meaningful evaluation of what may be considered relevant or an undue burden.").

Instead of making specific objections or explaining why the requests are vague or overly broad, Conseco continues to request that *Plaintiffs* articulate the specific documents they want. *See, e.g.,* Letter from C. Lisy, Skadden, Arps, Slate, Meagher & Flom LLP to A. Hopkins, Gilbert LLP (Dec. 10, 2010), attached as Ex. 12 to Hopkins Decl. Plaintiffs, obviously, are not in a position to identify every document in Conseco's possession that is responsive to Plaintiffs' requests. Plaintiffs have articulated the types of documents they request, and Conseco is obligated to produce responsive documents or state specific objections.

To date, Conseco has produced only limited Policy-related documents and, with some exceptions that it has not explained, Conseco has been willing to produce only Policy-related documents that pertain to the named Plaintiffs. Conseco has objected to producing responsive documents that relate more broadly to all Class members on the ground that Plaintiffs' demand is "overbroad and unduly burdensome." *See* Letter from C. Lisy to A. Hopkins, at 2 (Dec. 10, 2010). Plaintiffs offered to accept Policy-related documents for a subset of the Class members, but Conseco was unwilling to agree to this proposal (which would have required Conseco to agree that such a subset was representative of the entire Class). *Id.*

The law is clear that, as a general matter, class action defendants must produce documents relating to all Class members. For example, in *Tourgeman*, 2010 WL 2181416, at *5, a case involving allegations of unfair debt collection practices, the defendants attempted to narrow the scope of the plaintiff's discovery requests by indicating that they would only produce documents related to the individual plaintiff and would not produce documents related to other debtors. The court concluded, "this is an alleged class action and discovery as to Defendants' general business practices and procedures are relevant to Plaintiff's claims." *Id.* The court held that the

defendants should not have limited the scope of their document production to documents relating only to the plaintiff. *Id.*

Similarly here, Conseco's objection should be overruled because the Policies and practices of administering the Policies of all Class members are relevant to the claims of the Class, and the benefits to the Class of producing the documents far outweigh the burden on Conseco. Documents relating to how Conseco implemented the Policies are directly relevant to the claim that Conseco breached the Policies by calculating premiums in a manner that is inconsistent with the Policy language. This information also is relevant to establishing whether Conseco attempted to compensate for past losses by increasing expense and cost-of-insurance charges in violation of the Non-Participating clause of the Policies. Similarly, the information is relevant to determine whether Conseco improperly categorized amounts as expenses or cost-of-insurance.

Other courts have recognized that, in disputes concerning the meaning of insurance policies, these types of documents are relevant. *See, e.g.*, *GBTI, Inc. v. Ins. Co. of Pa.*, No. 1:09CV01173, 2010 WL 2942631, at *2, 4 (E.D. Cal. July 23, 2010) (granting motion to compel full response to document request seeking production of the underwriting file, underwriting guidelines, manuals, and other reference materials for issuance of the policies finding that the requests are relevant and may lead to the production of admissible evidence regarding interpretation of the policy terms). Indeed, Conseco cannot reasonably contend that the Policies themselves, correspondence between Plaintiffs and Conseco, and annual Policy statements are not relevant because Conseco moved to compel production of these same categories of documents from Plaintiffs last year. *See Brady v. Conseco, Inc.*, No. C 08-05746-SI, 2009 WL 5218046, at *1 (N.D. Cal. Dec. 29, 2009).

  **C.**   **Conseco Should Be Ordered to Produce Documents Responsive to Request No. 6, Which Generally Seeks Documents Relating to the So-Called Administrative Error.**

Documents concerning the so-called administrative error will disclose the nature of the alleged error, the manner in which Conseco has calculated premiums and other charges, when Conseco became aware of the alleged error, what steps Conseco took before policyholders were

– 9 –

MOTION TO COMPEL POLICY-RELATED DOCUMENTS    M:10-cv-02124-SI

informed of the new premiums and charges, and – perhaps most importantly – what the financial ramifications of the alleged error and new premiums and charges were for Conseco and for policyholders. These topics bear on many of the most hotly contested issues in this case, including Conseco's alleged breach of the Non-Participating clause, its alleged dilution of the guaranteed interest rate, and damages.

Yet Conseco has produced very few documents that describe or relate to the alleged administrative error. Plaintiffs acknowledge that Conseco says it is going to produce more documents responsive to Plaintiffs' request, but Conseco has refused to clarify the scope of its anticipated production. To date, Conseco expressly has agreed to produce only one document – an information technology service request form from Frank Scuglik. *See* Letter from C. Lisy to A. Hopkins (Dec. 10, 2010). While Conseco's counsel also recently indicated that Conseco's search for other documents is ongoing, Plaintiffs believe it unlikely that Conseco intends to produce all non-privileged documents responsive to Plaintiffs' request.

Plaintiffs repeatedly have sought clarification but Conseco's responses have been cryptic at best. For example, in its December 10 letter, Conseco's counsel stated that Conseco is "continuing to search for hard copy documents responsive to this request." In a letter dated December 20, 2010, Conseco's counsel stated that it is working to produce documents generated by an "informal working group" that was created to address "certain Lifetrend issues, including that the CK4 system did not fully support the administration of the Lifetrend policies." *See* Letter from C. Lisy, Skadden, Arps, Slate, Meagher and Flom LLP to to A. Hopkins, Gilbert LLP (Dec. 20, 2010), attached as Ex. 9 to Hopkins Decl. This letter also states that beginning in 2005, a "more formalized working group" also addressed "certain Lifetrend issues." Conseco states that it is working to provide the hard copy record of "those documents" while preserving privilege. It remains unclear what documents Conseco intends to produce.

To date, Conseco has not produced board minutes, other meeting minutes, internal communications, or communications with actuarial consultants and other third parties relating to the administrative error. Plaintiffs also are aware of a Daily 963 Error Report that identified Policies that failed the Optional Premium Payment Provision test, but Conseco has not produced

this report.  Conseco must expand its search for responsive documents, as they remain highly relevant.

### III.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully that the Court grant Plaintiffs' motion to compel production of Policy-related documents.  A proposed Order is attached.

Dated:  December 23, 2010                    Respectfully submitted,


                                                /s/
Stephen A. Weisbrod (Admitted *pro hac vice*)
    weisbrods@gotofirm.com
Scott D. Gilbert (Admitted *pro hac vice*)
    gilberts@gotofirm.com
August J. Matteis, Jr. (Admitted *pro hac vice*)
    matteisa@gotofirm.com
Kathleen Hale (Admitted *pro hac vice*)
    halek@gotofirm.com
GILBERT LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005
Telephone:      (202) 772-2200
Facsimile:        (202) 772-1924

David J. Millstein (CSB #87878)
    dmillstein@millstein-law.com
MILLSTEIN & ASSOCIATES
100 The Embarcadero Suite 200
San Francisco, California 94105
Telephone:      (415) 348-0348
Facsimile:        (415) 348-0336

Joseph J. Tabacco, Jr. (CSB #75484)
Christopher T. Heffelfinger (CSB #118058)
Bing W. Ryan (CSB #228641)
BERMAN DEVALERIO
Once California Street, Suite 900
San Francisco, CA 94111
Telephone:      (415) 433-3200
Facsimile:        (415) 433-6382

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2010, a true and correct copy of the foregoing was delivered on the following counsel via electronic filing:

Raoul D. Kennedy
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Email: Raoul.Kennedy@skadden.com

James R. Carroll
David S. Clancy
Christopher A. Lisy
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Beacon Street, 31st Floor
Boston, Massachusetts 02108
Email: James.Carroll@skadden.com
Email: David.Clancy@skadden.com
Email: Cale.Keable@skadden.com

/s/
Stephen A. Weisbrod