David J. Millstein (CSB #87878)
MILLSTEIN & ASSOCIATES
100 The Embarcadero, Suite 200
San Francisco, California 94105
Telephone:     (415) 348-0348
Facsimile:      (415) 348-0336
Email:  dmillstein@millstein-law.com

Scott D. Gilbert (ADMITTED *PRO HAC VICE*)
Stephen A. Weisbrod (ADMITTED *PRO HAC VICE*)
August J. Matteis Jr. (ADMITTED *PRO HAC VICE*)
Kathleen Hale (ADMITTED *PRO HAC VICE*)
GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone:     (202) 772-2200
Facsimile:      (202) 772-3333
Email:  gilberts@gotofirm.com
Email:  weisbrods@gotofirm.com
Email:  matteisa@gotofirm.com
Email:  halek@gotofirm.com

*Other Plaintiffs' Counsel Appear on the Signature Page*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

|  |  |
|---|---|
| **IN RE CONSECO LIFE INSURANCE CO. LIFE TREND INSURANCE MARKETING AND SALES PRACTICE LITIGATION** | Case No. M:10-md-02124-SI<br><br>**STIPULATION PARTIALLY RESOLVING PLAINTIFFS' MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO REGULATORY SETTLEMENT, POLICY-RELATED DOCUMENTS, AND FINANCIAL DOCUMENTS, AND FOR PROTOCOL GOVERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION**  ; ORDER |

On March 9, 2011, Plaintiffs, on behalf of the Class, and Conseco Life Insurance Company ("Conseco") appeared before the Court for argument on four discovery related motions filed by Plaintiffs: Plaintiffs' Motion to Compel Documents Relating to the Regulatory Settlement [Dkt. No. 140]; Plaintiffs' Motion to Compel Policy-Related Documents [Dkt.

– 1 –

No. 141]; Plaintiffs' Motion to Compel Financial Documents [Dkt. No. 142]; Plaintiffs' Motion for a Protocol Governing the Production of Electronically Stored Information by Conseco [Dkt. No. 143]. Prior to the hearing, at the Court's instruction, Plaintiffs and Conseco met and conferred further regarding their discovery disputes. The Parties exchanged proposals, conferred in person on two occasions prior to the hearing, and were able to resolve the majority of their disputes. At the hearing, the Court provided further instruction and guidance, and the parties met and conferred following the hearing. They now submit this stipulation reflecting their agreements, which partially resolve the motions.

The Parties have agreed to a three-phased document production schedule, as described below.

Phase One, which Conseco believes is now complete, called for production by March 31, 2011 of documents that Conseco either previously had agreed to produce or has the ability to produce without conducting an extensive search (because the locations of the documents are already known to Conseco).

Phase Two encompasses Conseco's principal document production. In certain respects, the parties have stipulated that Conseco's Phase Two production obligations will be limited to the production of "High-Level Documents." For the purposes of this Stipulation, "High-Level Documents" means reports, studies, memoranda, presentations, and correspondence, whether in draft or final form, including printed-out or scanned emails, but does not include handwritten notes, emails stored on email servers, emails stored on individual employees' computer hard drives, or correspondence to or from individual policyholders.

In Phase Three the Parties will confer in good faith about additional documents that Plaintiffs may seek after reviewing the earlier productions.

IT THEREFORE IS STIPULATED AND AGREED, by and between the undersigned, as follows:

**I.   PHASE ONE: CONSECO'S NEAR-TERM DOCUMENT PRODUCTION**

   A.   Conseco states that on March 31, 2011, Conseco produced (or logged on a privilege log) the following documents:

   1.   Internal communications concerning the so-called administrative error;

   2.   Conseco rate books relating to the Lifetrend 3 and 4 Policies;

   3.   Base cost of Insurance Table(s);

   4.   Documents sufficient to show the formula Conseco currently uses to calculate cost of insurance;

   5.   Documents sufficient to show any formulas Conseco used to calculate cost of insurance prior to October 2008; and

   6.   Business or factual documents provided to state regulators in the course of their examination of the Lifetrend 3 and 4 Policies to the extent that such documents were not created specifically for the purpose of communicating with the state regulators, provided, however, that any obligation of Conseco to produce documents that were provided to the regulators or otherwise relate to the regulatory examination and that were created specifically for the purpose of communicating with the regulators are not the subject of this Stipulation and will be addressed separately.

**II.   PHASE TWO: CONSECO'S PRINCIPAL DOCUMENT PRODUCTION**

   A.   The Parties shall take the following steps regarding the search for and production of electronically stored information:

   1.   By April 22, 2011, Conseco's counsel shall make a good faith survey of the nature of the Lifetrend 3 or 4-related email residing on the business computers of the 30 custodians identified by Plaintiffs on March 29, 2011, and shall provide a custodian-by-custodian summary of that survey to Plaintiffs;

   2.   Without further order of the Court, Conseco will search the email and High Level Documents saved in Microsoft Word or WordPerfect format found on the imaged hard drives of up to 15 of the 30 previously-identified custodians, to be selected by Plaintiffs based on the results of the survey described above.  Conseco initially will use search terms provided by Plaintiffs to search the imaged hard drives of 3 of the fifteen custodians, to be selected by Plaintiffs.  If, based on the initial search results, Conseco concludes that certain search terms provided by Plaintiffs produce too many irrelevant hits, Conseco will propose alternative search terms, and the parties will meet and confer in good faith in an effort to agree on search terms to be used for the remaining 12 custodians.  Conseco will produce (or log on a privilege log) the responsive documents to Plaintiffs; and

   3.   The Parties may meet and confer on whether Conseco should image additional hard drives and whether Conseco should restore backup tapes.

B. Conseco will produce documents pertaining to specific policyholders as follows:

    1. By May 18, 2011, Conseco will produce the following information for every Class Member:

        a. The name, contact information, and policy number for every policyholder; and

        b. In electronic format (to be agreed upon by April 25, 2011), data contained in certain fields (to be agreed upon by April 25, 2011) from the CK4 policy administration database.

    2. By May 18, 2011, Conseco will produce the following documents for a random sample of policies (the size of such sample to be agreed upon by April 25, 2011):

        a. Policyholder correspondence from the Respond and FileNet databases; and

        b. Annual statements retained in the SAR database.

C. By May 18, 2011, Conseco shall produce (or log on a privilege log by May 30, 2011) the following documents, regardless of which departments or individuals possess or generated them:

    1. Statutory Basis Financial Statements for Conseco Life (1999 to the present);

    2. High-Level Documents addressing or constituting balance sheets, statements of financial condition, profit and loss statements, income statements, and cash flow reports from 2006 forward for Conseco Life that relate to the Lifetrend 3 and 4 Policies;

    3. High-Level Documents addressing restructuring options and strategy for Conseco Life from 2006 to the present;

    4. High-Level Documents addressing Conseco Life's returns on investment from 2006 to the present;

    5. High-Level Documents addressing Conseco Life's solvency from 2006 to the present;

    6. High-Level Documents addressing the financial impact of the proposed or consummated Regulatory Settlement Agreement and/or the expense charges, cost-of-insurance deductions, or premium charges approved therein; and

    7. Documents from 2006 forward sufficient to show the aggregate amount of premiums that Conseco alleges it incorrectly failed to charge policyholders and aggregate amount of "underfunding," if such values are different.

D. By May 30, 2011, Conseco shall produce (or log on a privilege log by June 15, 2011) any and all of the following categories of documents:

1. Servicing agreements between or among Conseco Life Insurance Co., Conseco Services, LLC, and Conseco Inc. (a.k.a. CNO Financial Group, Inc.) concerning Lifetrend 3 and 4 policies (no date restriction);

2. SharePoint documents for the Lifetrend Working Group, Steering Committee, and/or Project Team (no date restriction);

3. Underwriting documents for the Lifetrend 3 and 4 Policy program (not including documents relating to the underwriting of individual policyholders' policies) (no date restriction);

4. High-Level Documents exchanged between Conseco and Milliman or any other actuarial consultant from 2005 to the present that relate to the Lifetrend 3 and 4 Policies; and

5. High-Level Documents exchanged between Conseco and any outside consultants who worked on underwriting and/or Policy administration matters for Lifetrend 3 and 4 Policies (no date restriction).

E. By June 17, 2011, Conseco shall produce (or log on a privilege log) any and all of the following documents from the actuarial, financial reporting, and evaluations departments, including any and all documents from the directories on Conseco's main server:

1. High-Level Documents constituting or addressing actuarial analyses, studies, presentations, or reports relating to the Lifetrend 3 and 4 Policies (no date restriction);

2. High-Level Documents relating to policy lapse assumptions and policy lapse experience for the Lifetrend 3 and 4 Policies (no date restriction);

3. High-Level Documents addressing mortality assumptions, mortality experience and mortality tables for the Lifetrend 3 and 4 Policies (no date restriction);

4. High-Level Documents addressing, calculating or summarizing cost of insurance, including the aggregate total of cost-of-insurance charges for the Lifetrend 3 and 4 Policies (no date restriction);

5. High-Level Documents addressing, calculating or summarizing policy-administration expenses for the Lifetrend 3 and 4 Policies (no date restriction);

6. High-Level Documents addressing, calculating or summarizing charges for expenses for the Lifetrend 3 and 4 Policies, including the aggregate totals of per-unit and per-policy expense charges (no date restriction);

7. High-Level Documents from 2008 forward addressing, calculating or summarizing premiums to be assessed and premiums actually assessed after the execution of the Regulatory Settlement Agreement for Lifetrend 3 and 4 policyholders who elected OPP status;

        8.        High-Level Documents from 2006 forward addressing, calculating or summarizing the aggregate shortfall amount allegedly resulting from Conseco's failure to seek premium payments from policyholders with underfunded accounts;

        9.        Documents sufficient to show the number of optional modifications to the Lifetrend 3 and 4 Policies elected by policyholders and the projected or actual economic value, cost or benefit of such modifications to Conseco;

        10.      Documents sufficient to show the number of releases of Policy-related claims for the Lifetrend 3 and 4 Policies and the projected or actual economic value, cost or benefit of such releases to Conseco;

        11.      Board minutes of Conseco Life, Conseco Services and/or Conseco Inc. from 2006 to the present to the extent they discuss Lifetrend 3 and 4 and/or the solvency of Conseco Life and/or the restructuring of Conseco Life.

### III. PHASE THREE: ADDITIONAL DISCOVERY AS NEEDED

A. By July 1, 2011, the Parties will meet and confer in good faith regarding any additional documents that Plaintiffs contend there is good cause to produce, including but not limited to the following:

    1. Hard copy documents and emails and other ESI from 2006 to the present for any additional individual custodians to be determined;

    2. Emails prior to 2006 for individual custodians identified in Phase Two;

    3. Other responsive documents falling outside of the date ranges specified in Phase Two;

    4. Responsive documents from the Marketing and Customer Service divisions, and any other divisions identified as relevant; and

    5. Other documents not described above.

B. Conseco shall have an obligation to supplement its document production as to the above categories to the extent that, subsequent to any production deadline, it locates documents generated before a production deadline. Conseco shall supplement its document production with documents described in paragraph II.E.1, 4, 5 and 6 that are generated after a production deadline. In addition, Conseco will consider in good faith (and will meet and confer as appropriate) any request from Plaintiffs to supplement with respect to any particular document or category of documents.

### IV. PRIVILEGE LOGS

A. Conseco produced an initial privilege log to Plaintiffs on March 31, 2011.

B. Unless otherwise specified herein, whenever a document production deadline is listed above, Conseco shall produce within 28 days of that deadline a log for any withheld documents that, absent a privilege or confidentiality assertion, would have been produced by that deadline.

### V. REGULATORY SETTLEMENT DOCUMENTS

A. Conseco's right, if any, to withhold documents pertaining to its negotiations and agreement with state insurance regulators will be addressed separately.

B. To the extent that Conseco withholds any documents that fall into any category described above on the ground that it is protected under a statute governing communications between insurers and insurance regulators, Conseco will list such withheld documents on a privilege log in accordance with deadlines described above.

### VI. EXTENSIONS OF DEADLINES

A. In the event that a Party concludes that it is unable to comply with a deadline set forth in this Stipulation, the Parties shall meet and confer.  Without further Order of the Court, the Parties may mutually agree to extend any deadline set forth in this Stipulation by up to sixty (60) days.

B. If the Parties cannot agree on a requested extension or believe that they require an extension of greater than sixty (60) days, they will file appropriate submissions with the Court.

Dated:  April 13, 2011                     Respectfully submitted,


    /s/
Stephen A. Weisbrod (Admitted *pro hac vice*)
    weisbrods@gotofirm.com
Scott D. Gilbert (Admitted *pro hac vice*)
    gilberts@gotofirm.com
August J. Matteis, Jr. (Admitted *pro hac vice*)
    matteisa@gotofirm.com
Kathleen Hale (Admitted *pro hac vice*)
    halek@gotofirm.com
GILBERT LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005
Telephone:     (202) 772-2200
Facsimile:     (202) 772-1924

David J. Millstein (CSB #87878)
    dmillstein@millstein-law.com
MILLSTEIN & ASSOCIATES
100 The Embarcadero Suite 200
San Francisco, California 94105
Telephone:     (415) 348-0348
Facsimile:     (415) 348-0336

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joseph J. Tabacco, Jr. (CSB #75484)
Christopher T. Heffelfinger (CSB #118058)
Bing W. Ryan (CSB #228641)
BERMAN DEVALERIO
One California Street, Suite 900
San Francisco, CA 94111
Telephone:    (415) 433-3200
Facsimile:     (415) 433-6382

*Attorneys for Plaintiffs*


 /s/
James R. Carroll
David S. Clancy
Christopher A. Lisy

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
One Beacon Street, 31st Floor
Boston, MA  02108

*Attorneys for Conseco Life Insurance Company*

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Stephen A. Weisbrod am the ECF User whose ID and password are being used to file this Stipulation.  In compliance with General Order 45.X.B, I hereby attest that the concurrence in the filing of this document has been obtained from each of the other signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of April 2011 at Washington, DC.

                                                /s/
                                                Stephen A. Weisbrod (Admitted *pro hac vice*)

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:   April 15, 2011                                  
                                            The Honorable



STIPULATION CONCERNING MOTIONS TO COMPEL            M:10-md-02124-SI

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2011, a true and correct copy of the foregoing was delivered on the following counsel via electronic filing:

>Raoul D. Kennedy
>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>Four Embarcadero Center, Suite 3800
>San Francisco, California 94111
>Email: Raoul.Kennedy@skadden.com
>
>James R. Carroll
>David S. Clancy
>Christopher A. Lisy
>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>One Beacon Street, 31st Floor
>Boston, Massachusetts 02108
>Email: James.Carroll@skadden.com
>Email: David.Clancy@skadden.com
>Email: Christopher.Lisy@skadden.com

/s/
Stephen A. Weisbrod