David J. Millstein (CSB #87878)
MILLSTEIN & ASSOCIATES
100 The Embarcadero Suite 200
San Francisco, California 94105
Telephone:     (415) 348-0348
Facsimile:     (415) 348-0336
E-mail:dmillstein@millstein-law.com

Scott D. Gilbert (ADMITTED *PRO HAC VICE*)
Craig J. Litherland (ADMITTED *PRO HAC VICE*)
Andrea K. Hopkins (ADMITTED *PRO HAC VICE*)
Christopher M. Sweeney (ADMITTED *PRO HAC VICE*)
GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone:     (202) 772-2200
Facsimile:     (202) 772-3333
Email: gilberts@gotofirm.com
Email: litherlandc@gotofirm.com
Email: hopkinsa@gotofirm.com
Email: sweeneyc@gotofirm.com

*Other Plaintiffs' Counsel Appear on the Signature Page*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

| | |
|---|---|
| **IN RE CONSECO LIFE INSURANCE CO. LIFE TREND INSURANCE MARKETING AND SALES PRACTICE LITIGATION** | **Case No. 3:10-md-02124-SI (EDL)**<br><br>**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF EMAILS**<br><br>Date: December 20, 2011<br>Time: 9:30 a.m.<br>Judge: Courtroom E, 15th Floor,<br>      United States Magistrate Judge<br>      Elizabeth D. Laporte |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 20, 2011, at 9:30 a.m., before the United States Magistrate Judge Elizabeth D. Laporte, United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom E, 15th Floor, San Francisco, California 94102, or on such other date as may be set by the Court, Plaintiffs,[1] on behalf of themselves and the Class, will move pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37 to compel Conseco to produce certain electronic mail documents in response to Plaintiffs' document requests.

## STATEMENT OF ISSUE

This motion concerns a discovery dispute between Plaintiffs and Conseco Life Insurance Company ("Conseco" or the "Defendant") (collectively, "the Parties") concerning Conseco's obligation to produce its email and other electronic documents from fifteen custodians agreed to by the Parties. Pursuant to the terms of a stipulation entered into by the Parties and ordered by this Court, Conseco was obligated to search for and produce emails to Plaintiffs in accordance with certain specified search parameters. In spite of repeated requests by the Plaintiffs in letters and emails and a "meet and confer" between the Parties, Conseco has failed to meet that obligation.

Conseco has represented that the estimated volume of this production will be hundreds of thousands of pages. Conseco's sole explanation for its failure to produce any of the emails is that it intends to conduct a full privilege review of each of these emails before beginning its rolling production. The Parties are rapidly nearing the close of discovery and Plaintiffs cannot wait any longer for this Court-ordered discovery to which it is entitled. As a result, Plaintiffs are forced to seek relief from this Court.

---

[1] Plaintiffs filing this motion are Cedric Brady, Charles Hovden, Marion Hovden, Eugene Kreps, John McNamara, and Hisaji Sakai, each of whom is a plaintiff in *Brady v. Conseco, Inc.*, No. 3:08-CV-5746 (N.D. Cal.) and Bill W. McFarland, who is the plaintiff in the action *McFarland v. Conseco Life Ins. Co.*, No. 3:09-CV-598 (M.D. Fla.) (collectively, "Plaintiffs").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

Plaintiffs brought this class action individually and on behalf of a certified nationwide class of all owners of certain life insurance policies administered by Conseco Life Insurance Company ("Conseco"). Plaintiffs seek injunctive, declaratory, and monetary relief requiring Conseco Life to reverse the improper charges it unlawfully imposed on policyholders and to restore the value of Plaintiffs' policies.

Plaintiffs own whole life policies called Lifetrend policies that provide a death benefit and that accumulate a cash value that can be borrowed against or withdrawn at any time. The Lifetrend policies contain a provision called the Optional Premium Payment Provision, which allows the policyholder to pay large premiums and other associated costs for a short period of time after which the premium charge would "vanish," and the policies would become self-funding. Plaintiffs made substantial payments on their policies for several years, and, as they expected, the premiums and other charges soon vanished.

In October 2008, Conseco sent Plaintiffs a form letter notifying them that their policies were substantially under funded due to an alleged administrative error. Conseco announced that, going forward, it would be deducting increased expense charges and increased cost-of-insurance charges ranging from a few hundred to a few thousand dollars per month, depending on the policy amount. Conseco announced this increase to the cost-of-insurance charge even though the primary factor that determines cost of insurance – mortality – had decreased.

Plaintiffs allege that these changes to the expense charges and cost-of-insurance deductions violate the express terms of the policies. Plaintiffs also allege that Conseco is attempting to pass along the cost of its investment losses on the Lifetrend policies in violation of a policy provision that expressly forbids Conseco from passing along company losses in the calculation of cost-of-insurance charges or other fees. Thus, Plaintiffs have sued for breach of contract and seek a declaration that Conseco is violating the Lifetrend policies.

In an effort to obtain basic information about Conseco's actions and the Class members' damages, Plaintiffs served Conseco with document requests concerning the Lifetrend policies and Conseco's conduct with respect to them.

Plaintiffs' Requests include the following:

> **DOCUMENT REQUEST NO. 1:** All Documents Relating to the Plaintiffs including without limitation: (a) their applications for life insurance; (b) their Policies; (c) all Documents contained in the Plaintiffs' files; (d) annual and other periodic statements; (e) in force ledgers and other Documents used to monitor the balances of the Plaintiffs' accumulation accounts; (f) materials Relating to any loans the Plaintiffs have taken pursuant to the terms of their Policies; (g) correspondence with the Plaintiffs.
>
> **DOCUMENT REQUEST NO. 2:** All Documents Relating to the marketing and/or sales of the Policies, including without limitation: (a) promotional, sales and/or marketing materials; (b) training and/or educational materials for Individuals who sold the Policies; (c) scripts or other materials Relating to how the Policies were marketed; (d) Documents Relating to the marketing and/or sales of the policies; (e) Policy illustrations and other documents used to project Policy values over time ; (f) computer programs, software, and other Documents used to create Policy illustrations and other documents that projected Policy values over time.
>
> **DOCUMENT REQUEST NO. 3:** All Documents Relating to the Policies including without limitation: (a) Documents Relating to the underwriting of the Policies; (b) Documents Relating to procedures for adjusting and handling claims made under the Policies; (c) Documents Relating to how the cost of insurance rate, cost of insurance charge, surrender fee, guaranteed cash value, and interest rates are determined, including any actuarial tables or projections and mortality tables or projections that are used in said calculations; (d) Documents Related to the Optional Premium Payment Provision including how Conseco determined whether policies were adequately funded and any efforts by Conseco to notify policyholders if their accounts became Under Funded.
>
> **DOCUMENT REQUEST NO. 6:** All Documents Relating to the Administrative Error including without limitation: (a) Documents describing the Administrative Error; (b) Documents Relating to proposed responses to the Administrative Error; (c) Communications between Employees of Conseco Life Relating to the Administrative; (d) board minutes Relating to the Administrative Error; (e) all drafts of the October 7, 2008 letter (attached hereto as Exhibit A); (f) Communications between You and Conseco Inc. Relating to the Administrative Error; (g) Documents describing the financial effects of the Administrative error; (h) Documents describing Conseco's activity Relating to the Administrative Error between the time when the Administrative Error was first discovered and when Conseco sent the October 7, 2008 letter (attached hereto as Exhibit A).

*See* Pls.' First Req. for Produc. of Docs. (Aug. 24, 2009), attached as Ex. 1 to Declaration of Andrea Hopkins in Supp. of Pls.' Mot. to Compel Production of Emails ("Hopkins Decl.").

Conseco's responses were as follows:

**RESPONSE TO NO. 1:** *See* General Objections, which are incorporated herein.  Defendant further objects to this request on the basis that the categories of documents requested therein are vague, unduly burdensome, and are not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving the foregoing objections, Defendant will produce, to the extent located after diligent search, each Plaintiffs' policy files (which includes, *inter alia*, the policy, application and correspondence with the insured).

**RESPONSE TO NO. 2:** *See* General Objections, which are incorporated herein.  Defendant further objects to this request on the basis that the categories of documents requested therein are vague, unduly burdensome, and are not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving the foregoing objections, Defendant will produce, to the extent located after diligent search, documents constituting marketing materials as to Lifetrend III and IV policies (the only Lifetrend policy types as to which Conseco sent the October 7, 2008 letter or a letter substantially similar to it). As to point-of-sale illustrations, however, Conseco Life will provide the Plaintiffs' illustrations (if any), and representative copies of other types of Lifetrend III and IV illustrations used over time.

**RESPONSE TO NO. 3:** *See* General Objections, which are incorporated herein.  Defendant further objects to this request on the basis that it "all documents relating to the Policies" is – to an extreme degree – vague, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving the foregoing objections, Defendant will produce, to the extent located after diligent search, Plaintiffs' policy files (which includes, *inter alia*, the policy, application and correspondence with the insured), as well as documents constituting Defendant's policies and procedures concerning the administration of Lifetrend III and IV policies.

**RESPONSE TO NO. 6:** *See* General Objections, which are incorporated herein.  Defendant further objects to this request on the basis that it is overly vague, broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of relevant evidence, and that it fails to identify a specific period of time.  For example, you define "Administrative Error" such that this request is wholly unworkable and unreasonable, and in effect it purports to place on Defendant the burden of making subjective judgments as to what categories of documents Plaintiffs' counsel and their expert(s) may view as bearing on the issues in this case.

Subject to and without waiving the foregoing objections, Defendant will produce, to the extent located after diligent search, (i) internal communications concerning the alleged error, (ii) communications

– 4 –

> with Plaintiffs, including non-privileged drafts of such communications, concerning the alleged error, (iii) minutes of meetings of Conseco Life's board of directors to the extent there is discussion of Conseco, Inc., if any, for the years 2004 to the present; and (iv) minutes of meetings of Conseco Life's board of directors to the extent there is discussion of the alleged error, if any, for the years 2000 to the present.

*See* Def. Conseco Life Ins. Co.'s Resps. and Objections to Pls.' First Req. for Produc. of Docs. (Sept. 29, 2009), attached as Ex. 2 to Hopkins Decl.

On December 23, 2010, Plaintiffs filed a Motion for Protocol Governing Production of Electronically Stored Information by Defendant Conseco Life Insurance Company concerning, among other things, Conseco's failure to produce emails. ECF No. 143. On April 13, 2011, the Parties agreed to a stipulated order that partially resolved this motion (the "Stipulated Discovery Order," ECF No. 181) which was entered by this Court on April 15, 2011. Pursuant to Section II(A), Conseco agreed, and the Court ordered, that

> 1. By April 22, 2011, Conseco's counsel shall make a good faith survey of the nature of the Lifetrend 3 or 4-related email residing on the business computers of the 30 custodians identified by Plaintiffs on March 29, 2011, and shall provide a custodian-by-custodian summary of that survey to Plaintiffs;
>
> 2. Without further order of the Court, Conseco will search the email and High Level Documents saved in Microsoft Word or WordPerfect format found on the imaged hard drives of up to 15 of the 30 previously-identified custodians, to be selected by Plaintiffs based on the results of the survey described above. Conseco initially will use search terms provided by Plaintiffs to search the imaged hard drives of 3 of the fifteen custodians, to be selected by Plaintiffs. If, based on the initial search results, Conseco concludes that certain search terms provided by Plaintiffs produce too many irrelevant hits, Conseco will propose alternative search terms, and the parties will meet and confer in good faith in an effort to agree on search terms to be used for the remaining 12 custodians. Conseco will produce (or log on a privilege log) the responsive documents to Plaintiffs; and
>
> 3. The Parties may meet and confer on whether Conseco should image additional hard drives and whether Conseco should restore backup tapes.

Stipulated Discovery Order at 3.

By mid-August 2011, the Parties had agreed on email search parameters, including the custodians and search terms. *See* Letter from C. Lisy, Skadden, Arps, Slate, Meagher & Flom LLP to J. Katz, Gilbert LLP (August 29, 2011) attached as Ex. 3 to Hopkins Decl. On August 29, 2011, counsel for Conseco sent a letter to Plaintiffs, responding to an earlier inquiry, stating that they expected the production to "amount to hundreds of thousands of additional pages" and that they were in the process of reviewing the emails and would "produce responsive document[s] as soon as possible." *See* Ex. 3 to Hopkins Decl.

By mid-September, Conseco had still produced no emails to Plaintiffs.[2] Accordingly, the Parties conferred by telephone on September 14, 2011. *See* Hopkins Decl. ¶ 2. During that conference, counsel for Conseco stated that they intended to produce emails on a rolling basis, but refused to provide any timeframe by which Conseco would begin this rolling production. *See* Hopkins Decl. ¶ 3. Counsel for Conseco insisted that they needed to review all of the documents for privilege before beginning production. *Id.* Indeed, Conseco's counsel asserted that they could not assure Plaintiffs that the production would even begin by October. *Id.* To date, Conseco has not begun its rolling production of emails to Plaintiffs. *See* Hopkins Decl. ¶ 4.

## II.  ARGUMENT

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Pursuant to Federal Rule of Civil Procedure 34(b)(2), responses to properly served document requests are due within 30 days after being served.

Plaintiffs served the document requests at issue on August 29, 2009 – over two years ago. The Parties entered into the Stipulated Discovery Order on April 15, 2011 – almost seven months ago. By any measure, production of these emails is long overdue. The emails at issue are responsive to relevant document requests. There is no dispute that Conseco's counsel is in

---

[2] This motion concerns emails which are stored electronically. Conseco has produced certain emails which had been stored as hard copies.

– 6 –

possession of these emails. Further, it appears that Conseco's counsel has already reviewed a significant number of these emails in preparation for production. Conseco's position is simply that it should be entitled to conduct a full and complete privilege review of the entire production before beginning its *rolling* production. Plaintiffs disagree.

Plaintiffs' counsel have communicated repeatedly with Conseco by email and telephone in an effort to provide Conseco with adequate review time and to avoid motions practice. Conseco has had more than ample time to review the emails for production. At least as of mid-August, it was aware of the custodians and search terms for this production. Its assertion that it must first review the entire production for privilege is unsupported and unreasonable in light of the current time constraints and the amount of time it has already had to conduct its review. Plaintiffs cannot wait any longer.

As in most cases of this nature, the emails are likely to yield critical discovery. The emails likely will shed light on the actual basis under which Conseco administered these policies, what factors Conseco used to calculate premiums, cost-of-insurance charges, and expense charges, and why Conseco administered the policies correctly for so many years, only to take a different tack later.

The close of fact discovery on all issues in this case is currently February 27, 2012. Counsel for Conseco has insisted on retention of the present discovery cutoff. Conseco's counsel also has represented that the email production will include hundreds of thousands of pages. Plaintiffs need sufficient time to review these emails and to conduct additional discovery, as necessary, prior to the close of fact discovery. Plaintiffs' ability to conduct further discovery will be hampered by any further delay in the production of emails.

For the reasons delineated herein, Conseco should be ordered to produce all emails in accordance with the search terms and custodians agreed to by the Parties.

| | |
|---|---|
| Dated: November 10, 2011 | Respectfully submitted, |

                                                  /s/
Scott D. Gilbert (Admitted *pro hac vice*)
    gilberts@gotofirm.com
Craig J. Litherland (Admitted *pro hac vice*)
    litherlandc@gotofirm.com
Andrea K. Hopkins (Admitted *pro hac vice*)
    hopkinsa@gotofirm.com
Christopher M. Sweeney (Admitted *pro hac vice*)
    sweeneyc@gotofirm.com
GILBERT LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005
Telephone:    (202) 772-2200
Facsimile:    (202) 772-1924

David J. Millstein (CSB #87878)
    dmillstein@millstein-law.com
MILLSTEIN & ASSOCIATES
100 The Embarcadero Suite 200
San Francisco, California 94105
Telephone:    (415) 348-0348
Facsimile:    (415) 348-0336

Joseph J. Tabacco, Jr. (CSB #75484)
Christopher T. Heffelfinger (CSB #118058)
Bing W. Ryan (CSB #228641)
BERMAN DEVALERIO
Once California Street, Suite 900
San Francisco, CA 94111
Telephone:    (415) 433-3200
Facsimile:    (415) 433-6382

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2011, a true and correct copy of the foregoing was delivered on the following counsel via electronic filing:

>Raoul D. Kennedy
>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>Four Embarcadero Center, Suite 3800
>San Francisco, California 94111
>Email: Raoul.Kennedy@skadden.com
>
>James R. Carroll
>David S. Clancy
>Christopher A. Lisy
>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>One Beacon Street, 31st Floor
>Boston, Massachusetts 02108
>Email: James.Carroll@skadden.com
>Email: David.Clancy@skadden.com
>Email: Cale.Keable@skadden.com

                                        /s/
                                Craig J. Litherland