1   David J. Millstein (CSB #87878)
    MILLSTEIN & ASSOCIATES
2   100 The Embarcadero Suite 200
    San Francisco, California  94105
3   Telephone:  (415) 348-0348
    Facsimile:  (415) 348-0336
4   E-mail:  dmillstein@millstein-law.com

5   Scott D. Gilbert (ADMITTED *PRO HAC VICE*)
    Craig J. Litherland (ADMITTED *PRO HAC VICE*)
6   Andrea K. Hopkins (ADMITTED *PRO HAC VICE*)
    Christopher M. Sweeney (ADMITTED *PRO HAC VICE*)
7   GILBERT LLP
    1100 New York Avenue, NW, Suite 700
8   Washington, DC  20005
    Telephone:  (202) 772-2200
9   Facsimile:  (202) 772-3333
    Email:  gilberts@gotofirm.com
10  Email:  litherlandc@gotofirm.com
    Email:  hopkinsa@gotofirm.com
11  Email:  sweeneyc@gotofirm.com

12  *Other Plaintiffs' Counsel Appear on the Signature Page*

13
                    **UNITED STATES DISTRICT COURT**
14           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                        **NORTHERN DIVISION**
15

16                                              )
                                                )  **Case No. 3:10-md-02124-SI (EDL)**
17                                              )
                                                )
18  **IN RE CONSECO LIFE INSURANCE CO.**        )  **PLAINTIFFS' MOTION TO COMPEL**
    **LIFETREND INSURANCE SALES AND**           )  **PRODUCTION OF DOCUMENTS**
19  **MARKETING LITIGATION**                    )  **NOT PROTECTED UNDER**
                                                )  **ATTORNEY-CLIENT PRIVILEGE OR**
20                                              )  **THE WORK PRODUCT DOCTRINE**
                                                )
21                                              )  Date:    January 3, 2012
                                                )  Time:    9:00 a.m.
22                                              )  Judge:   Courtroom E, 15th Floor,
                                                )          United States Magistrate Judge
23                                              )          Elizabeth D. Laporte

24

25

26

27

28

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS NOT PROTECTED UNDER
ATTORNEY-CLIENT PRIVILEGE OR THE WORK PRODUCT DOCTRINE              3:10-md-02124-SI

**TABLE OF CONTENTS**

Table of Contents ..........................................................................................................................i

Notice of Motion......................................................................................................................... 1

Statement of Issues..................................................................................................................... 1

Memorandum of Points and Authorities..................................................................................... 1

I.      Statement of Facts .......................................................................................................... 1

        A.      The Discovery Requests ..................................................................................... 2

        B.      Conseco's Privilege Log...................................................................................... 4

II.     Argument ........................................................................................................................ 7

        A.      Conseco's Failure to Identify an Attorney Is Fatal to its Attorney-Client
                Privilege Claim. .................................................................................................. 7

        B.      Conseco's Work Product Doctrine Claims Fail Without Identification of
                the Authors or Evidence That the Documents Were Prepared in
                Anticipation of Litigation. ................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*
No. C 07-1359, 2008 WL 5214330 (N.D. Cal. Dec. 12, 2008) ..................................... 8, 9, 10

*Coleman v. Schwarzenneger*
Nos. CIV S-90-0520 LKK JFM & C01-1351 TEH, 2007 WL 4328476 (E.D. Cal. &
N.D. Cal. Dec. 6, 2007) .............................................................................................. 7, 8

*Dowling v. Am. Hawaii Cruises, Inc.*
971 F.2d 423 (9th Cir. 1992) ............................................................................................ 7

*Fox v. Cal. Sierra Fin. Servs.*
120 F.R.D. 520 (N.D. Cal. 1988) ..................................................................................... 9

*Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*
136 F.3d 695 (10th Cir. 1998) .......................................................................................... 9

*Hickman v. Taylor*
329 U.S. 495 (1947) .......................................................................................................... 9

*In re Grand Jury Investigation*
974 F.2d 1068 (9th Cir. 1992) .......................................................................................... 7

*In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*
357 F.3d 900 (9th Cir. 2004) ............................................................................................ 9

*In re Sealed Case*
146 F.3d 881 (D.C. Cir. 1998) ......................................................................................... 9

*Oakes v. Halvorsen Marine Ltd.*
179 F.R.D. 281 (C.D. Cal. 1998) ..................................................................................... 7

*Senate of P.R. v. U.S. Dep't of Justice*
823 F.2d 574 (D.C. Cir. 1987) ....................................................................................... 10

*Star Editorial, Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal. (Dangerfield)*
7 F.3d 856 (9th Cir. 1993) ................................................................................................ 7

*Umpqua Bank v. First Am. Title Ins. Co.*
CIV S-09-3208 WBS EFB, 2011 WL 997212 (E.D. Cal. Mar. 17, 2011) ......................... 9, 10

*United Coal Cos. v. Powell Constr. Co.*
839 F.2d 958 (3d Cir. 1988) ............................................................................................. 9

– ii –

**CALIFORNIA CASES**

*Calvert v. State Bar of Cal.*
     54 Cal. 3d 765 (1991) ................................................................................................................. 8

**CALIFORNIA STATUTES**

Cal. Evid. Code § 952 ................................................................................................................... 8

Cal. Evid. Code § 954 ................................................................................................................... 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(a)(5)(A) .......................................................................................................... 7

Fed. R. Civ. P. 26(b)(3) ................................................................................................................ 9

Fed. R. Civ. P. 26(b) ............................................................................................................... 5, 7

Fed. R. Evid. 501 ........................................................................................................................... 7

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS NOT PROTECTED UNDER
ATTORNEY-CLIENT PRIVILEGE OR THE WORK PRODUCT DOCTRINE          3:10-md-02124-SI

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on January 3, 2012, at 9:00 a.m., before the United States Magistrate Judge Elizabeth D. Laporte, United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom E, 15th Floor, San Francisco, California 94102, or on such other date as may be set by the Court, Plaintiffs,[1] on behalf of themselves and the Class, will move pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 37 to compel Conseco to produce certain documents which Conseco has withheld based upon unsubstantiated attorney-client privilege and attorney work product claims.

**STATEMENT OF ISSUES**

This motion concerns a discovery dispute between Plaintiffs and Conseco Life Insurance Company ("Conseco" or the "Defendant") (collectively, "the Parties") concerning Conseco's obligation to produce documents which Conseco alleges to be – but has failed to establish – protected under attorney-client privilege and the work product doctrine.  In spite of the "meet and confer" between the Parties and this Court's November 1, 2011 Discovery Order, Conseco has failed to establish any applicable privilege or to produce the documents at issue.

Conseco's privilege log lists 976 entries referring to documents which Conseco alleges to be protected from disclosure by attorney-client privilege and the work product doctrine.  Yet, Conseco has listed neither an author or recipient for the majority of these documents.  Further, Conseco's claim of protection under the work product doctrine fails because, in addition to failing to list an author, the description of these documents does not establish that they were prepared in anticipation of litigation.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     STATEMENT OF FACTS**

Plaintiffs brought this class action individually and on behalf of a certified nationwide class of all owners of certain life insurance policies administered by Conseco.  Plaintiffs seek

---

[1] Plaintiffs filing this motion are Cedric Brady, Charles Hovden, Marion Hovden, Eugene Kreps, John McNamara, and Hisaji Sakai, each of whom is a plaintiff in *Brady v. Conseco, Inc.*, No. 3:08-CV-5746 (N.D. Cal.) and Bill W. McFarland, who is the plaintiff in the action *McFarland v. Conseco Life Ins. Co.*, No. 3:09-CV-598 (M.D. Fla.) (collectively, "Plaintiffs").

– 1 –

injunctive and declaratory relief requiring Conseco Life to reverse the improper charges it unlawfully imposed on policyholders, to refrain from further improper charges, and to restore the value of Plaintiffs' policies.

### A.     The Discovery Requests

In an effort to obtain basic information about Conseco's actions and the Class members' damages, Plaintiffs served Conseco with document requests concerning the Lifetrend policies at issue in this litigation and Conseco's conduct with respect to them.

Plaintiffs' Requests include the following:

> **<u>DOCUMENT REQUEST NO. 1:</u>**  All Documents Relating to the Plaintiffs including without limitation:  (a) their applications for life insurance; (b) their Policies; (c) all Documents contained in the Plaintiffs' files; (d) annual and other periodic statements; (e) in force ledgers and other Documents used to monitor the balances of the Plaintiffs' accumulation accounts; (f) materials Relating to any loans the Plaintiffs have taken pursuant to the terms of their Policies; (g) correspondence with the Plaintiffs.

> **<u>DOCUMENT REQUEST NO. 2:</u>**  All Documents Relating to the marketing and/or sales of the Policies, including without limitation:  (a) promotional, sales and/or marketing materials; (b) training and/or educational materials for Individuals who sold the Policies; (c) scripts or other materials Relating to how the Policies were marketed; (d) Documents Relating to the marketing and/or sales of the policies; (e) Policy illustrations and other documents used to project Policy values over time; (f) computer programs, software, and other Documents used to create Policy illustrations and other documents that projected Policy values over time.

> **<u>DOCUMENT REQUEST NO. 3:</u>**  All Documents Relating to the Policies including without limitation:  (a) Documents Relating to the underwriting of the Policies; (b) Documents Relating to procedures for adjusting and handling claims made under the Policies; (c) Documents Relating to how the cost of insurance rate, cost of insurance charge, surrender fee, guaranteed cash value, and interest rates are determined, including any actuarial tables or projections and mortality tables or projections that are used in said calculations; (d) Documents Related to the Optional Premium Payment Provision including how Conseco determined whether policies were adequately funded and any efforts by Conseco to notify policyholders if their accounts became Under Funded.

> **<u>DOCUMENT REQUEST NO. 6:</u>**  All Documents Relating to the Administrative Error including without limitation:  (a) Documents describing the Administrative Error; (b) Documents Relating to proposed responses to the Administrative Error; (c) Communications between Employees of Conseco Life Relating to

– 2 –

1    the Administrative; (d) board minutes Relating to the
     Administrative Error; (e) all drafts of the October 7, 2008 letter
2    (attached hereto as Exhibit A); (f) Communications between You
     and Conseco Inc. Relating to the Administrative Error; (g)
3    Documents describing the financial effects of the Administrative
     error; (h) Documents describing Conseco's activity Relating to the
4    Administrative Error between the time when the Administrative
     Error was first discovered and when Conseco sent the October 7,
5    2008 letter (attached hereto as Exhibit A).

6    *See* Pls.' First Req. for Produc. of Docs. (Aug. 24, 2009), attached as Ex. 1 to Declaration of

7    Andrea Hopkins in Supp. of Pls.' Mot. to Compel Produc. of Docs. Not Protected Under

8    Attorney-Client Privilege or the Work Product Doctrine ("Hopkins Decl.").

9        Conseco's responses were as follows:

10       **RESPONSE TO NO. 1:**  *See* General Objections, which are
         incorporated herein.  Defendant further objects to this request on
11       the basis that the categories of documents requested therein are
         vague, unduly burdensome, and are not reasonably calculated to
12       lead to the discovery of relevant evidence.

13       Subject to and without waiving the foregoing objections, Defendant
         will produce, to the extent located after diligent search, each
14       Plaintiffs' policy files (which includes, *inter alia*, the policy,
         application and correspondence with the insured).
15
         **RESPONSE TO NO. 2:**  *See* General Objections, which are
16       incorporated herein.  Defendant further objects to this request on
         the basis that it is vague, unduly burdensome, and is not reasonably
17       calculated to lead to the discovery of relevant evidence.

18       Subject to and without waiving the foregoing objections, Defendant
         will produce, to the extent located after diligent search, documents
19       constituting marketing materials as to Lifetrend III and IV policies
         (the only Lifetrend policy types as to which Conseco Life sent the
20       October 7, 2008 letter or a letter substantially similar to it).  As to
         point-of-sale illustrations, however, Conseco Life will provide the
21       Plaintiffs' illustrations (if any), and representative copies of other
         types of Lifetrend III and IV illustrations used over time.
22
         **RESPONSE TO NO. 3:**  *See* General Objections, which are
23       incorporated herein.  Defendant further objects to this request on
         the basis that it "all documents relating to the Policies" is – to an
24       extreme degree – vague, unduly burdensome, and not reasonably
         calculated to lead to the discovery of relevant evidence.
25
         Subject to and without waiving the foregoing objections, Defendant
26       will produce, to the extent located after diligent search, Plaintiffs'
         policy files (which includes, *inter alia*, the policy, application and
27       correspondence with the insured), as well as documents constituting
         Defendant's policies and procedures concerning the administration
28

– 3 –

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS NOT PROTECTED UNDER
ATTORNEY-CLIENT PRIVILEGE OR THE WORK PRODUCT DOCTRINE          3:10-md-02124-SI

1    of Lifetrend III and IV policies.

2    **RESPONSE TO NO. 6:**  *See* General Objections, which are
incorporated herein.  Defendant further objects to this request on

3    the basis that it is overly vague, broad, unduly burdensome, and is
not reasonably calculated to lead to the discovery of relevant

4    evidence, and that it fails to identify a specific period of time.  For
example, you define "Administrative Error" such that this request is

5    wholly unworkable and unreasonable, and in effect it purports to
place on Defendant the burden of making subjective judgments as

6    to what categories of documents Plaintiffs' counsel and their
expert(s) may view as bearing on the issues in this case.

7
Subject to and without waiving the foregoing objections, Defendant

8    will produce, to the extent located after diligent search, (i) internal
communications concerning the alleged error, (ii) communications

9    with Plaintiffs, including non-privileged drafts of such
communications, concerning the alleged error, (iii) minutes of

10    meetings of Conseco Life's board of directors to the extent there is
discussion of Conseco, Inc., if any, for the years 2004 to the

11    present; and (iv) minutes of meetings of Conseco Life's board of
directors to the extent there is discussion of the alleged error, if any,

12    for the years 2000 to the present.

13    *See* Def. Conseco Life Ins. Co.'s Resps. and Objections to Pls.' First Req. for Produc. of Docs.

14    (Sept. 29, 2009), attached as Ex. 2 to Hopkins Decl.

15         **B.      Conseco's Privilege Log**

16         Conseco produced its first privilege log on June 15, 2011 and produced updated privilege

17    logs on July 15, 2011 and September 30, 2011.  *See* Conseco Life's June 15, 2011, July 15, 2011,

18    and September 30, 2011 Privilege Logs, attached as Ex. 3, 4, and 5 to Hopkins Decl.  On

19    September 14, 2011, the Parties conferred to discuss, among other things, the inadequacy of

20    Conseco's privilege log and, specifically, the inadequate information provided to establish the

21    claimed privileges.  *See* Hopkins Decl. ¶ 2.  Plaintiffs requested that Conseco revise its privilege

22    log to include the names of those persons who authored and received the documents listed on the

23    privilege log, along with their respective roles within the corporation.  *See* Hopkins Decl. ¶ 3.

24    Additionally, Plaintiffs requested that Conseco include fuller descriptions of the documents listed

25    on the privilege log so that Plaintiffs could make an assessment of whether the documents were

26
27
28
– 4 –

1    being properly withheld.  *See id*.  Conseco's counsel indicated that they believed they were

2    already exceeding the requirements under the rules with respect to the document descriptions but

3    stated that they would consider the request.  *See id*.

4         On November 1, 2011, this Court entered an Order regarding Discovery Procedures

5    addressing the privilege log requirements.  ECF No. 225.  Specifically, paragraph 5 of this

6    Court's Order states:

7

8              5.    **Privilege Logs**.   If a party withholds information that is
               responsive to a discovery request, and is otherwise discoverable
9              under the Federal Rules of Civil Procedure, by claiming that it is
               privileged, or protected from discovery under the attorney work
10             product doctrine or any other protective doctrine (including, but
               not limited to, privacy rights), that party shall prepare a "privilege
11             log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied
               upon and specifying separately for each document or for each
12             category of  similarly situated documents:

13

14             a.    The name and job title or capacity of the author;
               b.    The name and job title or capacity of each recipient;
15             c.    The date the document was prepared and, if different, the
                     date(s) on which it was sent to or shared with persons other
16                   than its author(s);
               d.    The title and description of the document;
17             e.    The subject mattered addressed in the document;
               f.    The purpose(s) for which it was prepared or communicated;
18                   and
               g.    The specific basis for the claim that it is privileged.
19

20             The privilege log will be produced as quickly as possible, but no
               later than 14 days after the discovery responses are due, unless the
21             parties stipulate or the Court orders otherwise in a particular case.

22   On November 10, 2011, Plaintiffs' counsel contacted counsel for Conseco and left a message

23   inquiring as to whether Conseco would produce a revised privilege log in accordance with this

24   Court's November 1, 2011 Discovery Order.  *See* Williams Decl. ¶ 2.  The next day, Conseco's

25   counsel sent a letter to Plaintiffs' counsel indicating that they would provide a revised privilege

26   log within the upcoming week.  *See* Letter from C. Lisy, Skadden, Arps, Slate, Meagher & Flom

27

28
                                      – 5 –
PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS NOT PROTECTED UNDER
ATTORNEY-CLIENT PRIVILEGE OR THE WORK PRODUCT DOCTRINE        3:10-md-02124-SI

1  LLP, to A. Hopkins and A. Williams, Gilbert LLP (November 11, 2011) attached as Ex. 6 to

2  Hopkins Decl.  On November 15, 2011, Plaintiffs received, by email, an updated privilege log

3  which suffered from the same infirmities as those addressed in the parties' September 14, 2011

4  telephonic conference.  *See* Conseco Life's November 15, 2011 Privilege Log, attached as Ex. 7

5  to Hopkins Decl.

6

7  Conseco's November 15, 2011 149 page privilege log contains 1,279 entries for

8  documents that it summarily claims are protected by attorney-client privilege and work product

9  doctrine.  *See* Ex. 7 to Hopkins Decl.  The privilege log contains approximately 976 entries which

10  either (i) list "unspecified" for author and/or recipient or (ii) include the name(s) of the author or

11  recipient but none of whom are listed as an attorney in Conseco's name key which accompanies

12  the privilege log.  *See id*; *see also* Name Key for Conseco Life's November 15, 2011 Privilege

13  Log, attached as Ex. 8 to Hopkins Decl.  The majority of the entries fall under the former, rather

14  than the latter category.

15

16  Further, Conseco's descriptions of these documents are generally limited to some

17  permutation of the following – failing to establish that these documents were prepared in

18  anticipation of litigation:

19
   ▪ Confidential internal document, with attorney-client privilege and attorney
20     work product legend, concerning legal advice regarding the implementation of
       policy changes.
21
   ▪ Confidential internal document, with attorney-client privilege and attorney
22     work product legend, concerning legal advice regarding Lifetrend project
       charter.
23
   ▪ Confidential agenda concerning legal advice regarding policy changes.
24
   ▪ Confidential meeting minutes, with attorney-client privilege and attorney work
25     product legend, concerning legal advice regarding policy changes.
26
   ▪ Confidential meeting agenda, with attorney-client privilege and attorney work
27     product legend, concerning legal advice regarding policy changes.
28

– 6 –

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS NOT PROTECTED UNDER
ATTORNEY-CLIENT PRIVILEGE OR THE WORK PRODUCT DOCTRINE          3:10-md-02124-SI

1

2
- ▪ Confidential internal document, with attorney-client privilege and attorney work product legend, prepared at the direction of counsel to monitor issues concerning the implementation of policy changes.

3

4
*See* Ex. 7 to Hopkins Decl.

5
## II. ARGUMENT

6
Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery

7
regarding "any nonprivileged matter that is relevant to any party's claim or defense – including

8
the existence, description, nature, custody, condition, and location of any documents or other

9
tangible things and the identity and location of persons who know of any discoverable matter."

10
Federal policy favors open discovery and privileges must be strictly construed. *Coleman v.*

11
*Schwarzenneger*, Nos. CIV S-90-0520 LKK JFM & C01-1351 TEH, 2007 WL 4328476, at *3

12
(E.D. Cal. & N.D. Cal. Dec. 6, 2007) (quoting *Dowling v. Am. Hawaii Cruises, Inc.*, 971 F.2d

13
423, 425 (9th Cir. 1992)). Fed. R. Civ. P. 26(a)(5)(A) requires a party withholding information

14
pursuant to a claim of privilege to make the claim expressly and to describe the nature of the

15
documents, communications, or other tangible things in a manner which will enable the other

16
parties to assess the claim. The party asserting the privilege has the burden of proving each

17
privilege asserted. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992). "As

18
a general rule, an adequate privilege log contains information sufficient to establish the elements

19
of the asserted privilege." *Coleman*, 2007 WL, 4328476 at *5. On its face, the majority of

20
entries on Conseco's 149 page privilege log are inadequate to support its claims for protection

21
under attorney-client privilege or the work product doctrine.

22
### A. Conseco's Failure to Identify an Attorney Is Fatal to its Attorney-Client Privilege Claim.

23

24
In a federal action based on diversity jurisdiction, state law governs attorney-client

25
privilege claims. Fed. R. Evid. 501; *Star Editorial, Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*

26
*(Dangerfield)*, 7 F.3d 856, 859 (9th Cir. 1993); *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281,

27
284 (C.D. Cal. 1998). Under California law, attorney-client privilege applies to confidential

28

– 7 –

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS NOT PROTECTED UNDER
ATTORNEY-CLIENT PRIVILEGE OR THE WORK PRODUCT DOCTRINE          3:10-md-02124-SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

communications between a client and a lawyer.  Cal. Evid. Code § 954.  "Confidential communications include information transmitted between attorney and client, and 'a legal opinion formed and the advice given by the lawyer in the course of that relationship.'"  *Calvert v. State Bar of Cal.*, 54 Cal. 3d 765, 779 (1991) (quoting Cal. Evid. Code § 952).

In order to establish a prima facie claim of privilege, Conseco would – at a minimum – need to identify an attorney involved in the communication at issue.  Conseco's failure to do so is fatal to its privilege claim.  In *Baxter Healthcare Corp. v. Fresenius Medical Care Holding, Inc.*, the defendant produced a privilege log regarding documents which it alleged were attorney-client communications or attorney work product but did not identify an attorney involved in the opinions.  No. C 07-1359, 2008 WL 5214330 (N.D. Cal. Dec. 12, 2008).  The Court held that the privilege log's conclusory statements of privilege were insufficient and ordered the defendant to produce every document listed on its privilege log where it failed to identify the attorney whose communication or work product it claimed to be contained in the document. *Id.* at *3.  The defendants in *Coleman v. Schwarzenneger* suffered the same fate where many of the entries in their privilege logs did not include the author, recipient, or date of the document.  2007 WL 4328476, at *5.  The *Coleman* Court ordered the defendants to produce all documents which had been withheld on grounds of privilege as set forth in the defendants' privilege logs.

This case presents similar facts to those in the *Baxter Healthcare Corp.* and *Coleman* cases.  Conseco produced a 149 page privilege log which contains 1,279 entries for documents that it claims are protected by attorney-client privilege and the work product doctrine. Yet it fails to identify an attorney involved in these communications or documents.  Conseco's privilege log contains approximately 976 entries that either (i) list "unspecified" for author and/or recipient or (ii) include the name(s) of the author or recipient but none of whom is an attorney.  Conseco has

– 8 –

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS NOT PROTECTED UNDER
ATTORNEY-CLIENT PRIVILEGE OR THE WORK PRODUCT DOCTRINE          3:10-md-02124-SI

refused to produce a privilege log which is adequate to establish a prima facie claim of attorney-client privilege.  Accordingly, Conseco should be ordered to produce these documents.

> **B.      Conseco's Work Product Doctrine Claims Fail Without Identification of the Authors or Evidence That the Documents Were Prepared in Anticipation of Litigation.**

The work product doctrine protects material prepared in anticipation of litigation by a party or its representative.  *Baxter Healthcare Corp.*, 2008 WL 5214330, at *3.  Distinct from the attorney-client privilege, the application of the work product doctrine in diversity cases is determined under federal law.  *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998); *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988).  Pursuant to the work product doctrine, material obtained and prepared by a party, an attorney, or the attorney's agent in anticipation of litigation or preparation for trial may be immune from discovery.  Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 509-12 (1947).  Similar to the attorney-client privilege, the burden of proving the applicability of the work product doctrine lies with the proponent.  *Baxter Healthcare Corp.*, 2008 WL 5214330, at *3.

In determining whether the document is entitled to work product protection, the Ninth Circuit looks to the totality of the circumstances surrounding the creation of the document.  *See In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004).  At the time the attorney prepared the document, he or she "'must at least have had a subjective belief that litigation was a real possibility, and that belief must have been objectively reasonable.'" *Umpqua Bank v. First Am. Title Ins. Co.,* CIV S-09-3208 WBS EFB, 2011 WL 997212, at *4 (E.D. Cal. Mar. 17, 2011); *see also In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998); *Fox v. Cal. Sierra Fin. Servs.*, 120 F.R.D. 520, 524 (N.D. Cal. 1988).  In addition, "the party claiming

– 9 –

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the privilege must demonstrate that in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Umpqua Bank*, 2011 WL 997212, at *4; *see also Senate of P.R. v. U.S. Dep't of Justice*, 823 F.2d 574, 587 n.42 (D.C. Cir. 1987).  "Documents prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation are not protectable as work product . . . because it could not fairly be said that they were created 'because of' actual or impending litigation." *Umpqua Bank*, 2011 WL 997212, at *4.

Conseco's privilege log fails to establish that work product doctrine applies for at least two reasons.  First, the overwhelming majority of the 976 privilege log entries discussed above fail to identify an author of the documents.  Consistent with the *Baxter Healthcare Corp.* Court's holding, Conseco's lack of knowledge of the identity of the attorney who purportedly prepared the documents at issue is fatal to a claim of immunity under the work product doctrine.  2008 WL 5214330, at *3.  Second, Conseco's privilege log fails to assert that these documents were prepared in anticipation of litigation.  Indeed, Conseco's assertions of protection under the work product doctrine appear to be based simply upon the "work product legend" appearing on the documents.  Unfortunately for Conseco, application of this doctrine requires far more than such a blanket assertion.  These documents must have been prepared in anticipation of litigation, and the descriptions contained in Conseco's privilege log fail to establish that fact.  Therefore, the Court should determine that the work product doctrine is inapplicable to these documents and order Conseco to produce them to Plaintiffs.

For the reasons delineated herein, Conseco should be ordered to produce each of the documents referenced in the 976 entries of Conseco's privilege log that either (i) list "unspecified" for the author and/or recipient; (ii) include the name(s) of the author or recipient

– 10 –

1    but where none of whom is an attorney; or (iii) claim protection under the work product doctrine

2    but fail to identify an attorney as author or recipient of the documents or establish that such

3    documents were prepared in anticipation of litigation.

4

5    Dated:  November 23, 2011                    Respectfully submitted,

6

7

8                                                 _____/s/_____
                                                  Scott D. Gilbert (Admitted *pro hac vice*)
                                                      gilberts@gotofirm.com
9                                                 Craig J. Litherland (Admitted *pro hac vice*)
                                                      litherlandc@gotofirm.com
10                                                Andrea K. Hopkins (Admitted *pro hac vice*)
                                                      hopkinsa@gotofirm.com
11                                                Christopher M. Sweeney (Admitted *pro hac vice*)
                                                      sweeneyc@gotofirm.com
12                                                GILBERT LLP
                                                  1100 New York Avenue, NW
13                                                Suite 700
                                                  Washington, DC 20005
14                                                Telephone:  (202) 772-2200
                                                  Facsimile:  (202) 772-1924
15
                                                  David J. Millstein (CSB #87878)
16                                                    dmillstein@millstein-law.com
                                                  MILLSTEIN & ASSOCIATES
17                                                100 The Embarcadero Suite 200
                                                  San Francisco, California 94105
18                                                Telephone:  (415) 348-0348
                                                  Facsimile:  (415) 348-0336
19
                                                  Joseph J. Tabacco, Jr. (CSB #75484)
20                                                Christopher T. Heffelfinger (CSB #118058)
                                                  Bing W. Ryan (CSB #228641)
21                                                BERMAN DEVALERIO
                                                  Once California Street, Suite 900
22                                                San Francisco, CA 94111
                                                  Telephone:  (415) 433-3200
23                                                Facsimile:  (415) 433-6382

24                                                *Attorneys for Plaintiffs*

25

26

27

28
                                           – 11 –

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2011, a true and correct copy of the foregoing was

delivered on the following counsel via electronic filing:

Raoul D. Kennedy
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Email:  Raoul.Kennedy@skadden.com

James R. Carroll
David S. Clancy
Christopher A. Lisy
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Beacon Street, 31st Floor
Boston, Massachusetts 02108
Email:  James.Carroll@skadden.com
Email:  David.Clancy@skadden.com
Email:  Christopher.Lisy@skadden.com


                                          /s/
                                   Craig J. Litherland