David J. Millstein (CSB #87878)
MILLSTEIN & ASSOCIATES
100 The Embarcadero Suite 200
San Francisco, California 94105
Telephone:  (415) 348-0348
Facsimile:  (415) 348-0336
Email:   dmillstein@millstein-law.com

Scott D. Gilbert (ADMITTED *PRO HAC VICE*)
Craig J. Litherland (ADMITTED *PRO HAC VICE*)
Aisha L. Williams (ADMITTED *PRO HAC VICE*)
Andrea K. Sweeney (ADMITTED *PRO HAC VICE*)
Christopher M. Sweeney (ADMITTED *PRO HAC VICE*)
GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone:  (202) 772-2200
Facsimile:  (202) 772-3333
Email: gilberts@gotofirm.com
Email: litherlandc@gotofirm.com
Email: williamsa@gotofirm.com
Email: Sweeneya@gotofirm.com
Email: sweeneyc@gotofirm.com

*Other Plaintiffs' Counsel Appear on the Signature Page*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

| | |
|---|---|
| **IN RE CONSECO LIFE INSURANCE CO. LIFETREND INSURANCE SALES AND MARKETING LITIGATION** | **Case No. 3:10-md-02124-SI (EDL)**<br><br>**PLAINTIFFS' MOTION TO DETERMINE APPLICABILITY OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE TO DOCUMENTS REFERENCED IN MILLIMAN PRIVILEGE LOG**<br><br>Date:   January 10, 2012<br>Time:  9:00 a.m.<br>Judge: Courtroom E, 15th Floor,<br>          United States Magistrate Judge<br>          Elizabeth D. Laporte |

PLAINTIFFS' MOTION TO DETERMINE APPLICABILITY OF ATTORNEY-CLIENT PRIVILEGE AND
WORK PRODUCT DOCTRINE TO DOCUMENTS REFERENCED IN MILLIMAN PRIVILEGE LOG
3:10-md-02124-SI

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................... ii

Notice of Motion ........................................................................................................................ 1

Statement of Issues .................................................................................................................... 1

Memorandum of Points and Authorities ................................................................................... 2

I.      Statement of Facts ......................................................................................................... 2

          A.      The Milliman Subpoena ................................................................................. 2

          B.      Conseco's Privilege Log ................................................................................. 2

II.     Argument ...................................................................................................................... 5

          A.      Conseco's Failure to Identify an Attorney Is Fatal to its Attorney-Client Privilege Claim ................................................................................................ 6

          B.      Conseco's Work Product Doctrine Claims Fail Without Identification of the Authors or Evidence That the Documents Were Prepared in Anticipation of Litigation ....................................................................................................... 7

– i –

PLAINTIFFS' MOTION TO DETERMINE APPLICABILITY OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE TO DOCUMENTS REFERENCED IN MILLIMAN PRIVILEGE LOG
3:10-md-02124-SI

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                       **PAGE(S)**

*Baxter Healthcare Corp. v. Fresenius Medical Care Holding, Inc.*
    No. C 07-1359, 2008 WL 5214330 (N.D. Cal. Dec. 12, 2008) ........................................ 6, 7, 8

*Brady v. Conseco, Inc.*
    No. 3:08-CV-5746 (N.D. Cal.) .................................................................................................. 1fn

*Coleman v. Schwarzenneger*
    Nos. CIV S-90-0520 LKK JFM & C01-1351 TEH, 2007 WL 4328476 (E.D. Cal. &
    N.D. Cal. Dec. 6, 2007) ......................................................................................................... 5, 6, 7

*Dowling v. Am. Hawaii Cruises, Inc.*,
    971 F.2d 423 (9th Cir. 1992) ............................................................................................................ 5

*Fox v. Cal. Sierra Fin. Servs.*
    120 F.R.D. 520 (N.D. Cal. 1988) ..................................................................................................... 8

*Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*
    136 F.3d 695 (10th Cir. 1998) .......................................................................................................... 7

*Hickman v. Taylor*
    329 U.S. 495 (1947) ........................................................................................................................ 7

*In re Grand Jury Investigation*
    974 F.2d 1068 (9th Cir. 1992) ......................................................................................................... 5

*In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*
    357 F.3d 900 (9th Cir. 2004) ........................................................................................................... 7

*In re Sealed Case*
    146 F.3d 881 (D.C. Cir. 1998) ........................................................................................................ 8

*McFarland v. Conseco Life Ins. Co.*
    No. 3:09-CV-598 (M.D. Fla.) ..................................................................................................... 1fn

*Oakes v. Halvorsen Marine Ltd.*
    179 F.R.D. 281 (C.D. Cal. 1998) .................................................................................................... 6

*Senate of P.R. v. U.S. Dep't of Justice*
    823 F.2d 574 (D.C. Cir. 1987) ........................................................................................................ 8

*Star Editorial, Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal. (Dangerfield)*
    7 F.3d 856 (9th Cir. 1993) ............................................................................................................... 6

| | PAGE(S) |
|---|---|
| *Umpqua Bank v. First Am. Title Ins. Co.*<br>    CIV S-09-3208 WBS EFB, 2011 WL 997212 (E.D. Cal. Mar. 17, 2011) | 8 |
| *United Coal Cos. v. Powell Constr. Co.*<br>    839 F.2d 958 (3d Cir. 1988) | 7 |

**CALIFORNIA CASES**

| | |
|---|---|
| *Calvert v. State Bar of Cal.*<br>    54 Cal. 3d 765 (1991) | 6 |

**CALIFORNIA STATUTES**

| | |
|---|---|
| Cal. Evid. Code § 952 | 6 |
| Cal. Evid. Code § 954 | 6 |

**OTHER AUTHORITIES**

| | |
|---|---|
| Fed. R. Civ. P. 26(a)(5)(A) | 5 |
| Fed. R. Civ. P. 26(b)(3) | 7 |
| Fed. R. Civ. P. 26(b)(5) | 3 |
| Fed. R. Civ. P. 45 | 2 |
| Fed. R. Evid. 501 | 6 |
| Federal Rule of Civil Procedure 26 | 1 |
| Federal Rule of Civil Procedure 26(b) | 5 |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on January 10, 2012, at 9:00 a.m., before the United States Magistrate Judge Elizabeth D. Laporte, United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom E, 15th Floor, San Francisco, California 94102, or on such other date as may be set by the Court, Plaintiffs,[1] on behalf of themselves and the Class, will move pursuant to Federal Rule of Civil Procedure 26 to ask that this Court determine the applicability of the attorney-client privilege and the work product doctrine to the documents referenced in Conseco Life Insurance Company's November 30, 2011 Milliman Privilege Log.

**STATEMENT OF ISSUES**

This motion concerns a discovery dispute between Plaintiffs and Conseco Life Insurance Company ("Conseco" or the "Defendant") (collectively, "the Parties") concerning Conseco's claims that certain documents are protected from disclosure by attorney-client privilege and the work product doctrine. Specifically, the issues presented are:

- whether Conseco may properly claim attorney-client privilege regarding communications when Conseco has identified no attorney involved in the communication;
- whether Conseco may properly claim that documents are protected from discovery under the work product doctrine when Conseco has identified no attorney associated with the documents; and
- whether Conseco may properly claim that documents are protected from discovery under the work product doctrine when Conseco has not established that these documents were prepared in anticipation of litigation.

---

[1] Plaintiffs filing this motion are Cedric Brady, Charles Hovden, Marion Hovden, Eugene Kreps, John McNamara, and Hisaji Sakai, each of whom is a plaintiff in *Brady v. Conseco, Inc.*, No. 3:08-CV-5746 (N.D. Cal.) and Bill W. McFarland, who is the plaintiff in the action *McFarland v. Conseco Life Ins. Co.*, No. 3:09-CV-598 (M.D. Fla.) (collectively, "Plaintiffs").

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF FACTS

Plaintiffs brought this class action individually and on behalf of a certified nationwide class of all owners of certain life insurance policies administered by Conseco. Plaintiffs seek injunctive and declaratory relief requiring Conseco Life to reverse the improper charges it unlawfully imposed on policyholders, to refrain from further improper charges, and to restore the value of Plaintiffs' policies.

### A. The Milliman Subpoena

In an effort to obtain basic information about Conseco's actions and the Class members' damages, Plaintiffs served Milliman, Inc. ("Milliman") with a subpoena to produce documents pursuant to Fed. R. Civ. P. 45 on July 1, 2011. *See* Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, attached as Ex. 1 to Declaration of Christopher Sweeney in Supp. of Pls.' Mot. to Determine Applicability of Attorney-Client Privilege and Work Product Doctrine to Documents Referenced in Milliman Privilege Log ("Sweeney Decl."). In response to Conseco's concerns that certain of these documents may be privileged, Plaintiffs agreed to permit Milliman to produce the responsive documents to Conseco for review in advance of production to Plaintiffs. *See* Sweeney Decl. ¶ 2. Milliman ultimately produced the documents to Plaintiffs on November 10, 2011. *See* Sweeney Decl. ¶ 3. Milliman's production did not include documents which Conseco claimed were protected from disclosure by attorney-client privilege and/or the work product doctrine. *See* Sweeney Decl. ¶ 4.

### B. Conseco's Privilege Log

On November 1, 2011, this Court entered an Order regarding Discovery Procedures addressing the privilege log requirements. ECF No. 225. Specifically, paragraph 5 of this Court's Order states:

> 5. **Privilege Logs**. If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work

– 2 –

1
2
3
4
5
6
7
8
9
10
11
12

> product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of similarly situated documents:
>
> a. The name and job title or capacity of the author;
> b. The name and job title or capacity of each recipient;
> c. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);
> d. The title and description of the document;
> e. The subject matter addressed in the document;
> f. The purpose(s) for which it was prepared or communicated; and
> g. The specific basis for the claim that it is privileged.
>
> The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due, unless the parties stipulate or the Court orders otherwise in a particular case.

13
14
15
16
17
18
19

On November 30, 2011, Conseco produced a privilege log to Plaintiffs referencing the documents which it withheld from the Milliman production on the bases of attorney-client privilege and the work product doctrine. *See* Conseco Life Ins. Co.'s November 30, 2011 Milliman, Inc. Privilege Log , attached as Ex. 1 to Decl. of Aisha Williams in Supp. of Pls.' Mot. to Determine Applicability of Attorney-Client Privilege and Work Product Doctrine to Documents Referenced in Milliman Privilege Log ("Williams Decl.").

20
21
22
23
24
25
26
27

On December 5, 2011, the Parties conferred to discuss, among other things, the inadequacy of Conseco's privilege log and, specifically, the inadequate information provided to establish the claimed privileges. *See* Williams Decl. ¶ 2. Plaintiffs advised Conseco that their issues concerning the Milliman privilege log mirrored those raised previously regarding Conseco's prior privilege logs. *See* Williams Decl. ¶ 3. Namely, Plaintiffs challenged whether Conseco's privilege log was sufficient in those instances where it (i) claimed protection under attorney-client privilege but did not include the names of those persons who authored and/or

28

received the documents listed on the privilege log;  (ii) claimed attorney-client privilege but identified no attorney associated with the communication; or (iii) claimed protection under the work product doctrine but failed to identify an attorney associated with the communication or to establish that the documents were prepared in anticipation of litigation.  *See* Williams Decl. ¶ 4.  Conseco requested that Plaintiffs send a letter to Conseco delineating, by line number, the specific challenges to each line of the privilege log.  *See* Williams Decl. ¶ 5.  That same day, Plaintiffs sent a letter to Conseco delineating its specific challenges.  *See* Letter from A. Williams to C. Lisy, dated December 5, 2011, attached as Ex. 2 to Williams Decl.  Plaintiffs' letter requested that Conseco agree, by December 6, 2011, to provide a privilege log that complied with this Court's November 1, 2011 discovery order and that included sufficient detail for Plaintiffs to determine the appropriateness of the asserted privileges.  *See id.*  Conseco refused to do so.  *See* December 5, 2011 email from C. Lisy to A. Williams, attached as Ex. 3 to Williams Decl.

   Conseco's November 30, 2011 privilege log contains 30 entries for documents that it summarily claims are protected by attorney-client privilege and/or work product doctrine.  *See* Ex. 1 to Williams Decl.  Specifically, line numbers 2, 4, 6, 9-15, 17, 22-25, and 27 of the privilege log fail to identify the names of either the author and/or recipient of the documents being withheld but claim that the documents are protected by attorney-client privilege and/or work product immunity.  *See id.*  Additionally, line numbers 4, 6, 9-14, 17, and 27 fail to include dates which apply to the referenced documents.  *See id.*  Conseco has failed to identify an attorney involved in any of the communications reflected in line numbers 2, 4, 6, 9-15, 17, 22, 24, and 27 of its privilege log.  *See id.*  Line numbers 2, 4, 6, 9-15, 17, 23, 25, and 27 claim application of the work product doctrine but do not reference any attorney associated with the production of the "work product" at issue.  *See id.*  Finally, line numbers reflect Conseco's claim

– 4 –
PLAINTIFFS' MOTION TO DETERMINE APPLICABILITY OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE TO DOCUMENTS REFERENCED IN MILLIMAN PRIVILEGE LOG
3:10-md-02124-SI

of work product immunity 1-3, 5, 7-17, 19-20, 23, 25-26, and 30 but do not establish that the associated documents were prepared in anticipation of litigation. *See id.* Conseco's descriptions of these documents are generally limited to some permutation of the following – failing to establish that these documents were prepared in anticipation of litigation:

- Confidential document, with attorney-client privilege and attorney work product legend, prepared at the direction of counsel to inform legal advice regarding the implementation of policy changes.

- Confidential document, with privileged and confidential legend, concerning legal advice regarding the regulatory investigation and the process of implementation of policy changes.

*See* Ex. 1 to Williams Decl.

## II. ARGUMENT

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Federal policy favors open discovery and privileges must be strictly construed. *Coleman v. Schwarzenegger*, Nos. CIV S-90-0520 LKK JFM P & C01-1351 TEH, 2007 WL 4328476, at *3 (E.D. Cal. & N.D. Cal. Dec. 6, 2007) (quoting *Dowling v. Am. Hawaii Cruises, Inc.*, 971 F.2d 423, 425 (9th Cir. 1992)). Fed. R. Civ. P. 26(a)(5)(A) requires a party withholding information pursuant to a claim of privilege to make the claim expressly and to describe the nature of the documents, communications, or other tangible things in a manner which will enable the other parties to assess the claim. The party asserting the privilege has the burden of proving each privilege asserted. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992). "As a general rule, an adequate privilege log contains information sufficient to establish the elements of the asserted privilege." *Coleman*, 2007 WL 4328476, at *5. On its face, the majority of entries on Conseco's privilege log are inadequate to support its claims for protection under attorney-client privilege or the work product doctrine.

### A. Conseco's Failure to Identify an Attorney Is Fatal to its Attorney-Client Privilege Claim.

In a federal action based on diversity jurisdiction, state law governs attorney-client privilege claims. Fed. R. Evid. 501; *Star Editorial, Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal. (Dangerfield)*, 7 F.3d 856, 859 (9th Cir. 1993); *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998). Under California law, attorney-client privilege applies to confidential communications between a client and a lawyer. Cal. Evid. Code § 954. "Confidential communications include information transmitted between attorney and client, and 'a legal opinion formed and the advice given by the lawyer in the course of that relationship.'" *Calvert v. State Bar of Cal.*, 54 Cal. 3d 765, 779 (1991) (quoting Cal. Evid. Code § 952).

In order to establish a prima facie claim of privilege, Conseco would – at a minimum – need to identify an attorney involved in the communication at issue. Conseco's failure to do so is fatal to its privilege claim. In *Baxter Healthcare Corp. v. Fresenius Medical Care Holding, Inc.*, the defendant produced a privilege log regarding documents which it alleged were attorney-client communications or attorney work product but did not identify an attorney involved in the opinions. No. C 07-1359, 2008 WL 5214330 (N.D. Cal. Dec. 12, 2008). The Court held that the privilege log's conclusory statements of privilege were insufficient and ordered the defendant to produce every document listed on its privilege log where it failed to identify the attorney whose communication or work product it claimed to be contained in the document. *Id.* at *3. The defendants in *Coleman v. Schwarzenegger* suffered the same fate where many of the entries in their privilege logs did not include the author, recipient, or date of the document. 2007 WL 4328476, at *5. The *Coleman* Court ordered the defendants to produce all documents which had been withheld on grounds of privilege as set forth in the defendants' privilege logs.

– 6 –
PLAINTIFFS' MOTION TO DETERMINE APPLICABILITY OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE TO DOCUMENTS REFERENCED IN MILLIMAN PRIVILEGE LOG
3:10-md-02124-SI

This case presents similar facts to those in the *Baxter Healthcare Corp.* and *Coleman* cases. Conseco has withheld documents pursuant to attorney-client privilege but has failed to identify an attorney involved in these communications or documents. Conseco's privilege log is inadequate to establish a prima facie claim of attorney-client privilege. Accordingly, its privilege claim should be waived.

### B. Conseco's Work Product Doctrine Claims Fail Without Identification of the Authors or Evidence That the Documents Were Prepared in Anticipation of Litigation.

The work product doctrine protects material prepared in anticipation of litigation by a party or its representative. *Baxter Healthcare Corp.*, 2008 WL 5214330, at *3. Distinct from the attorney-client privilege, the application of the work product doctrine in diversity cases is determined under federal law. *Frontier Refining, Inc. v. Gorman-Rupp Co.,* 136 F.3d 695, 702 n.10 (10th Cir. 1998); *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988). Pursuant to the work product doctrine, material obtained and prepared by a party, an attorney, or the attorney's agent in anticipation of litigation or preparation for trial may be immune from discovery. Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 509-12 (1947). Similar to the attorney-client privilege, the burden of proving the applicability of the work product doctrine lies with the proponent. *Baxter Healthcare Corp.*, 2008 WL 5214330, at *3.

In determining whether the document is entitled to work product protection, the Ninth Circuit looks to the totality of the circumstances surrounding the creation of the document. *See In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004). At the time the attorney prepared the document, he or she "'must at least have had a subjective belief that litigation was a real possibility, and that belief must have been objectively reasonable.'" *Umpqua Bank v. First Am. Title Ins. Co.,* CIV S-09-3208 WBS EFB, 2011 WL 997212, at *4

(E.D. Cal. Mar. 17, 2011) (citation omitted); *see also In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998); *Fox v. Cal. Sierra Fin. Servs.*, 120 F.R.D. 520, 524 (N.D. Cal. 1988). In addition, "the party claiming the privilege must demonstrate that in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Umpqua Bank*, 2011 WL 997212, at *4 (citation omitted); *see also Senate of P.R. v. U.S. Dep't of Justice*, 823 F.2d 574, 587 n.42 (D.C. Cir. 1987). "Documents prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation are not protectable as work product. . . . because it could not fairly be said that they were created 'because of' actual or impending litigation." *Umpqua Bank*, 2011 WL 997212, at *4 (citation omitted).

Conseco's privilege log fails to establish that work product doctrine applies for at least two reasons. First, almost half of the Milliman privilege log entries fail to identify an author of the documents. Consistent with the *Baxter Healthcare Corp.* Court's holding, Conseco's lack of knowledge of the identity of the attorney who purportedly prepared the documents at issue is fatal to a claim of immunity under the work product doctrine. 2008 WL 5214330, at *3. Second, the majority of the Milliman privilege log entries which claim protection from disclosure pursuant to the work product doctrine fail to assert that these documents were prepared in anticipation of litigation. Therefore, the Court should determine that the work product doctrine is inapplicable to these documents.

For the reasons delineated herein, this Court should order that Conseco's privilege claims are unsubstantiated and thus waived regarding those entries in the Milliman privilege log that (i) claim protection under attorney-client privilege but do not include the names of those persons who authored and/or received the documents listed on the privilege log; (ii) claim attorney-client privilege but identify no attorney associate with the communication; or (iii) claim protection

under the work product doctrine but do not identify an attorney associated with the communication.

Dated:  December 6, 2011

Respectfully submitted,

/s/
Scott D. Gilbert (Admitted *pro hac vice*)
 gilberts@gotofirm.com
Craig J. Litherland (Admitted *pro hac vice*)
 litherlandc@gotofirm.com
Aisha L. Williams (Admitted *pro hac vice*)
 williamsa@gotofirm.com
Andrea K. Sweeney (Admitted *pro hac vice*)
 Sweeneya@gotofirm.com
Christopher M. Sweeney (Admitted *pro hac vice*)
 sweeneyc@gotofirm.com
GILBERT LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005
Telephone:  (202) 772-2200
Facsimile:  (202) 772-1924

David J. Millstein (CSB #87878)
 dmillstein@millstein-law.com
MILLSTEIN & ASSOCIATES
100 The Embarcadero Suite 200
San Francisco, California 94105
Telephone:  (415) 348-0348
Facsimile:  (415) 348-0336

Joseph J. Tabacco, Jr. (CSB #75484)
Christopher T. Heffelfinger (CSB #118058)
Bing W. Ryan (CSB #228641)
BERMAN DEVALERIO
Once California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile:  (415) 433-6382

*Attorneys for Plaintiffs*

– 9 –
PLAINTIFFS' MOTION TO DETERMINE APPLICABILITY OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE TO DOCUMENTS REFERENCED IN MILLIMAN PRIVILEGE LOG
3:10-md-02124-SI

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2011, a true and correct copy of the foregoing was delivered on the following counsel via electronic filing:

Raoul D. Kennedy
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Email: Raoul.Kennedy@skadden.com

James R. Carroll
David S. Clancy
Christopher A. Lisy
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Beacon Street, 31st Floor
Boston, Massachusetts 02108
Email: James.Carroll@skadden.com
Email: David.Clancy@skadden.com
Email: Christopher.Lisy@skadden.com

/s/
Aisha L. Williams

PLAINTIFFS' MOTION TO DETERMINE APPLICABILITY OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE TO DOCUMENTS REFERENCED IN MILLIMAN PRIVILEGE LOG
3:10-md-02124-SI