IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C 10-02124 SI

IN RE CONSECO LIFE INSURANCE CO.
LIFE TREND INSURANCE MARKETING
AND SALES PRACTICE LITIGATION

**ORDER DENYING PLAINTIFFS'
MOTION TO MODIFY THE
SCHEDULING ORDER AND FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT**

_____/

Before the Court is plaintiffs' motion to modify the scheduling order to file a second amended complaint. Plaintiffs filed the motion on December 8, 2011, and defendant Conseco Life Insurance Company ("Conseco Life") filed an opposition on January 6, 2012. The motion is scheduled for a hearing on Friday, January 27, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiffs' motion.

**BACKGROUND**

The facts of this case are set forth in detail in the Court's recent Order Granting in Part and Denying in Part Defendant's Motion for Decertification ("Decertification Order"). *See In re: Conseco*, CV 10-2124 SI, Doc. 253, Dec. 20, 2011, at 1-4. In brief, this class action involves a challenge by current holders of certain life insurance policies administered by defendant Conseco Life. The class challenges Conseco Life's implementation of a set of changes to the policies proposed by Conseco Life in October of 2008. The proposed changes triggered review by state regulators, with whom Conseco Life reached a settlement in May 2010 (the "Regulatory Settlement"). Plaintiffs allege that notwithstanding the Regulatory Settlement, Conseco Life continues to apply policy changes in a manner that amounts to breach of contract, breach of the implied covenant of good faith and fair dealing, fraud,

and negligent misrepresentation.

Conseco Life is a subsidiary of Conseco, Inc., now known as CNO Financial Group, Inc. ("Conseco, Inc."). It is undisputed that Conseco Life is wholly owned by Conseco, Inc. *See* Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss, *Brady v. Conseco, Inc.,* CV 08-5746 SI, doc. 64, at 13 (the "Dismissal Order").[1] On April 23, 2009, plaintiffs filed their First Amended Complaint ("FAC") against Conseco, Inc. and Conseco Life. *Id.* at 11. Then-defendant Conseco, Inc. successfully moved to dismiss for lack of personal jurisdiction. Plaintiffs had argued that the Court could exercise jurisdiction over Conseco, Inc. because the Court had undisputed jurisdiction over its subsidiary, Conseco Life, and Conseco Life was merely the agent or alter ego of Conseco, Inc. *Id.* The Court rejected both theories, holding that plaintiffs had not alleged sufficient facts to support a claim that Conseco Life was either an agent or alter ego of Conseco, Inc. Specifically, the Court found that plaintiffs' citations to regulatory filings by Conseco Life and contents from its website were insufficient to establish a prima facie case that there was such unity of interest and ownership between the two companies that the "separate personalities of the two entities no longer exist." *Id.* (citing *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1134 (9th Cir. 2003)).

The Court granted Conseco, Inc.'s motion to dismiss for lack of personal jurisdiction without prejudice. The Court stated that "plaintiffs may conduct discovery in order to amend their complaint to allege facts in support of their contention that this Court has personal jurisdiction over Conseco, Inc." Dismissal Order at 14. The Court granted plaintiffs two months to amend their complaint. The parties later stipulated to a month extension of the time plaintiffs could file an amended complaint, which the Court granted. *See Brady*, CV 08-5746 SI, docs. 69 and 71 (Sept. 18, 2009). Plaintiffs did not file an amended complaint nor request any additional time within the stipulated time frame.

Plaintiffs now - two years later - seek to modify the scheduling order and seek leave to file a Second Amended Complaint ("SAC") in order to "reflect the theory of the case under which plaintiffs seek relief," and add defendants Conseco, Inc. and CDOC, Inc. ("CDOC") as alter egos of Conseco

---

[1]This multi-district litigation began in this Court as *Brady v. Conseco, Inc. and Conseco Life Ins. Co.*, N.D. Cal. No. 3:08-cv-5746-SI, originally filed on December 24, 2008.

United States District Court
For the Northern District of California

Life.[2]  Pl.'s Mot. at 1.  Conseco Life opposes the motion, arguing that plaintiffs cannot show good cause for their delay in amending the complaint, and because the proposed amendment is "prejudicial, futile, and would create undue delay."  Def.'s Opp. at 11.

## LEGAL STANDARD

In *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992), the Ninth Circuit addressed the "narrow question" of "when and under what circumstances may a party join an additional defendant once the district court has entered an order limiting the time for joinder."  *Id.* at 608.  A party seeking to amend a pleading after the date specified in the scheduling order, must first show "good cause" for amendment under Fed. R. Civ. P. Rule 16(b), then, if good cause is shown, the party must demonstrate that amendment was proper under Rule 15.  *Id.*

The initial inquiry of "good cause" under Rule 16 is not coextensive with the Rule 15 amendment inquiry; the Ninth Circuit held that "unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Id.* at 609.  If the party seeking modification "was not diligent, the inquiry should end."  *Id.*

## DISCUSSION

After review of the facts and evidence provided by the parties, the Court finds that plaintiffs have failed to show good cause for amendment.   Over two years ago, the Court allowed plaintiffs two months to conduct discovery and amend their complaint to address this precise issue - whether Conseco Life is the alter ego of Conseco, Inc.  *See* Dismissal Order, at 14.  The parties later filed a stipulation agreeing to extend that time to three months, which the Court granted.  *See Brady*, CV 08-5746 SI, docs.

---

[2]In their proposed SAC, filed as attached Exhibit 1 to the Litherland Declaration, plaintiffs contend that CDOC is the direct corporate parent of Conseco Life and is the owner of 100% of the stock of Conseco Life.  Plaintiffs assert that Conseco, Inc., in turn, is the direct corporate parent of CDOC and is the owner of 100% of the stock of CDOC.  Conseco, Inc. and CDOC together allegedly have unfettered control over Conseco Life.  Litherland Decl., Ex. 1 ("SAC"), ¶¶ 58 and 61.

United States District Court

For the Northern District of California

69 and 71 (Sept. 18, 2009).  Despite this, plaintiffs did not file an amended complaint or otherwise request more time to address the issue.

Along with their opposition, Conseco Life filed with the Court various communications that took place between the parties during the three month period between the Court's Dismissal Order (in July 2009) and the expiration of the Court-ordered period for the time to amend (in November 2009).  *See* Clancy Decl., ¶¶ 3-11.  Communications took place as follows:

- On September 10, 2009, plaintiffs served a Rule 30(b)(6) deposition notice on Conseco Life seeking testimony regarding Conseco Life's relationship with Conseco, Inc.  Clancy Decl., Ex. 1, at 3.[3]
- On September 10, 2009, plaintiffs served a subpoena on Conseco, Inc. seeking substantially similar information regarding the relationship between Conseco Life and Conseco, Inc.  Clancy Decl., Ex. 2, at 3.
- On September 16, 2009, Conseco Life's counsel sent plaintiffs a letter stating that they would provide a witness the following week for the Rule 30(b)(6) deposition. Clancy Decl., Ex. 3, at 1.
- On September 17, 2009, Conseco, Inc. served a written response to the subpoena, which largely objected to the documentary requests but provided that Conseco, Inc. would make available for deposition a representative to respond to the testimony requests.  *See* Clancy Decl., Ex. 4, at 3.
- On September 18, 2009, the parties stipulated to an agreement to extend the deadline to allow plaintiffs an additional month to file an amended complaint (to November 9, 2009).  The Court signed that stipulation.
- On October 16, 2009, plaintiffs' counsel sent an email to Conseco, Inc.'s counsel, stating, "I understand you [Conseco's counsel] left Ben [plaintiffs' counsel] a message in regard to the 30(b)(6) deposition. We don't have to decide between dates because we are no longer going to take that deposition. I apologize for any inconvenience." Clancy Decl., Ex. 8, at 1.

The November 9, 2009 deadline passed without any filing from plaintiffs regarding an amended complaint, until the instant motion filed on December 8, 2011.

Plaintiffs argue that they have diligently pursued discovery to support their theory, and that any delay is the fault of Conseco Life's dilatory tactics. Pls.' Mot. at 19.  They contend that Conseco Life has only recently produced the financial statements necessary to prove its alter ego status.  In their reply,

---

[3]Specifically, plaintiffs sought to depose a Conseco Life official regarding "(1) financial transactions between You [Conseco Life] and Conseco Inc.; (2) the corporate relationship between You and Conseco Inc.; (3) any shared employees or services between You and Conseco, Inc.; (4) Conseco Inc.'s involvement in the management of Conseco Life's activities; (5) any Communications between You and Conseco Inc. regarding merging Conseco Life Insurance Company into Washington National Insurance Company or any other Conseco Inc. subsidiary; (6) Conseco Inc.'s involvement in administering the Policies; and (7) Conseco Inc.'s involvement in addressing and responding to the Administrative Error."  Clancy Decl., Ex. 1, at 3.

plaintiffs further state that they cancelled the 2009 deposition with Conseco, Inc.'s witness because it "came at a time when Conseco Life and Conseco, Inc. (now CNO) had not produced a single document . . . Plaintiffs' cancellation of the deposition is indicative of the fact that both Conseco, Inc. and Conseco Life had so failed to meet their discovery obligations that any deposition would have been fruitless and a waste of time and resources." Pls.' Reply, at 1, n.1.

The Court is unpersuaded. Even if Conseco Life engaged in dilatory tactics in discovery, diligence requires that when a deadline cannot be met, plaintiffs contact the Court to request additional time, or pursue discovery through motions to compel. *See Mammoth*, 975 F.2d at 609 (*citing* Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)) ("[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") Waiting two years until discovery provides enough evidence to support a particular theory of joinder is insufficient to show the requisite diligence. A different outcome may be warranted if the precise theory itself had not been explored by all parties, including the Court. Here, however, the Court had expressly discussed plaintiffs' alter ego theory regarding Conseco, Inc. and granted them time to investigate it, plaintiffs noticed a deposition, and defendants offered a witness and prepared for deposition. Plaintiffs then abandoned their pursuit, and did not bring the matter to the attention of the Court until two years after the deadline to amend had passed - indeed, not until after numerous hearings, case management conferences, one order certifying the plaintiff class, and another partially decertifying it. *See, e.g.,* docs. 93, 111, 253. In sum, the Court finds that plaintiffs did not exercise sufficient diligence to warrant modification here.[4]

---

[4]Plaintiffs also assert that modification is necessary so that the complaint "reflect[s] the theory of the case under which plaintiffs seek relief." Pl.'s Not. of Mot. at 1. It is unclear to the Court which changes in the SAC so reflect the modified theory. In any event, plaintiffs submitted the SAC prior to the Court's Order partially decertifying the class, wherein the Court altered the makeup of the class and narrowed the theories of recovery. *See* Decertification Order. The Court therefore finds it unlikely to be helpful for plaintiffs to amend the complaint to reflect a theory that may have altered following that Order. If plaintiffs have good cause to amend the complaint to reflect a current theory, and that amendment otherwise meets the *Mammoth* standards, they may re-submit such a motion.

Plaintiffs' motion to modify the scheduling order and for leave to file a second amended complaint is DENIED

**IT IS SO ORDERED.**

Dated January 25, 2011

_____
SUSAN ILLSTON
United States District Judge