RAOUL D. KENNEDY (STATE BAR NO. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: Raoul.Kennedy@skadden.com

JAMES R. CARROLL (*PRO HAC VICE*)
DAVID S. CLANCY (*PRO HAC VICE*)
CHRISTOPHER A. LISY (*PRO HAC VICE*)
ABRA C. BRON (*PRO HAC VICE*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Beacon Street, 31st Floor
Boston, Massachusetts 02108
Telephone: (617) 573-4800
Facsimile: (617) 573-4822
Email: James.Carroll@skadden.com
Email: David.Clancy@skadden.com
Email: Christopher.Lisy@skadden.com
Email: Abra.Bron@skadden.com

Attorneys for Defendant
Conseco Life Insurance Company

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CONSECO LIFE INSURANCE COMPANY LIFETREND INSURANCE SALES AND MARKETING LITIGATION | CASE NO.: 3:10-md-2124 SI<br><br>ALL CASES<br><br>**1) CONSECO LIFE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DOCKET NO. 331, MAY 8, 2012)**<br><br>**2) [PROPOSED] ORDER (lodged under separate cover)** |

# NOTICE OF MOTION

PLEASE TAKE NOTICE THAT as soon as the Court may schedule the matter to be heard, Defendant Conseco Life Insurance Company ("Conseco Life") will move this Court pursuant to Civil Local Rule 72-2, Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) for relief from the May 8, 2012 discovery order issued by Magistrate Judge Laporte (Docket No. 331) ("Order"). This motion is based on this Notice Of Motion, the attached Memorandum Of Points And Authorities, the accompanying Declaration Of Christopher A. Lisy ("Lisy Decl.") and all exhibits thereto.

# STATEMENT OF ISSUES TO BE DECIDED

The issue to be decided is whether the Order correctly requires Conseco Life to produce all documents, and all portions of documents, that Conseco Life created before October 2008 and withheld solely on the basis of a work product designation.

# PRELIMINARY STATEMENT

The relevant issue on this motion is a narrow legal issue, and Conseco Life respectfully submits that Magistrate Judge Laporte decided it incorrectly.

Plaintiffs filed a motion to compel with respect to a 440-item Conseco Life privilege log,[1] targeting those documents identified as withheld solely on the basis of an attorney work-product designation. Plaintiffs argued that the attorney work product doctrine is inapplicable to any document generated before October 2008, because -- according to them -- a document by definition is not generated "in anticipation of litigation" unless a "specific claim" has already been made.

Judge Laporte granted Plaintiffs' motion. However, as shown herein, the proposition asserted by Plaintiffs is legally wrong. A person or entity can anticipate litigation even where no specific claim has already been asserted, and courts have clearly so held.

Here, the disputed documents were created under the direction of Conseco Life's in-house attorneys in the midst of an extensive internal investigation and analysis to address the underlying issues in this case, due to the regulatory investigation and litigation that the company viewed as

---

[1] This log preceded Conseco Life's extensive email review. Conseco Life separately logged emails. Plaintiffs' motion challenged only the initial privilege log, which Conseco Life refers to herein as its "Hard-Copy Privilege Log."

1

CONSECO LIFE'S MOTION FOR RELIEF FROM  Case No. 3:10-md-2124 SI
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

forthcoming.  These documents are protected under the work product doctrine, even if created before Plaintiffs filed their claims in this litigation.

**STATEMENT OF FACTS**

1. Plaintiffs' motion challenges the 400-item Hard-Copy Privilege Log.  (Plaintiffs' Motion, at 4 (Docket No. 296, Mar. 16, 2012).)  Many of the documents on that log are withheld by Conseco Life solely on the basis of the attorney work product doctrine.

2. In turn, many of those documents were generated before October 2008.  For example, many documents relate to working groups Conseco Life created to, inter alia, address the administrative error, make other policy changes (e.g., reinstitute fees), and prepare for the litigation that was believed to be forthcoming.  (See Declaration Of Eric Cochran (Docket No. 257; also Exhibit 1 to the Lisy Decl.).)

3. It is beyond reasonable dispute that litigation was anticipated before October 2008.  The working groups were created in 2005, after Conseco Life became aware of the administrative error.  (Id. ¶¶ 3-4.)  Conseco Life is in a heavily-regulated industry.  It was contemplating policy changes of a kind that had previously led to significant litigation.  See, e.g., In re Conseco Life Ins. Cost Of Ins. Litig., MDL No. 04-1610 AHM (MCX) (C.D. Cal. filed June 28, 2004).  Mr. Cochran states in his declaration (at ¶ 3) that litigation was anticipated, and this statement is unrebutted.  And, in late 2008, as this Court is aware, regulatory proceedings and lawsuits quickly followed the announcement of the policy changes.

4. Plaintiffs do not take issue with these facts.  Instead, they successfully posited a legal proposition that is simply wrong:  namely, that a person or entity cannot anticipate litigation within the meaning of Fed. R. Civ. P. 26(b)(3) unless a "specific claim" has already been asserted.

**ARGUMENT**

**I. PLAINTIFFS ARGUED THAT A PERSON OR ENTITY CANNOT ANTICIPATE LITIGATION FOR PURPOSES OF RULE 26(b)(3) UNLESS A "SPECIFIC CLAIM" HAS BEEN ASSERTED**

Plaintiffs' motion did not question whether Conseco Life in fact expected litigation to ensue once it announced the policy changes.  For example, they did not depose Mr. Cochran, Conseco Life's declarant, and attempt to disprove the assertions in his declaration.

Instead, Plaintiffs' motion pressed a narrow legal proposition: a person or entity cannot anticipate litigation for purposes of Rule 26(b)(3) unless a "specific claim" has already been asserted against that person or entity.

For example, the first heading in the argument section of their brief states:

> Documents That Were Created Before Specific Claims Had Arisen and That Would Have Been Created In Substantially Similar Form Regardless of Litigation Are Not Subject To Work Product Immunity

(Plaintiffs' Motion at 5 (Docket No. 296).)  Their brief elsewhere states (at 8):

> Here, Plaintiffs seek documents that Conseco created prior to October 2008.  Before policyholders received and reacted to Conseco's October 2008 Letter, it would have been impossible for any specific claims to have arisen.  Yet, Conseco generated approximately 400 documents on their privilege log before they sent the October 2008 Letter.  These documents could not legitimately be work product because they were created before Conseco sent out the October 2008 Letter regarding the increased charges, which were the catalyst for and the subject of the regulatory investigations and ensuing litigation.  [Internal citations omitted.]

Magistrate Judge Laporte accepted Plaintiffs' view of the law.  (May 1, 2012 Hr'g Tr. at 3:4-14 (Exhibit 2 to Lisy Decl.).)

## II.    THE PREMISE OF PLAINTIFFS' MOTION IS LEGALLY WRONG

The law simply does not require that a specific claim have already been asserted for a person or entity to "anticipate litigation" within the meaning of Rule 26.

The seminal case on the work product doctrine is Hickman v. Taylor, 329 U.S. 495 (1947). But Hickman states no such requirement.  In fact, it involved witness statements taken after the sinking of a tugboat, but before suit was filed.  Id. at 498.

The leading Ninth Circuit case on the work product doctrine is In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357 F.3d 900 (9th Cir. 2004).  It too states no requirement that the document be generated after the assertion of a specific claim.[2]

---

[2]    The Ninth Circuit reiterated that the two characteristics required to protect documents under the work product doctrine are "(1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative."  Id. at 907 (internal quotation marks and citation omitted).

Plaintiffs prominently cited United States v. Adlman, 134 F.3d 1194 (2d Cir. 1998), in which the Second Circuit adopted the same general standard for applying the attorney work product doctrine as the Ninth Circuit (both courts have adopted the "because of" standard articulated in Wright & Miller's Federal Practice & Procedure treatise, which allows "dual purpose" documents to be subject to work product protection).[3] Adlman involved a memorandum relating to analysis of a particular transaction, which, if effected, might have led to litigation with the IRS. The Second Circuit reversed the district court's ruling that those documents were not subject to the work product doctrine because, inter alia, "[t]here is little doubt under the evidence that Sequa had the prospect of litigation in mind when it directed the preparation of the Memorandum by Arthur Anderson." Id. at 1204. No "specific claim" had been asserted; indeed, the company had not even decided whether to effect the transaction.

Also brought to the attention of the Magistrate Judge were these cases:

- Ocean Mammal Institute v. Gates, Civil No. 07-00254 DAE-LEK, 2008 WL 2185180, at *10 (D. Haw. May 27, 2008):  the documents here related to certain Naval underwater tests.  They were held to be in anticipation of litigation because the Navy had been sued before about the same or similar type of program.

- In re Sealed Case, 146 F.3d 881, 884, 886 (D.C. Cir. 1998):  here the documents -- which concerned certain campaign loans -- were held to be in anticipation of litigation on the basis that there is "intense focus in [Washington, D.C.] on claims of campaign finance law violations, as well as the public criticism of the RNC-NPF relationship."  No specific claim had been asserted about those particular loans; in fact, the court stated:  "It is often prior to the emergence of specific claims that lawyers are best equipped either to help clients avoid litigation or to strengthen available defenses should litigation occur." Id. at 886 (emphasis added).

Plaintiffs, for their part, did not cite any cases where a court held that documents created before a specific claim had been asserted were not protected by the attorney work product doctrine and had to be produced.  Instead, they cited two patent cases,[4] which state in passing that, "[w]hen

---

[3] Under the "because of" standard, "a document should be deemed prepared in anticipation of litigation and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." In re Grand Jury, 357 F.3d at 907 (internal quotation marks and citation omitted).

[4] C&C Jewelry Manufacturing, Inc. v. West, No. C09-01303 JF (HRL), 2010 WL 3943673, at *1 (N.D. Cal. Oct. 7, 2010), and Conner Peripherals, Inc. v. Western Digital Corp., No. C93-20117 RMW/EAI, 1993 WL 726815, at *4 (N.D. Cal. June 8, 1993).

litigation is a mere contingency at the time the document is prepared, the privilege applies if the prospect of litigation is identifiable because of specific claims that have already arisen."  However, those cases do not help Plaintiffs' argument:  neither case actually considers whether a specific claim had been asserted in assessing the applicability of the attorney work product doctrine,[5] and the term "claim" is a term of art in patent law,[6] making patent cases distinct.  Plaintiffs therefore rely on out-of-context language from patent cases that squarely conflicts with settled law.

## CONCLUSION

For the foregoing reasons, Conseco Life respectfully requests that the Court grant Conseco Life relief from the Order.

Dated: May 22, 2012

Respectfully submitted,

 /s/ David S. Clancy
RAOUL D. KENNEDY (State Bar No. 40892)
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: Raoul.Kennedy@skadden.com

JAMES R. CARROLL (Pro Hac Vice)
DAVID S. CLANCY (Pro Hac Vice)
CHRISTOPHER A. LISY (Pro Hac Vice)
ABRA C. BRON (Pro Hac Vice)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street, 31st Floor
Boston, Massachusetts 02108
Telephone: (617) 573-4800
Facsimile: (617) 573-4822
Email:  James.Carroll@skadden.com
Email:  David.Clancy@skadden.com
Email:  Christopher.Lisy@skadden.com
Email:  Abra.Bron@skadden.com

Attorneys for Defendant
Conseco Life Insurance Company

---

[5]     The C&C court held that there was no evidence that the documents were prepared in anticipation of litigation.  2010 WL 3943673, at *2.  The Conner court never reached the work product issue because the documents were properly withheld as attorney-client privileged.  1993 WL 726815, at *5.

[6]     See, e.g., id. at *2 (Defendant "contends that the claims of each of the patents are invalid for failing to comply with the provisions of the patent laws.").