David J. Millstein (CSB #87878)
MILLSTEIN & ASSOCIATES
100 The Embarcadero Suite 200
San Francisco, California 94105
Telephone:  (415) 348-0348
Facsimile:  (415) 348-0336
Email:  dmillstein@millstein-law.com

Craig J. Litherland (*Pro Hac Vice*)
Aisha L. Cassis (*Pro Hac Vice*)
Andrea K. Hopkins (*Pro Hac Vice*)
Michelle A. Price (*Pro Hac Vice*)
Emily P. Grim (*Pro Hac Vice*)
GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone:  (202) 772-2200
Facsimile:  (202) 772-3333
Email:  litherlandc@gotofirm.com
Email:  cassisa@gotofirm.com
Email:  hopkinsa@gotofirm.com
Email:  pricem@gotofirm.com
Email:  grime@gotofirm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CONSECO LIFE INSURANCE CO. LIFETREND INSURANCE MARKETING AND SALES PRACTICES LITIGATION** | **Case No. 3:10-md-02124-SI (EDL)**<br><br>**MOTION FOR DISCOVERY-RELATED COSTS**<br><br>**Date:** July 17, 2012<br>**Time:** 9:00 a.m.<br>**Judge:** United States Magistrate Judge Elizabeth D. Laporte<br>Courtroom E, 15th Floor |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on July 17, 2012, at 9:00 a.m., before the United States Magistrate Judge Elizabeth D. Laporte, United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom E, 15th Floor, San Francisco, California 94102, or on such other date as may be set by the Court, Plaintiffs,[1] on behalf of themselves and the Class, will move pursuant to the Federal Rules of Civil Procedure for an award of costs related to discovery failures against Conseco Life Insurance Company ("Conseco" or the "Defendant") or its counsel, including attorneys' fees, and for any other form of sanction the Court deems just and proper.

**STATEMENT OF ISSUE AND REQUEST FOR RELIEF**

This motion concerns the costs associated with a discovery dispute between Plaintiffs and Conseco (collectively, "the Parties") regarding Conseco's failure to provide privilege logs that comply with the Federal Rules of Civil Procedure and this Court's prior Orders, and Conseco's bad-faith refusal to produce requested documents. Conseco's conduct was the subject of Plaintiffs' May 21, 2012 Motion to Compel Production of Documents Provided to Regulators ("Motion to Compel Regulatory Documents"), ECF No. 337. In Conseco's June 4, 2012 Opposition to Plaintiffs' Motion to Compel Production of Documents Provided to Regulators ("Opposition to the Motion to Compel Regulatory Documents"), ECF No. 347, Conseco claims to have produced the documents that were the subject to the Motion to Compel Regulatory Documents on the same day, June 4, 2012. To the extent either that Conseco did in fact produce these documents,[2] or that the Court rules in favor of Plaintiffs on any outstanding issues contained in the Motion to Compel Regulatory Documents, Plaintiffs respectfully request an award of costs

---

[1] Plaintiffs filing this motion are Cedric Brady, Charles Hovden, Marion Hovden, Eugene Kreps, John McNamara, and Hisaji Sakai, each of whom is a plaintiff in *Brady v. Conseco, Inc.*, No. 3:08-CV-5746 (N.D. Cal.) and Bill W. McFarland, who is the plaintiff in the action *McFarland v. Conseco Life Ins. Co.*, No. 3:09-CV-598 (M.D. Fla.) (collectively, "Plaintiffs").

[2] Although Conseco claims to have produced the documents that were the subject of the Motion to Compel Regulatory Documents on June 4, 2012, Plaintiffs have not yet been able, and may not be able, to verify the completeness of the production due to Conseco's continuing privilege log deficiencies. Decl. of Craig Litherland in Supp. of Pls.' Mot. for Discovery-Related Costs ¶ 3.

– 1 –

under Federal Rule of Civil Procedure 37(a), including attorneys' fees incurred in making both the Motion to Compel Regulatory Documents and the present Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    STATEMENT OF FACTS**

Plaintiffs brought this class action individually and on behalf of a certified nationwide class of all owners of certain life insurance policies administered by Conseco. *See* Am. Compl., *Brady v. Conseco, Inc.*, No. 3:08-cv-05746-SI at 2, ECF No. 51. Plaintiffs seek injunctive and declaratory relief requiring Conseco to reverse the improper charges it unlawfully imposed on policyholders, to refrain from improper charges in the future, and to restore the value of Plaintiffs' policies. *Id*. In response to policyholder complaints, state insurance regulators investigated Conseco's announced charges. Order Granting in Part and Denying in Part Pls.' Mot. For Class Certification at 4, ECF No. 111. The investigation culminated in a regulatory settlement agreement. *Id.*

### A.    Conseco's Efforts to Withhold Documents Relating to the Regulatory Investigation

As described in the Motion to Compel Regulatory Documents, Plaintiffs made proper requests for production of documents related to the regulatory settlement. In response to Conseco's objections to production, on December 23, 2010, Plaintiffs first moved the Court to compel Conseco to produce documents relating to the regulatory settlement. *See* Pls.' Mot. to Compel Produc. of Docs. Relating to the Regulatory Settlement at 4-5, ECF No. 140. Conseco argued that an Indiana statute allowed Conseco to withhold the documents. *See* Conseco's Consolidated Opp'n to Pls.' Mots. to Compel Discovery at 32-37, ECF No 152. On March 15, 2011, the Court found for Plaintiffs and held that documents produced and generated in connection with the regulatory investigation and settlement are not protected from discovery by the Indiana statute. *See* Order Re Pls.' Mot. to Compel Produc. of Docs. Relating to the Regulatory Settlement at 6, ECF No. 177. On April 15, 2011, the Court approved a stipulation in which Conseco stated that it had already produced or logged on a privilege log the business or factual documents that Conseco provided to state insurance regulators. *See* Stipulation Partially

1  Resolving Pls.' Mots. to Compel Produc. of Docs. Relating to Regulatory Settlement, Policy-
2  Related Docs., and Financial Docs., and for Protocol Governing Produc. of Electronically Stored
3  Information ("Stipulation") at 3, ECF No. 181.
4      During discussions between the Parties several months later, Conseco indicated that it was
5  unsure whether all information provided to the regulators had been produced to Plaintiffs.  *See*
6  Letter from A. Williams, Gilbert LLP, to C. Lisy, Skadden, Arps, Slate, Meagher & Flom LLP
7  (Dec. 22, 2011) attached as Ex. 6 to Decl. of Craig Litherland in Supp. of Pls.' Mot. to Compel
8  Docs. Provided to Regulators ("Litherland Decl. in Supp. of Mot. to Compel Regulatory Docs."),
9  ECF No. 337.  In response, Plaintiffs requested in late 2011 that counsel for Conseco "confirm in
10 writing that Conseco Life has either produced all documents related to the regulatory
11 investigations and settlement or that such documents have been listed on a privilege log already
12 produced to Plaintiffs."  *Id.*  Conseco assured Plaintiffs that all such documents had been
13 produced or logged, replying that "Conseco Life has reasonably and diligently searched for and
14 has produced (or logged on a privilege log) documents responsive to your requests concerning the
15 regulatory investigation and settlement (other than email, for which the review and production is
16 – as you know – ongoing)."  *See* Letter from C. Lisy, Skadden, Arps, Slate, Meagher & Flom
17 LLP, to A. Williams, Gilbert LLP (Dec. 30, 2011) ("Confirmation Letter") attached as Ex. 7 to
18 Litherland Decl. in Supp. of Mot. to Compel Regulatory Docs, ECF No. 337.
19     Despite its assurances, Conseco apparently continued to withhold documents submitted to
20 third party state insurance regulators without having adequately logged these documents in its
21 privilege log.  Only in conjunction with its June 4, 2012 Opposition to the Motion to Compel
22 Regulatory Documents, ECF No. 347, did Conseco finally produce some of the documents it
23 provided to regulators.  Decl. of Craig Litherland in Supp. of Pls.' Mot. for Discovery-Related
24 Costs ("Litherland Decl.") ¶ 6.  Those documents were apparently among those Plaintiffs sought
25 in the Motion to Compel Regulatory Documents.  *See* Opp'n to the Motion to Compel Regulatory
26 Docs. at 2, ECF No. 347.  In addition, Plaintiffs previously found a reference to a compact disc
27 ("CD") containing numerous documents related to the Lifetrend policies, which Conseco had
28 provided to the state regulatory authorities, but which Plaintiffs were unable to identify in

1   Conseco's productions or privilege logs.  *See* Mot. to Compel Regulatory Docs. at 4, ECF No.
2   337.  On April 18, 2012, Plaintiffs requested that Conseco provide Bates numbers for these
3   documents.  *See* Letter from A. Williams, Gilbert LLP, to C. Lisy, Skadden, Arps, Slate, Meagher
4   & Flom LLP (Apr. 18, 2012) attached as Ex. 9 to Litherland Decl. in Supp. of Mot. to Compel
5   Regulatory Docs., ECF No. 337.  Conseco responded on April 25, 2012, a full year after the
6   Stipulation and three months after the Confirmation Letter, that Conseco is "currently in the
7   process of confirming whether each of the responsive documents [on the CD] provided to the
8   regulatory authorities . . . has been produced or logged."  *See* Letter from A. Bron, Skadden,
9   Arps, Slate, Meagher & Flom LLP, to A. Williams, Gilbert LLP (Apr. 25, 2012) attached as
10  Ex. 10 to Litherland Decl. in Supp. of Mot. to Compel Regulatory Docs., ECF No. 337.  Weeks
11  later, during conversations on May 15 that were prompted by Plaintiffs' request to meet and
12  confer, Conseco was still unable to confirm that documents provided to state regulators on that
13  CD had been either produced or logged as privileged.  Litherland Decl. ¶ 8.

**B.     Deficiencies in Conseco's Privilege Logs**

Shortcomings in Conseco's privilege logs are not new.  Conseco produced five iterations of its privilege log between March 31, 2011 and September 30, 2011, all of which provided inadequate information to establish the privileges that Conseco claimed.  Litherland Decl. ¶ 9. The Parties met and conferred about this issue on September 14, 2011, and Plaintiffs requested that Conseco revise its privilege log to include the names of those persons who authored and received the documents listed on the privilege log, along with their respective roles within the corporation.  Litherland Decl. ¶ 10.  Plaintiffs also requested that Conseco include fuller descriptions of the documents listed on the privilege log so that Plaintiffs could make an assessment of whether the documents were being properly withheld.  Litherland Decl. ¶ 11. Conseco, however, failed to fix these problems.  Litherland Decl. ¶ 12.

On November 1, 2011, this Court entered an Order regarding Discovery Procedures addressing the privilege log requirements.  ECF No. 225.  Specifically, paragraph 5 of this Court's Order states:

> 5. **Privilege Logs**. If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of similarly situated documents:
>
> a. The name and job title or capacity of the author;
> b. The name and job title or capacity of each recipient;
> c. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);
> d. The title and description of the document;
> e. The subject matter addressed in the document;
> f. The purpose(s) for which it was prepared or communicated; and
> g. The specific basis for the claim that it is privileged.
>
> The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due, unless the parties stipulate or the Court orders otherwise in a particular case.

The Parties exchanged communications on November 10 and 11, 2011, regarding a revised privilege log. Litherland Decl. ¶ 13. On November 15, 2011, Plaintiffs received, by email, an updated privilege log which suffered from the same infirmities as those the Parties addressed on September 14, 2011. Litherland Decl. ¶ 14. The November 15, 2011 privilege log was the subject of Plaintiffs' November 23, 2011 Motion to Compel Production of Documents Not Protected Under Attorney-Client Privilege or the Work Product Doctrine, ECF No. 232, which this Court granted on January 18, 2012, ECF No. 270, and thereby ordered Conseco to revise its privilege log to fully comply with the November 1, 2011 Discovery Order. This Court further ordered that Conseco provide a supporting affidavit in instances where the basis of the claimed privilege was not clear from the face of the privilege log. *Id.*

Plaintiffs' efforts to identify documents submitted to state regulators confirmed further shortcomings in Conseco's privilege logs. Conseco indicated that several documents listed on its most recent privilege log were documents that Conseco provided to insurance regulators. *See* Mot. to Compel Regulatory Docs. at 6, ECF No. 337. But these privilege log entries do not indicate that insurance regulators received these documents. *See id.* Conseco's failure to list all

– 5 –

recipients of these documents hid the very facts critical to any meaningful evaluation of a potential waiver of privilege. Indeed, without Conseco's identification of these particular privilege log entries as relating to documents provided to regulators, Plaintiffs could not possibly have determined that privileges claimed for these documents had been waived by submission to third parties. Litherland Decl. ¶ 15. Plaintiffs' attempts to trace the documents produced by Conseco to regulators required Plaintiffs to conduct a difficult and time consuming comparison of produced documents that was only partially successful by leading to the identification of just a few of the improperly logged documents. Litherland Decl. ¶ 16. Conseco's counsel indicated that there are additional such documents, but at least prior to Conseco's Opposition to the Motion to Compel Regulatory Documents, ECF No. 347, Conseco had not identified them. Litherland Decl. ¶ 17. Even now, Plaintiffs may be unable to confirm that Conseco's additional production is complete. Litherland Decl. ¶ 18. Thus, Conseco's privilege logs still fail to meet the requirements of Federal Rule of Civil Procedure 26(b)(5)(A)(ii) and completely ignore this Court's prior Orders relating to privilege logs.

### C. Plaintiffs' Attempts to Resolve Discovery Issues

After Conseco verified that a few of the privilege log entries failed to include regulators as recipients, Plaintiffs sent Conseco yet another letter on May 2, 2012, seeking prompt resolution regarding: (1) Conseco's assertions of attorney-client and work product immunity for documents that have been disclosed to state regulators; (2) Conseco's failure to list state regulators or their agents as recipients of documents on their privilege logs when such information is critical in identifying documents that may be subject to waiver of privilege; and (3) Conseco's failure to verify that it produced to Plaintiffs or logged as privileged all documents on the CD that Conseco provided to regulators, despite Conseco's previous assurances to Plaintiffs that it had produced or logged all such documents. *See* Letter from C. Litherland, Gilbert LLP, to A. Bron, Skadden, Arps, Slate, Meagher & Flom LLP (May 2, 2012) attached as Ex. 14 to Litherland Decl. in Supp. of Mot. to Compel Regulatory Docs., ECF No. 337. The letter requested a Rule 26(f) meet and confer with regard to these issues, and noted that if these matters could not be resolved, Plaintiffs would likely file appropriate pleadings, including a motion for costs. *See id.*

1  Plaintiffs' counsel and Conseco's counsel discussed these issues in a phone conversation
2  on May 10, 2012. At that time, Conseco's counsel indicated that Conseco was aware of the Ninth
3  Circuit's rejection of the selective waiver doctrine in *In re Pacific Pictures Corp.*, No. 11-71844,
4  2012 WL 1293534 (9th Cir. Apr. 17, 2012), *amended by*, 2012 WL 1640627 (9th Cir.
5  May 10, 2012), and had considered the case's applicability to documents provided to regulators.
6  Litherland Decl. ¶ 20. Conseco's counsel also claimed that Conseco was still trying to confirm
7  whether the documents provided to regulators on the CD had been either produced or logged.
8  Conseco's counsel represented that Conseco would respond within a very short time. Litherland
9  Decl. ¶ 21. Plaintiffs' counsel and Conseco's counsel held further conversations on both May 14
10 and May 15, and Conseco's counsel had no substantive response from Conseco on the discovery
11 issues at the time of those conversations. Litherland Decl. ¶ 22. During each of these
12 conversations, Plaintiffs again alerted Conseco that if Conseco did not resolve these discovery-
13 related issues, Plaintiffs would file appropriate pleadings. Litherland Decl. ¶ 23.

14  When Plaintiffs finally filed the Motion to Compel Regulatory Documents on May 21,
15 approximately 3 weeks after Plaintiffs' request to meet and confer and more than a month after
16 Plaintiffs first sought confirmation that Conseco had produced all documents that it provided to
17 regulators—which Conseco had already twice confirmed, Conseco had still (a) not produced or
18 agreed to produce the documents provided to regulators, (b) not identified all the documents
19 claimed as privileged that were disclosed to regulators, (c) not corrected or agreed to correct its
20 deficient privilege logs, and (d) not confirmed if the documents on the CD provided to the
21 regulators had been either produced or logged. The Motion to Compel Regulatory Documents is
22 the ninth motion to compel that Plaintiffs have been forced to file against Conseco, and this Court
23 has not denied any of Plaintiffs' previous eight motions to compel.[3]

---

[3] *See* Order Re Pls.' Mot. to Compel Produc. of Docs. Relating to the Regulatory Settlement, ECF No. 177 (finding for Plaintiffs and holding that the documents that were the subject of Plaintiffs' Motion to Compel Documents Relating to the Regulatory Settlement, ECF No. 140, are not protected from discovery by an Indiana statute); Stipulation Partially Resolving Pls.' Mots. to Compel Produc. of Docs. Relating to Regulatory Settlement, Policy-Related Docs., and Fin. Docs., and for Protocol Governing Produc. of Electronically Stored Information, ECF No. 181 (stipulation governing the production of documents that were the subject of Plaintiffs' Motion to Compel Documents Relating to the Regulatory Settlement, ECF No. 140, Plaintiffs' Motion to

– 7 –

MOTION FOR DISCOVERY-RELATED COSTS  3:10-md-02124-SI (EDL)

Conseco filed its Opposition to the Motion to Compel Regulatory Documents, ECF No. 347, on June 4, 2012.  In that Opposition, without citing to any sworn affidavit, Conseco claims to have produced the documents that were the subject of the Motion to Compel Regulatory Documents, also on June 4, 2012.  *Id.* at 2.  Conseco does not claim that it had any justification for withholding documents provided to state regulators.  *See id.* at 2-3.  Instead, Conseco argues that the Motion to Compel Regulatory Documents is now moot because Conseco produced all such documents on June 4, 2012, two full weeks after Plaintiffs filed that Motion.  *See id.*

**II.     ARGUMENT**

Conseco's misleading privilege logs and unjustified efforts to withhold the regulatory documents caused Plaintiffs to incur substantial and unnecessary costs in identifying these documents, attempting to obtain them first without Court action, and then filing the Motion to Compel.  If Conseco has in fact produced these documents, or if the Court rules in Plaintiffs' favor on any outstanding issues contained in the Motion to Compel Regulatory Documents, then under Federal Rule of Civil Procedure 37(a) and Local Rule 37-4, Conseco must pay Plaintiffs' costs related to both the Motion to Compel and the present Motion for Discovery-Related Costs. Plaintiffs have provided a description of the expenses incurred up through the date of filing the Motion to Compel Regulatory Documents and appropriate justification for the hourly rates claimed.  *See* Litherland Decl. ¶¶ 24-27.  As the two motions proceed, Plaintiffs will supplement these figures to include the costs associated with analyzing and replying to Conseco's opposition and attending any related hearings.  Litherland Decl. ¶ 28.

   **A.     Legal Standard**

Federal Rule of Civil Procedure 37 provides that if a motion to compel disclosure or

---

Compel Policy-Related Documents, ECF No. 141, Plaintiffs' Motion to Compel Financial Documents, ECF No. 142, and Plaintiffs' Motion for a Protocol Governing Production of Electronically Stored Information, ECF no. 143); Order re Mots. to Compel, ECF 270 (granting Plaintiffs' Motion to Compel Production of Emails, ECF No. 230, and Plaintiffs' Motion to Compel Production of Documents Not Protected Under Attorney-Client Privilege or the Work Product Doctrine, ECF No. 232, calling on the parties to confer regarding Plaintiffs' Motion to Determine Applicability of Attorney-Client Privilege and Work Product Doctrine to Documents Referenced in Milliman Privilege Log, ECF No. 241); Order Granting Pls.' Mot. to Compel Produc. of Docs. Created Before Oct. 2008, ECF No. 331 (granting Plaintiffs' Motion to Compel Production of Documents Created Before October 2008, ECF 296).

– 8 –

1  discovery is granted—or if the disclosure or requested discovery is provided after the motion was
2  filed—the court must require the party whose conduct necessitated the motion to pay for the
3  movant's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R.
4  Civ. P. 37(a)(5)(A). Rule 37 provides exceptions to the general direction that a party succeeding
5  on a motion to compel is entitled to costs if (1) the moving party filed the motion before
6  "attempting in good faith" to obtain the discovery without court action, (2) the opposing party's
7  nondisclosure was "substantially justified," or (3) circumstances exist that "make an award of
8  expenses unjust." *Id*. Civil Local Rule 37-4 requires a party seeking attorneys' fees under
9  Federal Rule 37 to file a declaration (1) stating the facts supporting its request, (2) describing its
10 efforts to secure compliance without court intervention, and (3) providing billing records and
11 appropriate justification for the hourly rates claimed.

**B.    Plaintiffs Filed the Motion to Compel Regulatory Documents Only After Attempting in Good Faith to Obtain the Regulatory Documents and Legitimate Privilege Logs Without Court Action**

14         As detailed above, Plaintiffs sought in good faith to obtain documents provided to the
15 regulators and adequate privilege logs from Conseco before filing the Motion to Compel
16 Regulatory Documents. Plaintiffs began this process in December 2010, then in 2012, over a
17 period of more than four months, Plaintiffs sent Conseco three letters and held two specific
18 telephonic meet and confer sessions, as well as some additional telephone conversations on these
19 subjects. *See* Litherland Decl. ¶¶ 5-8, 19-23. Plaintiffs alerted Conseco that with depositions and
20 the discovery deadline fast approaching, Plaintiffs would file a motion to compel if Conseco
21 would not promptly produce the regulatory documents and provide accurate privilege logs. *See*
22 Litherland Decl. ¶¶ 19, 23. Plaintiffs' multiple good faith attempts to obtain the documents
23 provided to regulators and accurate privilege logs without action from this Court meet the
24 requirements of Federal Rule of Civil Procedure 35(a)(5)(A).

**C.    Conseco's Refusal to Produce the Regulatory Documents and Provide Accurate Privilege Logs Was Not Substantially Justified**

       There is no substantial justification for Conseco's pattern of withholding documents and
submitting incomplete and misleading privilege logs. This Court has explained that a party's

1  actions are "substantially justified" when there is a "genuine dispute" or if "reasonable people
2  could differ" as to the appropriateness of the motion to compel. *JSR Micro, Inc. v. QBE Ins.
3  Corp.*, No. C-09-03044 PJH (EDL), 2010 WL 1957465, at *2 (N.D. Cal. May 14, 2010) (quoting
4  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 8B Charles Alan Wright, Arthur R.
5  Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2288 (3d ed. 2010) ("Making a
6  motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which
7  reasonable people could genuinely differ on whether a party was bound to comply with a
8  discovery rule."). Conseco fails to meet the "substantially justified" standard for at least three
9  reasons.

10     First, there can be no genuine dispute that Conseco must list state insurance regulators as
11 recipients of documents on Conseco's privilege logs. This Court has unambiguously ordered that
12 for each document claimed as privileged, a party must specify "[t]he name and job title or
13 capacity of each recipient." Order Re Discovery Procedures ¶ 5, ECF No. 225. Conseco refused
14 to comply with this Order. In fact, in Conseco's Opposition to the Motion to Compel Regulatory
15 Documents at 2-7, ECF No. 347, Conseco does not dispute that state insurance regulators must be
16 listed as recipients of documents on Conseco's privilege logs. Instead, Conseco claims, for the
17 first time, that privilege logs for these documents are no longer necessary because Conseco is no
18 longer asserting that they are privileged. *See id.* at 3.

19     Second, Conseco cannot reasonably assert that the regulatory documents are protected
20 under the attorney-client privilege or work product immunity. Conseco never established that
21 these documents were privileged, and to the extent that they ever were privileged, any such
22 protection has been waived upon voluntary disclosure to the third party state insurance regulators.
23 *See* Mot. to Compel Regulatory Docs. at 8-11, ECF No. 337. Until two weeks after Plaintiffs
24 filed the Motion to Compel Regulatory Documents, Conseco had not produced or even identified
25 all such documents despite indicating that they were aware of the Ninth Circuit's rejection of the
26 selective waiver doctrine in *In re Pacific Pictures Corp.*, No. 11-71844, 2012 WL 1293534 (9th
27 Cir. Apr. 17, 2012), *amended by*, 2012 WL 1640627 (9th Cir. May 10, 2012). Litherland Decl. ¶
28 20. Conseco's Opposition to the Motion to Compel Regulatory Documents states clearly that "in

light of the In re Pacific Pictures decision, Conseco Life understands that the Ninth Circuit has rejected the selective-waiver theory, and therefore Conseco has produced those documents." *Id.* at 2. But Conseco continued to withhold these documents until two weeks after Plaintiffs filed the Motion to Compel Regulatory Documents. Litherland Decl. ¶ 6.

Third, Conseco has offered no reasonable justification for its inability to confirm whether it produced to Plaintiffs or logged as privileged all other documents Conseco submitted to state regulators, such as the CD provided to regulators. Conseco did not deny in the various meet and confer sessions that these documents exist or that it was required to produce or identify them, it simply declined to do so. Litherland Decl. ¶ 21. In its Opposition to the Motion to Compel Production of Regulatory Documents, Conseco's only attempt to justify withholding the documents was a weak parenthetical reference to a failed "CD burning process," and a statement that the documents had now been produced. *Id.* at 2-3.

### D. Sanctions Are Just Under the Circumstances

There are no circumstances that would make an award of sanctions unjust. To the contrary, Conseco's history of withholding discoverable documents and submitting inadequate privilege logs justifies considerable sanctions. Plaintiffs have described the costs incurred to date in preparing and filing the Motion to Compel Regulatory Documents, which are based on efficiently utilized hours and appropriately justified hourly rates. *See* Litherland Decl. ¶¶ 24-27. As the Motion to Compel Regulatory Documents and the present Motion for Discovery-Related Costs proceed, Plaintiffs will supplement these figures to include the costs associated with analyzing and replying to Conseco's opposition and attending any related hearings. Litherland Decl. ¶ 28. These motions were triggered by Conseco's own conduct, and all expenses Plaintiffs listed were otherwise unnecessary. Litherland Decl. ¶ 29.

### III. CONCLUSION

Accordingly, Conseco or its counsel should be ordered to repay Plaintiffs' costs related to both the Motion to Compel Regulatory Documents and the present Motion, and should receive any other form of sanction the Court deems just and proper.

Dated: June 5, 2012                              Respectfully submitted,


                                /s/
Craig J. Litherland (*Pro Hac Vice*)
litherlandc@gotofirm.com
Aisha L. Cassis (*Pro Hac Vice*)
cassisa@gotofirm.com
Andrea K. Hopkins (*Pro Hac Vice*)
hopkinsa@gotofirm.com
Michelle A. Price (*Pro Hac Vice*)
pricem@gotofirm.com
Emily P. Grim (*Pro Hac Vice*)
grime@gotofirm.com
GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone:  (202) 772-2200
Facsimile:  (202) 772-3333

David J. Millstein (CSB #87878)
dmillstein@millstein-law.com
MILLSTEIN & ASSOCIATES
100 The Embarcadero Suite 200
San Francisco, CA 94105
Telephone:  (415) 348-0348
Facsimile:  (415) 348-0336

Joseph J. Tabacco, Jr. (CSB #75484)
Christopher T. Heffelfinger (CSB #118058)
Bing W. Ryan (CSB #228641)
BERMAN DEVALERIO
Once California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile:  (415) 433-6382

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2012, a true and correct copy of the foregoing was delivered on the following counsel via electronic mail:

>Raoul D. Kennedy
>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>525 University Avenue, Suite 1100
>Palo Alto, California 94301
>Email: Raoul.Kennedy@skadden.com
>
>James R. Carroll
>David S. Clancy
>Christopher A. Lisy
>Abra C. Bron
>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>One Beacon Street, 31st Floor
>Boston, Massachusetts 02108
>Email: James.Carroll@skadden.com
>Email: David.Clancy@skadden.com
>Email: Christopher.Lisy@skadden.com
>Email: Abra.Bron@skadden.com

                                              /s/
                                    Michelle A. Price