United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE CONSECO LIFE INSURANCE
COMPANY LIFETREND INSURANCE
SALES AND MARKETING LITIGATION

                                                      /

No. 10-md-02124 SI

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

Defendant Conseco Life Insurance ("Conseco") moves for relief from a non-dispositive pretrial order entered by Magistrate Judge Laporte on May 8th, 2012. Judge Laporte's Order granted plaintiffs' motion to compel discovery of certain documents that Conseco asserts are protected by the work product privilege. Pursuant to Federal Rule of Civil Procedure 72(a), when a party objects to a non-dispositive matter decided by a magistrate judge, the "district judge in the case must modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See Cruz v. Dollar Tree Stores, Inc.*, 2008 WL 4820825 (N.D. Cal. Nov. 3, 2008) (Conti, J.). For the reasons stated below, the Court DENIES defendant's motion for relief from Judge Laporte's order.

**DISCUSSION**

Conseco announced the policy changes that led to this suit in an October 2008 letter to policyholders.[1] The documents sought by plaintiffs' motion to compel were created prior to October

---

[1] The factual background of this case is set forth in detail in the Court's December 20, 2011 Order Granting in Part and Denying in Part Defendant's Motion for Decertification. *See* Dkt. 253.

1  2008, many as early as 2005, and relate to the increased costs Conseco sought to impose. Plaintiffs state
2  that the documents were created by Conseco project teams formed to address the company's need to
3  begin charging increased cost of insurance rates. Plaintiffs argue the documents were generated for
4  business purposes, not in anticipation of litigation, and are therefore not privileged. Pls.' Mot. to
5  Compel, Dkt. 296 at 5. Conseco argues that the documents were created under the direction of
6  Conseco's in-house attorneys in the midst of an extensive internal investigation that was expected to
7  lead to litigation, and are therefore protected by the work-product privilege. Def.'s Mot. to Recon.,
8  Dkt. 338 at 1. Judge Laporte ruled in favor of plaintiffs and granted their motion to compel. *See* dkt.
9  331 and 339 (Lisy Decl., Ex. 2).[2] In its motion for relief, Conseco argues that plaintiffs and Judge
10 Laporte relied on a faulty legal theory regarding whether work-product protection can only be asserted
11 after a specific claim has been filed.

12 The work-product doctrine was first articulated by the Supreme Court in *Hickman v. Taylor*, 329
13 U.S. 495 (1947), and is now expressed in Rule 26(a)(3) of the Federal Rules of Civil Procedure. Under
14 26(a)(3), a party generally may not obtain documents and tangible things prepared in anticipation of
15 litigation or for trial unless it can show substantial need of the materials. However, as the advisory note
16 following Rule 26(a)(3) states, only documents prepared in anticipation of litigation, and *not* in the
17 ordinary course of business, are eligible for work-product status. *Simon v. G.D. Searle & Co.*, 816 F.2d
18 397 (1987).

19 In its motion for relief, Conseco argues that Judge Laporte's order is based on a faulty legal
20 premise: that the work product doctrine can only be triggered upon the assertion of a "specific claim."
21 Not so. At the hearing on plaintiffs' motion, Judge Laporte clearly considered that some documents
22 generated before the filing of the complaint *could* be covered by the work product doctrine; she simply
23 (and correctly) concluded that the decision to raise rates, which may have led to litigation in the past,
24 does not automatically trigger work-product protection. *See* Lisy Decl., Ex. 2 (Tr. of May 1, 2012
25 Hearing, at 2:21-4:9) ("I don't think that a general belief that we've announced changes in our rate
26 structure before we have been sued, I think that's kind of -- it's not specific about reasonable

---

28 [2] Judge Laporte signed plaintiffs' proposed order, which does not provide her reasoning; however, she also ruled from the bench at the May 1, 2012 hearing on plaintiffs' motion to compel, in which she did explain her reasoning. *See* Lisy Decl., Ex. 2.

2

1  anticipation of particular litigation . . . It's kind of like saying every time a pharmaceutical company
2  releases a new drug they can anticipate being sued, because somebody, whether it's a tiny amount of
3  a lot of people, will probably experience side effects and symptoms, rightly or wrongly, legitimately or
4  not . . . But at some point, probably, there might have been sufficient anticipation."). Nor does
5  Conseco's motion for relief address the second rationale on which Judge Laporte relied in granting the
6  motion to compel – that the documents would have been prepared during the ordinary course of
7  business. *Id.* at 2:23-3:2 ("The other thing is, you know, there is the deposition testimony which seems
8  to show business purposes; essentially we're losing money because we're not charging rates that cover
9  our costs and we need to do that."); *see In re LDK Solar Sec. Litig.,* 2010 WL 114009, at *1 n.2 (N.D.
10 Cal. Jan. 7, 2010) ("There is an exception [to the work product doctrine] for documents which would
11 have been prepared in the ordinary course of business, even if there had been no litigation.").

12 The Court finds that Judge Laporte's Order was neither clearly erroneous nor contrary to law.
13 Conseco's motion is DENIED.

### CONCLUSION

16 For the foregoing reasons, the Court hereby DENIES defendant's motion for relief from a non-
17 dispositive pretrial order of Magistrate Judge Laporte.

19 **IT IS SO ORDERED.**

22 Dated: July 17, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

3