# Exhibit 4

## to Declaration of Andrea Hopkins in Support of Motion for Partial Summary Judgment

1  RAOUL D. KENNEDY (STATE BAR NO. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  525 University Avenue
   Palo Alto, California 94301
3  Telephone: (650) 470-4500
   Facsimile: (650) 470-4570
4  Email: Raoul.Kennedy@skadden.com

5  JAMES R. CARROLL (*PRO HAC VICE*)
   DAVID S. CLANCY (*PRO HAC VICE*)
6  CHRISTOPHER A.LISY (*PRO HAC VICE*)
   ABRA C. BRON (*PRO HAC VICE*)
7  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   One Beacon Street, 31st Floor
8  Boston, Massachusetts 02108
   Telephone: (617) 573-4800
9  Facsimile: (617) 573-4822
   Email: James.Carroll@skadden.com
10 Email: David.Clancy@skadden.com
   Email: Christopher.Lisy@skadden.com
11 Email: Abra.Bron@skadden.com

12 Attorneys for Defendant
   Conseco Life Insurance Company

13
                     UNITED STATES DISTRICT COURT

14
               FOR THE NORTHERN DISTRICT OF CALIFORNIA

15
                        SAN FRANCISCO DIVISION

16
                                          )  CASE NO.: 3:10-md-2124 SI
17                                        )
                                          )
18 IN RE CONSECO LIFE INSURANCE           )  **DEFENDANT CONSECO LIFE**
   COMPANY LIFETREND INSURANCE            )  **INSURANCE COMPANY'S**
19 SALES AND MARKETING LITIGATION         )  **RESPONSES AND OBJECTIONS TO**
                                          )  **PLAINTIFFS' FOURTH SET OF**
20                                        )  **REQUESTS FOR ADMISSION**
                                          )
21                                        )
                                          )
22                                        )
                                          )
23                                        )
                                          )
24 _____)

25 PROPOUNDING PARTY:           PLAINTIFFS

26 RESPONDING PARTY:            DEFENDANT CONSECO LIFE INSURANCE COMPANY

27 SET NUMBER:                  FOURTH

28

CONSECO LIFE'S RESPONSES AND OBJECTIONS TO                    Case No. 3:10-md-2124 SI
PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION

1    Pursuant to Rule 36 of the Federal Rules of Civil Procedure and Civil Local Rule 36-1,

2  Defendant Conseco Life Insurance Company ("Conseco Life") hereby responds to Plaintiffs'

3  Fourth Set Of Requests For Admission, dated June 22, 2012 (the "Requests") as follows:

4                    **SPECIFIC OBJECTIONS AND RESPONSES**

5    Subject to the General Objections herein and without waiving them, and without conceding

6  that any of the requested information is properly discoverable from Conseco Life, relevant to the

7  subject matter of this lawsuit, or admissible as evidence, Conseco Life objects and responds to the

8  Requests as follows:

9  REQUEST FOR ADMISSION NO. 150:

10   Admit that the document attached as Exhibit A-1 is a true and accurate example of a

11  Lifetrend 3 product with a Policy Form Number NP-WL-86.

12  RESPONSE TO REQUEST FOR ADMISSION NO. 150:

13   See General Objections, which are incorporated as if set forth herein.

14   Subject to the foregoing objections, and without waiving them, Conseco Life admits this

15  Request.

16  REQUEST FOR ADMISSION NO. 151:

17   Admit that the document attached as Exhibit A-2 is a true and accurate example of a

18  Lifetrend 3 product with a Policy Form Number LA0078.

19  RESPONSE TO REQUEST FOR ADMISSION NO. 151:

20   See General Objections, which are incorporated as if set forth herein.

21   Subject to the foregoing objections, and without waiving them, Conseco Life admits this

22  Request.

23  REQUEST FOR ADMISSION NO. 152:

24   Admit that the document attached as Exhibit A-3 is a true and accurate example of a

25  Lifetrend 3 product with a Policy Form Number LD0078.

26  RESPONSE TO REQUEST FOR ADMISSION NO. 152:

27   See General Objections, which are incorporated as if set forth herein.

28

1

1    Subject to the foregoing objections, and without waiving them, Conseco Life denies this

2  Request.

3  REQUEST FOR ADMISSION NO. 153:

4    Admit that the document attached as Exhibit A-4 is a true and accurate example of a

5  Lifetrend 4 product with a Policy Form Number NP-END-86.

6  RESPONSE TO REQUEST FOR ADMISSION NO. 153:

7    See General Objections, which are incorporated as if set forth herein.

8    Subject to the foregoing objections, and without waiving them, Conseco Life denies this

9  Request.

10  REQUEST FOR ADMISSION NO. 154:

11    Admit that the document attached as Exhibit A-5 is a true and accurate example of a

12  Lifetrend 4 product with a Policy Form Number LA0080.

13  RESPONSE TO REQUEST FOR ADMISSION NO. 154:

14    See General Objections, which are incorporated as if set forth herein.

15    Subject to the foregoing objections, and without waiving them, Conseco Life admits this

16  Request.

17  REQUEST FOR ADMISSION NO. 155:

18    Admit that the document attached as Exhibit A-6 is a true and accurate example of a

19  Lifetrend 4 product with a Policy Form Number LD0080.

20  RESPONSE TO REQUEST FOR ADMISSION NO. 155:

21    See General Objections, which are incorporated as if set forth herein.

22    Subject to the foregoing objections, and without waiving them, Conseco Life admits this

23  Request.

24  REQUEST FOR ADMISSION NO. 156:

25    Admit that the document attached as Exhibit A-7 is a true and accurate example of a

26  Lifetrend 4 product with a Policy Form Number NP-WL-92.

27  RESPONSE TO REQUEST FOR ADMISSION NO. 156:

28    See General Objections, which are incorporated as if set forth herein.

2

1  Subject to the foregoing objections, and without waiving them, Conseco Life admits this

2  Request.

3  REQUEST FOR ADMISSION NO. 157:

4  Admit that the document attached as Exhibit A-8 is a true and accurate example of a

5  Lifetrend 4 product with a Policy Form Number NP-WL-92.

6  RESPONSE TO REQUEST FOR ADMISSION NO. 157:

7  See General Objections, which are incorporated as if set forth herein.

8  Subject to the foregoing objections, and without waiving them, Conseco Life denies this

9  Request.

10  REQUEST FOR ADMISSION NO. 158:

11  Admit that the document attached as Exhibit A-9 is a true and accurate example of a

12  Lifetrend 4 product with a Policy Form Number NP-WL-94.

13  RESPONSE TO REQUEST FOR ADMISSION NO. 158:

14  See General Objections, which are incorporated as if set forth herein.

15  Subject to the foregoing objections, and without waiving them, Conseco Life admits this

16  Request.

17  REQUEST FOR ADMISSION NO. 159:

18  Admit that the document attached as Exhibit A-10 is a true and accurate example of a

19  Lifetrend 4 product with a Policy Form Number NP-WL-94.

20  RESPONSE TO REQUEST FOR ADMISSION NO. 159:

21  See General Objections, which are incorporated as if set forth herein.

22  Subject to the foregoing objections, and without waiving them, Conseco Life denies this

23  Request.

24  REQUEST FOR ADMISSION NO. 160:

25  Admit that all Lifetrend 3 or Lifetrend 4 products with a Policy Form Number NP-WL-92

26  contain a "Reinstatement" section with the same language as the "Reinstatement" section contained

27  in the document attached as Exhibit A-7.

28

3

1 | RESPONSE TO REQUEST FOR ADMISSION NO. 160:

2 | See General Objections, which are incorporated as if set forth herein.

3 | Subject to the foregoing objections, and without waiving them, Conseco Life admits that
4 | Lifetrend 4 products with a Policy Form number NP-WL-92 contain a "Reinstatement" section
5 | with the same language as the "Reinstatement" section contained in the document attached as
6 | Exhibit A-7 to the Requests. Conseco Life otherwise denies this Request.

7 | REQUEST FOR ADMISSION NO. 161:

8 | Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number NP-WL-94
9 | contain a "Reinstatement" section with the same language as the "Reinstatement" section contained
10 | in the document attached as Exhibit A-9.

11 | RESPONSE TO REQUEST FOR ADMISSION NO. 161:

12 | See General Objections, which are incorporated as if set forth herein.

13 | Subject to the foregoing objections, and without waiving them, Conseco Life admits that
14 | Lifetrend 4 products with a Policy Form number NP-WL-94 contain a "Reinstatement" section
15 | with the same language as the "Reinstatement" section contained in the document attached as
16 | Exhibit A-9 to the Requests. Conseco Life otherwise denies this Request.

17 | REQUEST FOR ADMISSION NO. 162:

18 | Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number NP-WL-86
19 | or NP-END-86 contain a "Reinstatement" section with the same language as the "Reinstatement"
20 | section contained in the document attached as Exhibit A-1.

21 | RESPONSE TO REQUEST FOR ADMISSION NO. 162:

22 | See General Objections, which are incorporated as if set forth herein.

23 | Subject to the foregoing objections, and without waiving them, Conseco Life admits that
24 | Lifetrend 3 products with a Policy Form number NP-WL-86 contain a "Reinstatement" section
25 | with the same language as the "Reinstatement" section contained in the document attached as
26 | Exhibit A-1 to the Requests. Conseco Life further admits that Lifetrend 4 products with a Policy
27 | Form number NP-END-86 contain a "Reinstatement" section with the same language as the

28 |

CONSECO LIFE'S RESPONSES AND OBJECTIONS TO                     Case No. 3:10-MD-2124-SI
PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION

1 | "Reinstatement" section contained in the document attached as Exhibit A-1 to the Requests.

2 | Conseco Life otherwise denies this Request.

3 | REQUEST FOR ADMISSION NO. 163:

4 | Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number LA0078,

5 | LD0078, LA0080, or LD0080 contain a "Reinstatement" section with the same language as the

6 | "Reinstatement" section contained in the document attached as Exhibit A-2.

7 | RESPONSE TO REQUEST FOR ADMISSION NO. 163:

8 | See General Objections, which are incorporated as if set forth herein.

9 | Subject to the foregoing objections, and without waiving them, Conseco Life admits that

10 | Lifetrend 3 products with a Policy Form number LA0078 or LD0078 contain a "Reinstatement"

11 | section with the same language as the "Reinstatement" section contained in the document attached

12 | as Exhibit A-2 to the Requests, and that Lifetrend 4 products with a Policy Form number LA0080

13 | or LD0080 contain a "Reinstatement" section with the same language as the "Reinstatement"

14 | section contained in the document attached as Exhibit A-2 to the Requests.  Conseco Life

15 | otherwise denies this Request.

16 | REQUEST FOR ADMISSION NO. 164:

17 | Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number NP-WL 86,

18 | NP-END-86, LA0078, LD0078, LA0080, or LD0080 contain an "Optional Premium Payment

19 | Provision" section with the same language as the "Optional Premium Payment Provision" section

20 | contained in the document attached as Exhibit A-I.

21 | RESPONSE TO REQUEST FOR ADMISSION NO. 164:

22 | See General Objections, which are incorporated as if set forth herein.

23 | Subject to the foregoing objections, and without waiving them, Conseco Life admits that

24 | Lifetrend 3 products with a Policy Form number NP-WL-86, LA0078, or LD0078 contain an

25 | "Optional Premium Payment Provision" section with the same language as the "Optional Premium

26 | Payment Provision" section contained in the document attached as Exhibit A-1 to the Requests.

27 | Conseco Life further admits that Lifetrend 4 products with a Policy Form number NP-END-86,

28 | LA0080, or LD0080 contain an "Optional Premium Payment Provision" section with the same

5

1 language as the "Optional Premium Payment Provision" section contained in the document

2 attached as Exhibit A-1 to the Requests. Conseco Life otherwise denies this Request.

3 REQUEST FOR ADMISSION NO. 165:

4 Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number NP-WL-92

5 or NP-WL-94 contain an "Optional Premium Payment Provision" section with the same language

6 as the "Optional Premium Payment Provision" section contained in the document attached as

7 Exhibit A-7.

8 RESPONSE TO REQUEST FOR ADMISSION NO. 165:

9 See General Objections, which are incorporated as if set forth herein.

10 Subject to the foregoing objections, and without waiving them, Conseco Life admits that

11 Lifetrend 4 products with a Policy Form number NP-WL-92 or NP-WL-94 contain an "Optional

12 Premium Payment Provision" section with the same language as the "Optional Premium Payment

13 Provision" section contained in the document attached as Exhibit A-7 to the Requests. Conseco

14 Life otherwise denies this Request.

15 REQUEST FOR ADMISSION NO. 166:

16 Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number NP-WL-86,

17 NP-END-86, LA0078, LA0080, LD0080, NP-WL-92, or NP-WL-94 contain a "Monthly

18 Deduction" section with the same language as the "Monthly Deduction" section contained in the

19 document attached as Exhibit A-1.

20 RESPONSE TO REQUEST FOR ADMISSION NO. 166:

21 See General Objections, which are incorporated as if set forth herein.

22 Subject to the foregoing objections, and without waiving them, Conseco Life admits that

23 Lifetrend 3 products with a Policy Form number NP-WL-86, LA0078, or LD0078 contain a

24 "Monthly Deduction" section with the same language as the "Monthly Deduction" section

25 contained in the document attached as Exhibit A-1 to the Requests. Conseco Life further admits

26 that Lifetrend 4 products with a Policy Form number NP-END-86, NP-WL-92, NP-WL-94,

27 LA0080, or LD0080 contain a " Monthly Deduction" section with the same language as the

28

6

1 "Monthly Deduction" section contained in the document attached as Exhibit A-1 to the Requests.

2 Conseco Life otherwise denies this Request.

3 REQUEST FOR ADMISSION NO. 167:

4      Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number LD0078

5 contain a "Monthly Deduction" section with the same language as the "Monthly Deduction" section

6 contained in the document attached as Exhibit A-3.

7 RESPONSE TO REQUEST FOR ADMISSION NO. 167:

8      See General Objections, which are incorporated as if set forth herein.

9      Subject to the foregoing objections, and without waiving them, Conseco Life admits that all

10 Lifetrend 3 products with a Policy Form number LD0078 contain a "Monthly Deduction" section

11 with the same language as the "Monthly Deduction" section contained in the document attached as

12 Exhibit A-3 to the Requests.  Conseco Life otherwise denies this Request.

13 REQUEST FOR ADMISSION NO. 168:

14      Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number NP-WL-86,

15 NP-END-86, NP-WL-92, or NP-WL-94 contain a "Monthly Cost of Insurance" section with the

16 same language as the "Monthly Cost of Insurance" section contained in the document attached as

17 Exhibit A-1.

18 RESPONSE TO REQUEST FOR ADMISSION NO. 168:

19      See General Objections, which are incorporated as if set forth herein.

20      Subject to the foregoing objections, and without waiving them, Conseco Life admits that

21 Lifetrend 3 products with a Policy Form number NP-WL-86 contain a "Monthly Costs of

22 Insurance" section with the same language as the "Monthly Cost of Insurance" section contained in

23 the document attached as Exhibit A-1 to the Requests.  Conseco Life further admits that Lifetrend

24 4 products with a Policy Form number NP-END-86, NP-WL-92, or NP-WL-94 contain a "Monthly

25 Cost of Insurance" section with the same language as the "Monthly Cost of Insurance" section

26 contained in the document attached as Exhibit A-1 to the Requests.  Conseco Life otherwise denies

27 this Request.

28

7

1 REQUEST FOR ADMISSION NO. 169:

2      Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number LA0078,

3 LA0080, or LD0080 contain a "Monthly Cost of Insurance" section with the same language as the

4 "Monthly Cost of Insurance" section contained in the document attached as Exhibit A-2.

5 RESPONSE TO REQUEST FOR ADMISSION NO. 169:

6      See General Objections, which are incorporated as if set forth herein.

7      Subject to the foregoing objections, and without waiving them, Conseco Life admits that

8 Lifetrend 3 products with a Policy Form number LA0078 contain a "Monthly Cost of Insurance"

9 section with the same language as the "Monthly Cost of Insurance" section contained in the

10 document attached as Exhibit A-2 to the Requests. Conseco Life further admits that Lifetrend 4

11 products with a Policy Form number LA0080 or LD0080 contain a "Monthly Cost of Insurance"

12 section with the same language as the "Monthly Cost of Insurance" section contained in the

13 document attached as Exhibit A-2 to the Requests. Conseco Life otherwise denies this Request.

14 REQUEST FOR ADMISSION NO. 170:

15      Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number LD0078

16 contain a "Monthly Cost of Insurance" section with the same language as the "Monthly Cost of

17 Insurance" section contained in the document attached as Exhibit A-3.

18 RESPONSE TO REQUEST FOR ADMISSION NO. 170:

19      See General Objections, which are incorporated as if set forth herein.

20      Subject to the foregoing objections, and without waiving them, Conseco Life admits that

21 Lifetrend 3 products with a Policy Form number LD0078 contain a "Monthly Cost of Insurance"

22 section with the same language as the "Monthly Cost of Insurance" section contained in the

23 document attached as Exhibit A-3 to the Requests. Conseco Life otherwise denies this Request.

24 REQUEST FOR ADMISSION NO. 171:

25      Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number NP-WL-86,

26 NP-END-86, LA0078, LD0078, LA0080, LD0080, NP-WL-92, or NP-WL-94 contain a "Monthly

27 Cost of Insurance Rates" section with the same language as the "Monthly Cost of Insurance Rates"

28 section contained in the document attached as Exhibit A-1.

8

1  RESPONSE TO REQUEST FOR ADMISSION NO. 171:

2      See General Objections, which are incorporated as if set forth herein.

3      Subject to the foregoing objections, and without waiving them, Conseco Life admits that
4  Lifetrend 3 products with a Policy Form number NP-WL-86, LA0078, or LD0078 contain a
5  "Monthly Cost of Insurance Rates" section with the same language as the "Monthly Cost of
6  Insurance Rates" section contained in the document attached as Exhibit A-1 to the Requests.
7  Conseco Life further admits that Lifetrend 4 products with a Policy Form number NP-END-86,
8  LA0080, LD0080, NP-WL-92, or NP-WL-94 contain a "Monthly Cost of Insurance Rates" section
9  with the same language as the "Monthly Cost of Insurance Rates" section contained in the
10 document attached as Exhibit A-1 to the Requests.  Conseco Life otherwise denies this Request.

11 REQUEST FOR ADMISSION NO. 172:

12     Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number NP-WL-86,
13 NP-END-86, LA0078, LD0078, LA0080, or LD0080 contain a "Nonparticipating" section with the
14 same language as the "Nonparticipating" section contained in the document attached as Exhibit A-1.

15 RESPONSE TO REQUEST FOR ADMISSION NO. 172:

16     See General Objections, which are incorporated as if set forth herein.

17     Subject to the foregoing objections, and without waiving them, Conseco Life admits that
18 Lifetrend 3 products with a Policy Form number NP-WL-86, LA0078, or LD0078 contain a
19 "Nonparticipating" section with the same language as the "Nonparticipating" section contained in
20 the document attached as Exhibit A-1 to the Requests.  Conseco Life further admits that Lifetrend
21 4 products with a Policy Form number NP-END-86, LA0080, or LD0080 contain a
22 "Nonparticipating" section with the same language as the "Nonparticipating" section contained in
23 the document attached as Exhibit A-1 to the Requests.  Conseco Life otherwise denies this Request.

24 REQUEST FOR ADMISSION NO. 173:

25     Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number NP-WL-92
26 contain a "Nonparticipating" section with the same language as the "Nonparticipating" section
27 contained in the document attached as Exhibit A-7.

28

9

1  RESPONSE TO REQUEST FOR ADMISSION NO. 173:

2      See General Objections, which are incorporated as if set forth herein.

3      Subject to the foregoing objections, and without waiving them, Conseco Life admits that

4  Lifetrend 4 products with a Policy Form number NP-WL-92 contain a "Nonparticipating" section

5  with the same language as the "Nonparticipating" section contained in the document attached as

6  Exhibit A-7 to the Requests.  Conseco Life otherwise denies this Request.

7  REQUEST FOR ADMISSION NO. 174:

8      Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number NP-WL-94

9  contain a "Nonparticipating" section with the same language as the "Nonparticipating" section

10  contained in the document attached as Exhibit A-9.

11  RESPONSE TO REQUEST FOR ADMISSION NO. 174:

12      See General Objections, which are incorporated as if set forth herein.

13      Subject to the foregoing objections, and without waiving them, Conseco Life admits that

14  Lifetrend 4 products with a Policy Form number NP-WL-94 contain a "Nonparticipating" section

15  with the same language as the "Nonparticipating" section contained in the document attached as

16  Exhibit A-9 to the Requests.  Conseco Life otherwise denies this Request.

17  REQUEST FOR ADMISSION NO. 175:

18      Admit that all Lifetrend 3 or Lifetrend 4 products with a Product Form Number NP-WL-86,

19  NP-END-86, LA0078, LD0078, LA0080, LD0080, NP-WL-92, or NP-WL-94 contain an "Expense

20  Charges" section that provides for monthly charges that, after the first two policy years, can be no

21  greater than the monthly charges provided for in the "Expense Charges" section contained in the

22  document attached as Exhibit A-7.

23  RESPONSE TO REQUEST FOR ADMISSION NO. 175:

24      See General Objections, which are incorporated as if set forth herein.  Conseco Life further

25  objects to this Request that it is vague and ambiguous.

26      Subject to the foregoing objections, and without waiving them, Conseco Life denies this

27  Request.

28

10

CONSECO LIFE'S RESPONSES AND OBJECTIONS TO                          Case No. 3:10-MD-2124-SI
PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION

1 REQUEST FOR ADMISSION NO. 176:

2 Admit that on October 1, 2008, every class member owned a Lifetrend 3 or Lifetrend 4

3 policy with a Product Form Number NP-WL-86, NP-END-86, LA0078, LD0078, LA0080,

4 LD0080, NP-WL-92, or NP-WL-94.

5 RESPONSE TO REQUEST FOR ADMISSION NO. 176:

6 See General Objections, which are incorporated as if set forth herein.

7 Subject to the foregoing objections, and without waiving them, Conseco Life denies this

8 Request.

9 REQUEST FOR ADMISSION NO. 177:

10 Admit that on October 1, 2008, the Lifetrend 3 or Lifetrend 4 policies owned by class

11 members were valid contracts between class members and Conseco.

12 RESPONSE TO REQUEST FOR ADMISSION NO. 177:

13 See General Objections, which are incorporated as if set forth herein.  Conseco Life further

14 objects to this Request on the ground that it impermissibly seeks a legal conclusion.  Conseco Life

15 further objects to this Request on the ground that it is unduly burdensome, as it would require a

16 policy-by-policy examination as to such matters as funding and incontestability.

17 Subject to the foregoing objections, and without waiving them, Conseco Life denies this

18 Request.

19 REQUEST FOR ADMISSION NO. 178:

20 Admit that Conseco has assumed the responsibilities of the "Company" as the term

21 "Company" is used in class members' Lifetrend 3 and Lifetrend 4 policies.

22 RESPONSE TO REQUEST FOR ADMISSION NO. 178:

23 See General Objections, which are incorporated as if set forth herein.

24 Subject to the foregoing objections, and without waiving them, Conseco Life admits that

25 Conseco Life has assumed the responsibilities of the "Company" as that term is used in the class

26 members' Lifetrend 3 and Lifetrend 4 policies.  Conseco Life otherwise denies this Request.

27

28

11

1 REQUEST FOR ADMISSION NO. 179:

2     Admit that the document bates numbered BRD000001-BRD000021 is a true and accurate

3 reproduction of the policy owned by Cedric T. Brady.

4 RESPONSE TO REQUEST FOR ADMISSION NO. 179:

5     See General Objections, which are incorporated as if set forth herein.

6     Subject to the foregoing objections, and without waiving them, Conseco Life admits that

7 the document Bates numbered BRD000001 through BRD000021 is a true and accurate

8 reproduction of Policy No. 10PM005886, which insures Cedric T. Brady's life.  Conseco Life

9 otherwise denies this Request.

10 REQUEST FOR ADMISSION NO. 180:

11     Admit that the document attached as Exhibit B is an authentic business record of Conseco.

12 RESPONSE TO REQUEST FOR ADMISSION NO. 180:

13     See General Objections, which are incorporated as if set forth herein.  Conseco Life further

14 objects to this Request to the extent it seeks an admission that Exhibit B to the Requests is a record

15 of a regularly conducted activity and therefore subject to the Fed. R. Evid. 803(6) hearsay

16 exception.  Conseco Life further objects to this Request on the ground that the term "business

17 record" is vague and ambiguous.  Conseco Life further objects to this Request to the extent that the

18 term "business record" is not intended to refer to the Fed. R. Evid. 803(6) hearsay exception for

19 records of regularly conducted activities, as this Request therefore seeks a legal conclusion as to

20 the authenticity of documents that are not self-authenticating under Fed. R. Evid. 902.  Conseco

21 Life further objects to this Request on the ground that Exhibit B to the Requests is incomplete.

22     Subject to the foregoing objections, and without waiving them, Conseco Life denies this

23 Request.

24 REQUEST FOR ADMISSION NO. 181:

25     Admit that the document attached as Exhibit C is an authentic business record of Conseco.

26 RESPONSE TO REQUEST FOR ADMISSION NO. 181:

27     See General Objections, which are incorporated as if set forth herein.  Conseco Life further

28 objects to this Request to the extent it seeks an admission that Exhibit C to the Requests is a record

12

1 | of a regularly conducted activity and therefore subject to the Fed. R. Evid. 803(6) hearsay

2 | exception. Conseco Life further objects to this Request on the ground that the term "business

3 | record" is vague and ambiguous. Conseco Life further objects to this Request to the extent that the

4 | term "business record" is not intended to refer to the Fed. R. Evid. 803(6) hearsay exception for

5 | records of regularly conducted activities, as this Request therefore seeks a legal conclusion as to

6 | the authenticity of documents that are not self-authenticating under Fed. R. Evid. 902.

7 |     Subject to the foregoing objections, and without waiving them, Conseco Life admits that

8 | Exhibit C to the Requests is an authentic copy of a letter generated by Conseco Life. Conseco Life

9 | denies that Exhibit C to the Requests is a "business record" or a record of a regularly conducted

10 | activity.

11 | **REQUEST FOR ADMISSION NO. 182:**

12 |     Admit that in October 2008 Conseco sent letters to the majority of class members notifying

13 | them of a change in cost of insurance rates for their policies.

14 | **RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

15 | See General Objections, which are incorporated as if set forth herein. Conseco Life further

16 | objects to this Request on the ground that it is vague and ambiguous.

17 |     Subject to the foregoing objections, and without waiving them, Conseco Life admits this

18 | Request.

19 | **REQUEST FOR ADMISSION NO. 183:**

20 |     Admit that the document bates numbered CLIC 0002529 is a true and accurate reproduction

21 | of a letter Conseco sent Cedric T. Brady in December 2008.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

23 | See General Objections, which are incorporated as if set forth herein.

24 |     Subject to the foregoing objections, and without waiving them, Conseco Life admits this

25 | Request.

26 | **REQUEST FOR ADMISSION NO. 184:**

27 |     Admit that Conseco sent letters to class members other than Cedric T. Brady in December

28 | 2008 that were the same or substantially similar to the document bates numbered CLIC 0002529.

13

1 | RESPONSE TO REQUEST FOR ADMISSION NO. 184:

2 |     See General Objections, which are incorporated as if set forth herein.

3 |     Subject to the foregoing objections, and without waiving them, Conseco Life admits this

4 | Request.

5 | REQUEST FOR ADMISSION NO. 185:

6 |     Admit that the document bates numbered CLIC 0007604-CLIC 0007688 is a true and

7 | accurate reproduction of the agreement that Conseco companies and state insurance commissioners

8 | entered into in May 2010.

9 | RESPONSE TO REQUEST FOR ADMISSION NO. 185:

10 |     See General Objections, which are incorporated as if set forth herein.

11 |     Subject to the foregoing objections, and without waiving them, Conseco Life admits this

12 | Request.

13 | REQUEST FOR ADMISSION NO. 186:

14 |     Admit that the document bates numbered CLIC 0027312 is a true and accurate reproduction

15 | of a letter received by Conseco in June 2002.

16 | RESPONSE TO REQUEST FOR ADMISSION NO. 186:

17 |     See General Objections, which are incorporated as if set forth herein.

18 |     Subject to the foregoing objections, and without waiving them, Conseco Life admits that

19 | the document Bates numbered CLIC 0027312 is a true and accurate reproduction of a letter

20 | Conseco Life received in 2002.  Conseco Life otherwise denies this Request.

21 | REQUEST FOR ADMISSION NO. 187:

22 |     Admit that the document bates numbered CLIC 0027313 is an authentic business record of

23 | Conseco.

24 | RESPONSE TO REQUEST FOR ADMISSION NO. 187:

25 |     See General Objections, which are incorporated as if set forth herein.  Conseco Life further

26 | objects to this Request to the extent it seeks an admission that the document Bates numbered CLIC

27 | 0027313 is a record of a regularly conducted activity and therefore subject to the Fed. R. Evid.

28 | 803(6) hearsay exception. Conseco Life further objects to this Request on the ground that the term

14

1 "business record" is vague and ambiguous. Conseco Life further objects to this Request to the

2 extent that the term "business record" is not intended to refer to the Fed. R. Evid. 803(6) hearsay

3 exception for records of regularly conducted activities, as this Request therefore seeks a legal

4 conclusion as to the authenticity of documents that are not self-authenticating under Fed. R. Evid.

5 902.

6 Subject to the foregoing objections, and without waiving them, Conseco Life admits that

7 document Bates numbered CLIC 0027313 is an authentic copy of a letter generated by Conseco

8 Life in or about November 2002. Conseco Life denies that document Bates numbered

9 CLIC 0027313 is a "business record" or a record of a regularly conducted activity.

10 REQUEST FOR ADMISSION NO. 188:

11 Admit that the document attached as Exhibit D is a true and accurate reproduction of the

12 letter Conseco sent Leo F. Sroka in September 2011.

13 RESPONSE TO REQUEST FOR ADMISSION NO. 188:

14 See General Objections, which are incorporated as if set forth herein.

15 Subject to the foregoing objections, and without waiving them, Conseco Life admits that

16 Exhibit D to the Requests is a true and accurate reproduction of a letter Conseco Life sent in

17 September 2011, but denies that Exhibit D to the Requests is a letter Conseco Life sent to Leo F.

18 Sroka.

19 REQUEST FOR ADMISSION NO. 189:

20 Admit that the document attached as Exhibit E is a true and accurate reproduction of the

21 letter Conseco sent Leo F. Sroka in January 2012.

22 RESPONSE TO REQUEST FOR ADMISSION NO. 189:

23 See General Objections, which are incorporated as if set forth herein.

24 Subject to the foregoing objections, and without waiving them, Conseco Life admits that

25 Exhibit E to the Requests is a true and accurate reproduction of a letter Conseco Life sent in

26 January 2012, but denies that Exhibit E to the Requests is a letter Conseco Life sent to Leo F.

27 Sroka.

28

15

1 | REQUEST FOR ADMISSION NO. 190:

2 |     Admit that the document attached as Exhibit F is a true and accurate reproduction of the

3 | letter Conseco sent Leo F. Sroka in March 2012.

4 | RESPONSE TO REQUEST FOR ADMISSION NO. 190:

5 |     See General Objections, which are incorporated as if set forth herein.

6 |     Subject to the foregoing objections, and without waiving them, Conseco Life admits that

7 | Exhibit F to the Requests is a true and accurate reproduction of a letter Conseco Life sent in March

8 | 2012, but denies that Exhibit F to the Requests is a letter Conseco Life sent to Leo F. Sroka.

9 | REQUEST FOR ADMISSION NO. 191:

10 |     Admit that the document attached as Exhibit G is a true and accurate reproduction of the

11 | annual report Conseco sent Cedric T. Brady for the period from December 15, 2010 to December

12 | 14, 2011.

13 | RESPONSE TO REQUEST FOR ADMISSION NO. 191:

14 |     See General Objections, which are incorporated as if set forth herein.

15 |     Subject to the foregoing objections, and without waiving them, Conseco Life admits that

16 | Exhibit G to the Requests is an "Excess Interest Whole Life Annual Report From 12/15/10 To

17 | 12/14/11" for Policy No. 10PM005886, which insures Cedric T. Brady's life.  Conseco Life lacks

18 | knowledge or information sufficient to enable it to admit or deny that Exhibit G to the Requests

19 | was sent to Cedric T. Brady, and notes that the Exhibit G to the Requests lacks a Bates number, a

20 | cover letter, or any other reasonable context.

21 | REQUEST FOR ADMISSION NO. 192:

22 |     Admit that the document attached as Exhibit H is a true and accurate reproduction of the

23 | annual report Conseco sent John P. McNamara for the period from November 6, 2010 to

24 | November 5, 2011.

25 | RESPONSE TO REQUEST FOR ADMISSION NO. 192:

26 |     General Objections, which are incorporated as if set forth herein.

27 |     Subject to the foregoing objections, and without waiving them, Conseco Life admits that

28 | Exhibit H to the Requests is an "Excess Interest Whole Life Annual Report From 11/06/10 To

16

1  11/05/11" for Policy No. 1090009718, which insures John P. McNamara's life.  Conseco Life lacks

2  knowledge or information sufficient to enable it to admit or deny that Exhibit H to the Requests

3  was sent to John P. McNamara, and notes that the Exhibit H to the Requests lacks a Bates number,

4  a cover letter, or any other reasonable context.

5  REQUEST FOR ADMISSION NO. 193:

6      Admit that the document bates numbered CLIC 0117106-CLIC 0117150 is a true and

7  accurate reproduction of a presentation Conseco made to state insurance regulators in 2008.

8  RESPONSE TO REQUEST FOR ADMISSION NO. 193:

9      See General Objections, which are incorporated as if set forth herein.  Conseco Life further

10  objects to this Request on the ground that it is vague and ambiguous.

11      Subject to the foregoing objections, and without waiving them, Conseco Life denies this

12  Request.

13  REQUEST FOR ADMISSION NO. 194:

14      Admit that the document bates numbered CLIC 0117106-CLIC 0117150 is an authentic

15  business record of Conseco.

16  RESPONSE TO REQUEST FOR ADMISSION NO. 194:

17      See General Objections, which are incorporated as if set forth herein.  Conseco Life further

18  objects to this Request on the to the extent it seeks an admission that the document Bates numbered

19  CLIC 0117106 through CLIC 0117150 is a record of a regularly conducted activity and therefore

20  subject to the Fed. R. Evid. 803(6) hearsay exception.  Conseco Life further objects to this Request

21  on the ground that the term "business record" is vague and ambiguous.  Conseco Life further

22  objects to this Request to the extent that the term "business record" is not intended to refer to the

23  Fed. R. Evid. 803(6) hearsay exception for records of regularly conducted activities, as this

24  Request therefore seeks a legal conclusion as to the authenticity of documents that are not self-

25  authenticating under Fed. R. Evid. 902.

26      Subject to the foregoing objections, and without waiving them, Conseco Life admits that

27  the document Bates numbered CLIC 0117106 through CLIC 0117150 is an authentic copy of a

28  document prepared by Conseco Life.  Conseco Life otherwise denies this Request.

17

1  REQUEST FOR ADMISSION NO. 195:

2      Admit that the document bates numbered CLIC 0018405-CLIC 0018407 is an authentic
3  business record of Conseco.

4  RESPONSE TO REQUEST FOR ADMISSION NO. 195:

5      See General Objections, which are incorporated as if set forth herein.  Conseco Life further
6  objects to this Request on the to the extent it seeks an admission that the document Bates numbered
7  CLIC 0018405 through CLIC 0018407 is a record of a regularly conducted activity and therefore
8  subject to the Fed. R. Evid. 803(6) hearsay exception.  Conseco Life further objects to this Request
9  on the ground that the term "business record" is vague and ambiguous.  Conseco Life further
10  objects to this Request to the extent that the term "business record" is not intended to refer to the
11  Fed. R. Evid. 803(6) hearsay exception for records of regularly conducted activities, as this
12  Request therefore seeks a legal conclusion as to the authenticity of documents that are not self-
13  authenticating under Fed. R. Evid. 902.

14      Subject to the foregoing objections, and without waiving them, Conseco Life admits that
15  the document Bates numbered CLIC 0018405 through CLIC 0018407 is an authentic copy of a
16  document titled "Statement of Determination Procedures for Nonguaranteed Elements," which was
17  prepared by Conseco Life.  Conseco Life otherwise denies this Request.

18  REQUEST FOR ADMISSION NO. 196:

19      Admit that the document bates numbered CLIC 0579359-CLIC 0579362 is an authentic
20  business record of Conseco.

21  RESPONSE TO REQUEST FOR ADMISSION NO. 196:

22      See General Objections, which are incorporated as if set forth herein.  Conseco Life further
23  objects to this Request to the extent it seeks an admission that the document Bates numbered
24  CLIC 0579359 through CLIC 0579362 is a record of a regularly conducted activity and therefore
25  subject to the Fed. R. Evid. 803(6) hearsay exception.  Conseco Life further objects to this Request
26  on the ground that the term "business record" is vague and ambiguous.  Conseco Life further
27  objects to this Request to the extent that the term "business record" is not intended to refer to the
28  Fed. R. Evid. 803(6) hearsay exception for records of regularly conducted activities, as this

18

1  Request therefore seeks a legal conclusion as to the authenticity of documents that are not self-
2  authenticating under Fed. R. Evid. 902.

3        Subject to the foregoing objections, and without waiving them, Conseco Life admits that
4  the document Bates numbered CLIC 0579359 through CLIC 0579362 is an authentic copy of
5  Conseco Life-prepared notes of a meeting that took place on October 30, 2009.  Conseco Life
6  otherwise denies this Request.

7  REQUEST FOR ADMISSION NO. 197:

8        Admit that the document bates numbered CLIC 0032102-CLIC 0032111 is an authentic
9  business record of Conseco.

10  RESPONSE TO REQUEST FOR ADMISSION NO. 197:

11        See General Objections, which are incorporated as if set forth herein.  Conseco Life further
12  objects to this Request to the extent it seeks an admission that the document Bates numbered
13  CLIC 0032102 through CLIC 0032111 is a record of a regularly conducted activity and therefore
14  subject to the Fed. R. Evid. 803(6) hearsay exception.  Conseco Life further objects to this Request
15  on the ground that the term "business record" is vague and ambiguous.  Conseco Life further
16  objects to this Request to the extent that the term "business record" is not intended to refer to the
17  Fed. R. Evid. 803(6) hearsay exception for records of regularly conducted activities, as this
18  Request therefore seeks a legal conclusion as to the authenticity of documents that are not self-
19  authenticating under Fed. R. Evid. 902.

20        Subject to the foregoing objections, and without waiving them, Conseco Life admits that
21  the document Bates numbered CLIC 0032102 through CLIC 0032111 is an authentic copy of
22  Conseco Life's response to Request No. AG 2-1.  Conseco Life otherwise denies this Request.

23  REQUEST FOR ADMISSION NO. 198:

24        Admit that the table on the document bates numbered CLIC 0032103 provides a complete
25  list of the Lifetrend 3 and Lifetrend 4 products.

26  RESPONSE TO REQUEST FOR ADMISSION NO. 198:

27        See General Objections, which are incorporated as if set forth herein.  Conseco Life further
28  objects to this Request on the ground that it is vague and ambiguous.

19

1     Subject to the foregoing objections, and without waiving them, Conseco Life denies this
2   Request.

3   REQUEST FOR ADMISSION NO. 199:

4     Admit that the document bates numbered CLIC 0000095-CLIC 0000096 is an authentic
5   business record of Conseco.

6   RESPONSE TO REQUEST FOR ADMISSION NO. 199:

7     See General Objections, which are incorporated as if set forth herein.  Conseco Life further
8   objects to this Request on the to the extent it seeks an admission that the document Bates numbered
9   CINC 0000095 through CINC 0000096 is a record of a  regularly conducted activity and therefore
10  subject to the Fed. R. Evid. 803(6) hearsay exception.  Conseco Life further objects to this Request
11  on the ground that it is vague and ambiguous.  Conseco Life further objects to this Request to the
12  extent that the term "business record" is not intended to refer to the Fed. R. Evid. 803(6) hearsay
13  exception for records of regularly conducted activities, as this Request therefore seeks a legal
14  conclusion as to the authenticity of documents that are not self-authenticating under Fed. R. Evid.
15  902.

16    Subject to the foregoing objections, and without waiving them, Conseco Life admits that
17  the pages Bates numbered CLIC 0000095 through CLIC 0000096 are a two-page excerpt of an
18  authentic Conseco Life-maintained document titled "LifeTrend 3 & 4 Project."  Conseco Life
19  otherwise denies this Request.

20  REQUEST FOR ADMISSION NO. 200:

21    Admit that the document bates numbered CLIC 0012162-CLIC 0012216 is an authentic
22  business record of Conseco.

23  RESPONSE TO REQUEST FOR ADMISSION NO. 200:

24    See General Objections, which are incorporated as if set forth herein.  Conseco Life further
25  objects to this Request on the grounds that the pages Bates numbered CLIC 0012162 through
26  CLIC 0012216 contain multiple documents.  Conseco Life further objects to this Request to the
27  extent it seeks an admission that the pages Bates numbered CLIC 0012162 through CLIC 0012216
28  is a record of a regularly conducted activity and therefore subject to the Fed. R. Evid. 803(6)

20

1  hearsay exception. Conseco Life further objects to this Request on the ground that the term
2  "business record" is vague and ambiguous. Conseco Life further objects to this Request to the
3  extent that the term "business record" is not intended to refer to the Fed. R. Evid. 803(6) hearsay
4  exception for records of regularly conducted activities, as this Request therefore seeks a legal
5  conclusion as to the authenticity of documents that are not self-authenticating under Fed. R. Evid.
6  902.

7        Subject to the foregoing objections, and without waiving them, Conseco Life admits that
8  the pages Bates numbered CLIC 0012162 through CLIC 0012216 contain authentic copies of
9  Lifetrend 3- and Lifetrend 4-related documents. Conseco Life otherwise denies this Request.
10 REQUEST FOR ADMISSION NO. 201:

11       Admit that the document bates numbered CLIC 0027975 is an authentic business record of
12 Conseco.

13 RESPONSE TO REQUEST FOR ADMISSION NO. 201:

14       See General Objections, which are incorporated as if set forth herein. Conseco Life further
15 objects to this Request to the extent it seeks an admission that the document Bates numbered
16 CLIC 0027975 is a record of a regularly conducted activity and therefore subject to the Fed. R.
17 Evid. 803(6) hearsay exception. Conseco Life further objects to this Request on the ground that the
18 term "business record" is vague and ambiguous. Conseco Life further objects to this Request to the
19 extent that the term "business record" is not intended to refer to the Fed. R. Evid. 803(6) hearsay
20 exception for records of regularly conducted activities, as this Request therefore seeks a legal
21 conclusion as to the authenticity of documents that are not self-authenticating under Fed. R. Evid.
22 902.

23       Subject to the foregoing objections, and without waiving them, Conseco Life denies this
24 Request.

25 REQUEST FOR ADMISSION NO. 202:

26       Admit that the document bates numbered CLIC 0066326-CLIC 0066340 is an authentic
27 business record of Conseco.

28

21

CONSECO LIFE'S RESPONSES AND OBJECTIONS TO                              Case No. 3:10-MD-2124-SI
PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION

1 | RESPONSE TO REQUEST FOR ADMISSION NO. 202:

2    See General Objections, which are incorporated as if set forth herein.  Conseco Life further
3 objects to this Request on the to the extent it seeks an admission that the document Bates numbered
4 CLIC 0066326 through CLIC 006340 is a record of a regularly conducted activity and therefore
5 subject to the Fed. R. Evid. 803(6) hearsay exception.  Conseco Life further objects to this Request
6 on the ground that the term "business record" is vague and ambiguous.  Conseco Life further
7 objects to this Request to the extent that the term "business record" is not intended to refer to the
8 Fed. R. Evid. 803(6) hearsay exception for records of regularly conducted activities, as this
9 Request therefore seeks a legal conclusion as to the authenticity of documents that are not self-
10 authenticating under Fed. R. Evid. 902.

11    Subject to the foregoing objections, and without waiving them, Conseco Life admits that
12 the document Bates numbered CLIC 0066326 through CLIC 0066340 is an authentic copy of a
13 Conseco Life-maintained document titled "Pricing Assumptions" and "Profit Analysis."  Conseco
14 Life otherwise denies this Request.

15 | REQUEST FOR ADMISSION NO. 203:

16    Admit that the document bates numbered CLIC 0055492-CLIC 0055501 is an authentic
17 business record of Conseco.

18 | RESPONSE TO REQUEST FOR ADMISSION NO. 203:

19    See General Objections, which are incorporated as if set forth herein.  Conseco Life further
20 objects to this Request on the to the extent it seeks an admission that the document Bates numbered
21 CLIC 0055492 through CLIC 0055501 is a record of a regularly conducted activity and therefore
22 subject to the Fed. R. Evid. 803(6) hearsay exception.  Conseco Life further objects to this Request
23 on the ground that the term "business record" is vague and ambiguous.  Conseco Life further
24 objects to this Request to the extent that the term "business record" is not intended to refer to the
25 Fed. R. Evid. 803(6) hearsay exception for records of regularly conducted activities, as this
26 Request therefore seeks a legal conclusion as to the authenticity of documents that are not self-
27 authenticating under Fed. R. Evid. 902.

28

1    Subject to the foregoing objections, and without waiving them, Conseco Life admits that
2  the document Bates numbered CLIC 0055492 through CLIC 0055501 is an authentic copy of a
3  Conseco Life-maintained document titled "Pricing Assumptions" and "Profit Analysis."  Conseco
4  Life otherwise denies this Request.

5  REQUEST FOR ADMISSION NO. 204:

6    Admit that the document bates numbered CLIC 0055910-CLIC 0056124 is an authentic
7  business record of Conseco.

8  RESPONSE TO REQUEST FOR ADMISSION NO. 204:

9    See General Objections, which are incorporated as if set forth herein.  Conseco Life further
10  objects to this Request to the extent it seeks an admission that the document Bates numbered
11  CLIC 0055910 through CLIC 0056124 is a record of a regularly conducted activity and therefore
12  subject to the Fed. R. Evid. 803(6) hearsay exception.  Conseco Life further objects to this Request
13  on the ground that the term "business record" is vague and ambiguous.  Conseco Life further
14  objects to this Request to the extent that the term "business record" is not intended to refer to the
15  Fed. R. Evid. 803(6) hearsay exception for records of regularly conducted activities, as this
16  Request therefore seeks a legal conclusion as to the authenticity of documents that are not self-
17  authenticating under Fed. R. Evid. 902.

18    Subject to the foregoing objections, and without waiving them, Conseco Life admits that
19  the document Bates numbered CLIC 0055910 through CLIC 0056124 is an authentic copy of a
20  collection of discrete documents prepared by Conseco Life and maintained in Conseco Life's files.
21  Conseco Life otherwise denies this Request.

22  REQUEST FOR ADMISSION NO. 205:

23    Admit that the document bates numbered CLIC 0341957-CLIC 0341958 is an authentic
24  business record of Conseco.

25  RESPONSE TO REQUEST FOR ADMISSION NO. 205:

26    See General Objections, which are incorporated as if set forth herein.  Conseco Life further
27  objects to this Request to the extent it seeks an admission that the document Bates numbered
28  CLIC 0341957 through CLIC 0341958 is a record of a regularly conducted activity and therefore

23

1 subject to the Fed. R. Evid. 803(6) hearsay exception. Conseco Life further objects to this Request
2 on the ground that the term "business record" is vague and ambiguous. Conseco Life further
3 objects to this Request to the extent that the term "business record" is not intended to refer to the
4 Fed. R. Evid. 803(6) hearsay exception for records of regularly conducted activities, as this
5 Request therefore seeks a legal conclusion as to the authenticity of documents that are not self-
6 authenticating under Fed. R. Evid. 902.

7      Subject to the foregoing objections, and without waiving them, Conseco Life admits that
8 the document Bates numbered CLIC 0341957 through CLIC 0341958 is an authentic copy of a
9 document that Conseco Life provided to the Indiana Department of Insurance. Conseco Life
10 otherwise denies this Request.

11 REQUEST FOR ADMISSION NO. 206:

12      Admit that the document bates numbered CLIC 0751632 is an authentic business record of
13 Conseco.

14 RESPONSE TO REQUEST FOR ADMISSION NO. 206:

15      See General Objections, which are incorporated as if set forth herein. Conseco Life further
16 objects to this Request on the ground that the page Bates numbered CLIC 0751632 is an
17 incomplete portion of a document. Conseco Life further objects to this Request to the extent it
18 seeks an admission that the page Bates numbered CLIC 0751632 is a record of a regularly
19 conducted activity and therefore subject to the Fed. R. Evid. 803(6) hearsay exception. Conseco
20 Life further objects to this Request on the ground that the term "business record" is vague and
21 ambiguous. Conseco Life further objects to this Request to the extent that the term "business
22 record" is not intended to refer to the Fed. R. Evid. 803(6) hearsay exception for records of
23 regularly conducted activities, as this Request therefore seeks a legal conclusion as to the
24 authenticity of documents that are not self-authenticating under Fed. R. Evid. 902.

25      Subject to the foregoing objections, and without waiving them, Conseco Life states that it
26 understands this Request to refer to the entirety of the native-file Excel spreadsheet produced with
27 Bates number CLIC 0751632, and reading this Request in that manner Conseco Life admits that

28

24

CONSECO LIFE'S RESPONSES AND OBJECTIONS TO                    Case No. 3:10-MD-2124-SI
PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION

1 the native-file Excel spreadsheet produced with Bates number CLIC 0751632 is an authentic

2 document maintained by Conseco Life. Conseco Life otherwise denies this Request.

3 REQUEST FOR ADMISSION NO. 207:

4      Admit that the document bates numbered CLIC 0751814 is an authentic business record of

5 Conseco.

6 RESPONSE TO REQUEST FOR ADMISSION NO. 207:

7      See General Objections, which are incorporated as if set forth herein. Conseco Life further

8 objects to this Request on the ground that the page Bates numbered CLIC 0751814 is an

9 incomplete portion of a document. Conseco Life further objects to this Request to the extent it

10 seeks an admission that the page Bates numbered CLIC 0751814 is a record of a regularly

11 conducted activity and therefore subject to the Fed. R. Evid. 803(6) hearsay exception. Conseco

12 Life further objects to this Request on the ground that the term "business record" is vague and

13 ambiguous. Conseco Life further objects to this Request to the extent that the term "business

14 record" is not intended to refer to the Fed. R. Evid. 803(6) hearsay exception for records of

15 regularly conducted activities, as this Request therefore seeks a legal conclusion as to the

16 authenticity of documents that are not self-authenticating under Fed. R. Evid. 902.

17      Subject to the foregoing objections, and without waiving them, Conseco Life states that it

18 understands this Request to refer to the entirety of the native-file Excel spreadsheet produced with

19 Bates number CLIC 0751814, and reading this Request in that manner Conseco Life admits that

20 the native-file Excel spreadsheet produced with Bates number CLIC 0751814 is an authentic

21 document maintained by Conseco Life. Conseco Life otherwise denies this Request.

22 REQUEST FOR ADMISSION NO. 208:

23      Admit that the document bates numbered CLIC 0116409 is an authentic business record of

24 Conseco.

25 RESPONSE TO REQUEST FOR ADMISSION NO. 208:

26      See General Objections, which are incorporated as if set forth herein. Conseco Life further

27 objects to this Request to the extent it seeks an admission that the document Bates numbered

28 CLIC 0116409 is a record of a regularly conducted activity and therefore subject to the Fed. R.

25

1 │ Evid. 803(6) hearsay exception. Conseco Life further objects to this Request on the ground that the
2 │ term "business record" is vague and ambiguous. Conseco Life further objects to this Request to the
3 │ extent that the term "business record" is not intended to refer to the Fed. R. Evid. 803(6) hearsay
4 │ exception for records of regularly conducted activities, as this Request therefore seeks a legal
5 │ conclusion as to the authenticity of documents that are not self-authenticating under Fed. R. Evid.
6 │ 902.

7 │   Subject to the foregoing objections, and without waiving them, Conseco Life admits that
8 │ the document Bates numbered CLIC 0116409 is an authentic copy of a document in Conseco Life's
9 │ files. Conseco Life otherwise denies this Request.

10 │ REQUEST FOR ADMISSION NO. 209:

11 │   Admit that the document bates numbered CLIC 0116410 is an authentic business record of
12 │ Conseco.

13 │ RESPONSE TO REQUEST FOR ADMISSION NO. 209:

14 │   See General Objections, which are incorporated as if set forth herein. Conseco Life further
15 │ objects to this Request to the extent it seeks an admission that the document Bates numbered
16 │ CLIC 0116410 is a record of a regularly conducted activity and therefore subject to the Fed. R.
17 │ Evid. 803(6) hearsay exception. Conseco Life further objects to this Request on the ground that the
18 │ term "business record" is vague and ambiguous. Conseco Life further objects to this Request to the
19 │ extent that the term "business record" is not intended to refer to the Fed. R. Evid. 803(6) hearsay
20 │ exception for records of regularly conducted activities, as this Request therefore seeks a legal
21 │ conclusion as to the authenticity of documents that are not self-authenticating under Fed. R. Evid.
22 │ 902.

23 │   Subject to the foregoing objections, and without waiving them, Conseco Life admits that
24 │ the document Bates numbered CLIC 0116410 is an authentic copy of a document in Conseco Life's
25 │ files. Conseco Life otherwise denies this Request.

26 │ REQUEST FOR ADMISSION NO. 210:

27 │   Admit that the document bates numbered CLIC 0002523 is an authentic business record of
28 │ Conseco.

CONSECO LIFE'S RESPONSES AND OBJECTIONS TO       Case No. 3:10-MD-2124-SI
PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION

1 RESPONSE TO REQUEST FOR ADMISSION NO. 210:

2      See General Objections, which are incorporated as if set forth herein.  Conseco Life further
3 objects to this Request to the extent it seeks an admission that the document Bates numbered
4 CLIC 0002523 is a record of a regularly conducted activity and therefore subject to the Fed. R.
5 Evid. 803(6) hearsay exception.  Conseco Life further objects to this Request on the ground that the
6 term "business record" is vague and ambiguous.  Conseco Life further objects to this Request to the
7 extent that the term "business record" is not intended to refer to the Fed. R. Evid. 803(6) hearsay
8 exception for records of regularly conducted activities, as this Request therefore seeks a legal
9 conclusion as to the authenticity of documents that are not self-authenticating under Fed. R. Evid.
10 902.

11      Subject to the foregoing objections, and without waiving them, Conseco Life admits that
12 the document Bates numbered CLIC 0002523 is an authentic copy of a letter generated by Conseco
13 Life.  Conseco Life otherwise denies this Request.

14 REQUEST FOR ADMISSION NO. 211:

15      Admit that the document bates numbered M-CLIC-01830 to M-CLIC-01832 is a true and
16 accurate reproduction of a letter received by Conseco from Milliman in December 2008.

17 RESPONSE TO REQUEST FOR ADMISSION NO. 211:

18      See General Objections, which are incorporated as if set forth herein.  Conseco Life further
19 objects to this Request on the ground that it is vague and ambiguous.

20      Subject to the foregoing objections, and without waiving them, Conseco Life admits that
21 the document Bates numbered M-CLIC-01830 through M-CLIC-01832 is a true and accurate copy
22 of a letter Milliman sent in December 2008.  Conseco Life otherwise denies this Request.

23 REQUEST FOR ADMISSION NO. 212:

24      Admit that Milliman was acting as Conseco's agent when it sent the letter received by
25 Conseco in December 2008, of which the document bates numbered M-CLIC-01830 to M-CLIC
26 01832 is a true and accurate reproduction.

27

28

27

1 | RESPONSE TO REQUEST FOR ADMISSION NO. 212:

2 |     See General Objections, which are incorporated as if set forth herein. Conseco Life further
3 | objects to this Request on the ground that it vague, ambiguous, compound, assumes facts not
4 | established, and calls for a legal conclusion.

5 |     Subject to the foregoing objections, and without waiving them, Conseco Life admits that
6 | the document Bates numbered M-CLIC-01830 through M-CLIC-01832 is a true and accurate copy
7 | of a letter Milliman sent in December 2008. Conseco Life otherwise denies this Request.

8 | REQUEST FOR ADMISSION NO. 213:

9 |     For each response to these requests for admission that denies that a document is an
10 | authentic business record of Conseco, admit that the document is authentic.

11 | RESPONSE TO REQUEST FOR ADMISSION NO. 213:

12 |     See General Objections, which are incorporated as if set forth herein. Conseco Life further
13 | objects to this Request on the ground that it is vague, ambiguous, and compound. Conseco Life
14 | further objects to this Request on the ground that it seeks a legal conclusion as to the authenticity of
15 | documents that are not self-authenticating under Fed. R. Evid. 902.

16 |     Subject to the foregoing objections, and without waiving them, Conseco Life refers to its
17 | Responses To Request For Admission Nos. 181, 187, 194, 195, 196, 197, 199, 200, 202, 203, 204,
18 | 205, 206, 207, 208, 209, and 210, where it admits that the documents referenced in each are
19 | authentic, and therefore admits in response to this Request that the documents or pages referenced
20 | in Requests For Admission Nos. 181, 187, 194, 195, 196, 197, 199, 200, 202, 203, 204, 205, 208,
21 | 209, and 210 are authentic. Conseco Life otherwise denies this Request.

22 | REQUEST FOR ADMISSION NO. 214:

23 |     For each response to these requests for admission that denies that a document is an
24 | authentic business record of Conseco, admit that the document is a party admission.

25 | RESPONSE TO REQUEST FOR ADMISSION NO. 214:

26 |     See General Objections, which are incorporated as if set forth herein. Conseco Life further
27 | objects to this Request on the ground that it is vague, ambiguous, and seeks a legal conclusion
28 | under Fed. R. Evid. 801(d)(2) that entire documents are statements of Conseco Life's. Fed. R. Evid.

28

1   801 refers to "statements" (including "written assertion[s]") and not documents; and for each

2   statement, Fed. R. Evid. 801(d)(2) requires an analysis as to whether, inter alia, the statement "was

3   made by the party's agent or employee on a matter within the scope of that relationship and while it

4   existed," and this Request does not set forth which statements within each document on which it

5   seeks an admission that the statement is a statement of Conseco Life's for purposes of Fed. R.

6   Evid. 801(d)(2). Further, this Request does not distinguish between the statements in the

7   documents and the statements within those statements for hearsay purposes (cf. Fed. R. Evid. 805).

8         Subject to the foregoing objections, and without waiving them, Conseco Life denies this

9   Request.

10                       **GENERAL OBJECTIONS**

11         Conseco Life incorporates the following General Objections into its Specific Responses

12   And Objections to the Requests. Each Specific Response And Objection is made subject to, and

13   without waiver of, the following General Objections:

14       1.     Conseco Life objects generally to the Requests to the extent that they purport to

15   impose any requirement or discovery obligations on Conseco Life different from, or in excess of,

16   those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

17   applicable rules and orders of this Court, or pertinent case law.

18       2.     Conseco Life objects generally to the Requests to the extent that they are overly

19   broad, not relevant to the claims or defenses of any party in this action, or not reasonably

20   calculated to leave to the discovery of admissible evidence, and, as such, would subject Conseco

21   Life to unreasonable, oppressive and undue burden and expense, and/or are not reasonably

22   calculated to lead to the discovery of admissible evidence.

23       3.     Conseco Life objects generally to the Requests to the extent that they call for

24   information that is protected from discovery by the attorney client privilege, the attorney work

25   product doctrine, joint defense, and/or common interest protections or privileges, and/or any other

26   privilege, doctrine, protection, or immunity applicable under governing law (collectively,

27   "privileged information"). Any inadvertent disclosure of privileged information shall not be

28

29

CONSECO LIFE'S RESPONSES AND OBJECTIONS TO             Case No. 3:10-MD-2124-SI
PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION

1 | deemed a waiver of any applicable privilege, immunity, or exemption in this action or in any other
2 | action in any court.

3 |     4.     Conseco Life objects generally to the Requests to the extent they purport to seek
4 | information not within Conseco Life's possession, custody or control, and in particular, information
5 | that concerns or was prepared, compiled, maintained, or used by entities other than Conseco Life
6 | Insurance Company.

7 |     5.     Conseco Life objects generally to the Requests to the extent they purport to seek
8 | information already in the possession, custody or control of Plaintiffs or their counsel.

9 |     6.     Conseco Life objects generally to the Requests to the extent they seek information
10 | that Conseco Life has already provided.

11 |     7.     Conseco Life's Objections, and its Responses, do not constitute an adoption of
12 | Plaintiffs' purported "Definitions" of words or phrases contained in the Requests. Conseco Life
13 | objects to the "Definitions" to the extent that they (a) are unclear, ambiguous, overbroad, or unduly
14 | burdensome; (2) are inconsistent with the ordinary and customary meaning of the words or phrases
15 | that they purport to define; and (3) purport to impose any requirement or discovery obligation
16 | beyond those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, rules
17 | and orders of this Court, or pertinent case law. By way of example and without limitation,
18 | Conseco Life objects to the following "Definitions":

19 |         (a)   Conseco Life objects generally to the Requests' definition of the term
20 | "Conseco" as vague, ambiguous, overbroad and confusing in that it seeks to unfairly group Conseco Life together with all its "[d]ivisions, departments, officers, directors, executives, employees, trustees, brokers, agents,
21 | representatives, or attorneys." Further, Conseco Life objects generally to the Requests' definition of the terms "You" and "Your" as vague, ambiguous,
22 | overbroad, and confusing in that it references the definition of "Conseco." Defendant reads "Conseco," "You," and "Your" in the Interrogatories to
23 | refer to, and Defendant responds on behalf of, Defendant Conseco Life Insurance Company.

24 |

25 |         (b)   Conseco Life objects generally to the Requests' definition of the terms "Person" or "Persons" as vague and overbroad in that they are inclusive of
26 | "any natural persons, any form of business entity (whether partnership, association, cooperative, corporation, division, committee, company or
27 | otherwise), and any governmental entity or department, agency, bureau, or political subdivision thereof" and are therefore not reasonably calculated to
28 | lead to the discovery of admissible evidence. (Emphasis added.)

30

1   8.      Conseco Life objects to the Requests to the extent that they seek legal conclusions
2   about the admissibility of documents under Rules 801-807 and 901-903 of the Federal Rules of
3   Evidence.

4   9.      Conseco Life has included the objections herein because the Requests, as phrased,
5   are subject to those objections. However, Plaintiffs should not assume, merely because Conseco
6   Life has asserted a particular objection, that information exists that Conseco Life would have
7   provided in the absence of that objection.

8   10.     Conseco Life's responses to the Requests shall not be construed as an admission that
9   any statement or characterization by the Plaintiffs in the Requests is accurate or complete.

10  11.     All objections as to relevance, authenticity or admissibility of any information
11  provided by Conseco Life are expressly reserved.

12  12.     The adoption and/or use by Conseco Life of terms that Plaintiffs defined in the
13  Requests is for convenience only and is not intended as a waiver of any of the objections stated
14  herein, nor shall it be deemed an admission in any way.

15  13.     Conseco Life reserves the right to supplement or alter its responses. Conseco Life
16  also reserves the right to rely, at the time of trial or in other proceedings in this action, upon
17  documents and evidence in addition to the responses provided herein regardless of whether, inter
18  alia, any such documents and evidence are newly discovered or are currently in existence.

19  14.     These General Objections are incorporated into each and every specific objection
20  and response given above. For purposes of clarity, a General Objection may be repeated within a
21  specific objection, but such repetition does not imply that objections not so repeated are not
22  applicable to such specific interrogatory.

23  15.     Counsel for Conseco Life will be prepared to discuss and further explain the
24  objections presented herein with Plaintiffs' counsel for the purpose of resolving any disputes which
25  may arise without the need for intervention by the Court.

26
27
28

31

1 | Dated: July 30, 2012

Respectfully submitted,

RAOUL D. KENNEDY (State Bar No. 40892)
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: Raoul.Kennedy@skadden.com

JAMES R. CARROLL (*Pro Hac Vice*)
DAVID S. CLANCY (*Pro Hac Vice*)
CHRISTOPHER A. LISY (*Pro Hac Vice*)
ABRA C. BRON (*Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street, 31st Floor
Boston, Massachusetts 02108
Telephone: (617) 573-4800
Facsimile: (617) 573-4822
Email: James.Carroll@skadden.com
Email: David.Clancy@skadden.com
Email: Chris.Lisy@skadden.com
Email: Abra.Bron@skadden.com

Attorneys for Defendant
Conseco Life Insurance Company

32

1

## CERTIFICATE OF SERVICE

2      I, Matthew M.K. Stein, hereby certify that on July 30, 2012, I caused a true copy of the foregoing Defendant Conseco Life Insurance Company's Responses And Objections To Plaintiffs'

3 Fourth Set Of Requests For Admission to be served upon the Plaintiffs' counsel of record as indicated below by Federal Express:

4

5                Craig J. Litherland               Christopher T. Heffelfinger
                Andrea K. Hopkins               BERMAN DEVALERIO

6                Aisha L. Williams                One California Street
                GILBERT LLP                   Suite 900

7                1100 New York Avenue, NW   San Francisco, California 94111
                Suite 700

8                Washington, DC 20005

9                David J. Millstein
                MILLSTEIN & ASSOCIATES

10              100 The Embarcadero
                Suite 200

11              San Francisco, California 94105

Dated: July 30, 2012

12                                            Matthew M.K. Stein

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

33

CONSECO LIFE'S RESPONSES AND OBJECTIONS TO             Case No. 3:10-MD-2124-SI
PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION

# Exhibit A-1

# MASSACHUSETTS GENERAL LIFE
## Insurance Company
A STOCK COMPANY/HEREINAFTER CALLED THE COMPANY
**Boston, Massachusetts**

This policy is a legal contract between the Company and the owner. READ YOUR POLICY CAREFULLY.

Upon receipt by the Company at its principal office of due proof that the insured died while this policy was in force, the Company will pay the proceeds immediately to the beneficiary.

All payments are subject to all of the provisions of this and the following pages of this policy signed on the Date of Issue at its Administrative Office, Englewood, Colorado. This policy is issued in consideration of the application and payment of the initial premium.

President

Secretary

NOTICE OF 20 DAY RIGHT TO EXAMINE THE POLICY

This policy may be cancelled by delivering or mailing the policy to Massachusetts General Life Insurance Company or to the insurance agent through whom it was effected before midnight of the twentieth day after receipt of such policy by the applicant. Upon such delivery or mailing, the policy shall be void from the beginning. Notice given by mail and return of the policy or contract by mail are effective on being postmarked, properly addressed and postage prepaid. The Company must return all payments made for this policy within ten days after it receives notice of cancellation and the returned policy.

WHOLE LIFE INSURANCE POLICY.
PROCEEDS PAYABLE AT DEATH. PROCEEDS MAY EXCEED GUARANTEED MINIMUM SUM INSURED. PREMIUMS PAYABLE DURING THE PREMIUM PERIOD SHOWN ON A POLICY DATA PAGE OR UNTIL PRIOR DEATH. OPTIONAL PREMIUM PAYMENT PROVISION AVAILABLE AFTER FIFTH POLICY YEAR. PREMIUMS ALLOCATED TO COST OF INSURANCE. BALANCE ACCUMULATING AT INTEREST IN AN ACCUMULATION ACCOUNT WHICH WILL VARY IN VALUE BASED UPON THE AMOUNT OF INTEREST CREDITED. CASH VALUE MAY EXCEED STATUTORY MINIMUM CASH VALUE. NON-PARTICIPATING — NO DIVIDENDS APPLICABLE

NP-WL-86

CLIC 0008996
CONFIDENTIAL

## ALPHABETICAL GUIDE

Additional Interest ..................... page 11
Age ...................................... page 13
Annual Report......................... page 13
Assignment............................ page 6, 11
Basis of Computations............... page 9
Beneficiary ............................ page 6
Cash Value............................ page 9
Change in Payments ................. page 11
Claims of Creditors ................... page 11
Date of Issue ......................... page 3
Death of Beneficiary ................. page 6
Effective Date of Coverage........... page 13
Election of Options ................... page 10
Elections, Designations,
    Changes and Requests ......... page 13
Entire Contract ....................... page 12
Expense Charges .................... page 5
Error in Age or Sex .................. page 13
Grace Period ......................... page 6
Guaranteed Maximum Monthly
    Mortality Charges ............... page 10
Guaranteed Values .................. page 9
Incontestability ....................... page 13
Indebtedness ......................... page 7
Initial Premium ....................... page 6
Interest Credits ...................... page 8
Loan Interest ......................... page 7

Loan Interest Rate Change........... page 7
Loan Value ........................... page 7
Monthly Cost of Insurance ........... page 9
Monthly Cost of
    Insurance Rates................. page 9
Monthly Deduction ................... page 9
Non-Participating..................... page 13
Owner................................. page 6
Owner and Beneficiary Change ...... page 6
Payments ............................. page 11
Payment of Proceeds ................ page 13
Policy Date ........................... page 13
Policy Loan ........................... page 7
Premium Class ....................... page 13
Proceeds.............................. page 7, 13
Projection of Benefits and Values .... page 13
Reinstatement ........................ page 6
Repayment ........................... page 8
Simultaneous Death ................. page 6
Suicide Exclusion .................... page 13
Surrender Charge .................... page 9
Table of Guaranteed Policy Values... page 4
Table of Minimum Death Benefit ..... page 5
Table of Surrender Charges ......... page 5
Termination of Policy ................ page 8, 13
Where Payable ....................... page 6
Withdrawal ............................ page 11

## POLICY PROVISIONS

Accumulation Account ............page 8
Death Benefit ...................page 7
General Provisions ...............page 12
Policy Loans ....................page 7
Non-Forfeiture Provision ..........page 9
Optional Premium Payment ........page 9

Owner, Beneficiary and
    Assignment.................page 6
Premium Payments, Grace Period
    and Reinstatement ...........page 6
Settlement Options Provision ......page 10

## OPTIONAL BENEFITS

If you have purchased any optional benefits, they will be listed in the Benefit Description section of a Policy Data Page and the rider providing the benefit will be inserted in the contract.

CLIC 0008997
CONFIDENTIAL

## POLICY DATA PAGE

INSURED  JOHN DOE              0123456789  POLICY NUMBER

   AGE  35 - MALE            JULY 1, 1986  DATE OF ISSUE

PLAN  WHOLE LIFE INSURANCE    $100,000  GUARANTEED MINIMUM SUM INSURED

| FORM NUMBER | BENEFIT DESCRIPTION | SUM INSURED | BENEFIT PERIOD | ANNUAL PREMIUM | YEARS PAYABLE |
|---|---|---|---|---|---|
| NP-WL-86 | WHOLE LIFE INSURANCE | $100,000 | LIFE | $ 1,317.00 | LIFE |

```
           ANNUAL PREMIUM                    $ 1,317.00

           PREMIUM                           PREMIUM
           FREQUENCY                         PAYABLE

           ANNUAL                            $ 1,317.00

           SEMIANNUAL                        $   658.50

           QUARTERLY                         $   329.25

           MONTHLY BANK DRAFT                $   109.75

           PREMIUM FREQUENCY                 ANNUAL


           PREMIUM CLASS                     STANDARD
```

POLICY LOAN INTEREST IS CHARGED IN ADVANCE (ARREARS) BASED ON
A FLEXIBLE (FIXED) RATE OF INTEREST.

MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY
ADMINISTRATIVE OFFICES: 7887 EAST BELLEVIEW AVENUE, ENGLEWOOD, CO 80111

PAGE 3

CLIC 0008998
CONFIDENTIAL

### TABLE OF GUARANTEED POLICY VALUES

THIS TABLE PRESUMES THAT THE INSURED PAYS THE FULL ANNUAL PREMIUM
SHOWN ON THE PRECEDING PAGE EACH YEAR.  THE FOLLOWING VALUES ARE THE
GUARANTEED VALUES PROVIDED BY THIS POLICY.

| END OF POLICY YEAR | WHICH OCCURS IN | CASH VALUE | CONTINUATION OF INSURANCE | |
|---|---|---|---|---|
| | | | YEAR | DAYS |
| 1 | 1987 | 0 | 0 | 0 |
| 2 | 1988 | 0 | 0 | 0 |
| 3 | 1989 | 500 | 1 | 183 |
| 4 | 1990 | 1,500 | 4 | 12 |
| 5 | 1991 | 2,500 | 6 | 21 |
| 6 | 1992 | 3,600 | 7 | 332 |
| 7 | 1993 | 4,700 | 9 | 153 |
| 8 | 1994 | 5,800 | 10 | 223 |
| 9 | 1995 | 6,900 | 11 | 193 |
| 10 | 1996 | 8,100 | 12 | 134 |
| 11 | 1997 | 9,400 | 13 | 51 |
| 12 | 1998 | 10,600 | 13 | 226 |
| 13 | 1999 | 12,000 | 14 | 62 |
| 14 | 2000 | 13,300 | 14 | 170 |
| 15 | 2001 | 14,700 | 14 | 267 |
| 16 | 2002 | 16,200 | 14 | 354 |
| 17 | 2003 | 17,600 | 15 | 10 |
| 18 | 2004 | 19,200 | 15 | 59 |
| 19 | 2005 | 20,700 | 15 | 54 |
| 20 | 2006 | 22,300 | 15 | 52 |
| AGE 60 | 2011 | 30,600 | 14 | 161 |
| AGE 65 | 2016 | 39,700 | 13 | 53 |

### NON-FORFEITURE FACTORS
#### (PER EACH 1,000 OF INITAL SUM INSURED)

| YEARS | FACTOR |
|---|---|
| 21+ | 11.57388 |

VALUES FOR YEARS NOT SHOWN WILL BE FURNISHED UPON REQUEST.

THIS TABLE SHOWS THE VALUES FOR THE GUARANTEED MINIMUM SUM INSURED WITH-
OUT ANY ADJUSTMENT FOR INDEBTEDNESS SECURED BY THIS POLICY.

EXCESS INTEREST CREDITS AND MORTALITY SAVINGS MAY NOT BE FULLY REFLECTED
IN THE CASH VALUES ABOVE.

MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY

PAGE 4

NP-WL-86

CLIC 0008999
CONFIDENTIAL

POLICY DATA PAGE
(CONTINUED)

### TABLE OF MINIMUM DEATH BENEFIT

| ATTAINED AGE | ---PERCENTAGE--- MALE | FEMALE | ATTAINED AGE | ---PERCENTAGE--- MALE | FEMALE |
|---|---|---|---|---|---|
| 0 | 2,373% | 3,006% | 50 | 332 | 407 |
| 5 | 2,006 | 2,552 | 55 | 276 | 336 |
| 10 | 1,641 | 2,110 | 60 | 232 | 279 |
| 15 | 1,338 | 1,723 | 65 | 198 | 233 |
| 20 | 1,122 | 1,411 | 70 | 172 | 197 |
| 25 | 934 | 1,149 | 75 | 153 | 168 |
| 30 | 760 | 930 | 80 | 139 | 147 |
| 35 | 614 | 751 | 85 | 128 | 132 |
| 40 | 496 | 607 | 90 | 121 | 122 |
| 45 | 404 | 495 | 95+ | 113 | 113 |

*PERCENT OF THE GREATER OF THE ACCUMULATION ACCOUNT OR THE GUARANTEED CASH VALUE.

FOR AGES NOT SHOWN, THE APPLICABLE PERCENTAGE WILL BE DETERMINED BY INTERPOLATING BETWEEN THE AGES THAT ARE SHOWN.

### EXPENSE CHARGES

THERE IS A CHARGE OF $2.50 PER MONTH PER POLICY.  THIS CHARGE MAY BE INCREASED BY THE COMPANY AT A POLICY ANNIVERSARY BUT NOT TO EXCEED $5.00 PER MONTH PER POLICY AND ONLY UPON THE GIVING OF PRIOR NOTICE OF AN INCREASE TO THE OWNER.

THERE IS AN ADDITIONAL MONTHLY EXPENSE CHARGE OF $0.81 PER $1,000 SUM INSURED DURING THE FIRST POLICY YEAR AND $0.10 PER $1,000 SUM INSURED EACH POLICY YEAR THEREAFTER.

### TABLE OF SURRENDER CHARGES

| YEAR | SURRENDER CHARGE | YEAR | SURRENDER CHARGE |
|---|---|---|---|
| 1 | $1,223 | 6 | $1,158 |
| 2 | 1,223 | 7 | 1,094 |
| 3 | 1,223 | 8 | 1,030 |
| 4 | 1,223 | 9 | 965 |
| 5 | 1,223 | 10 AND OVER | 0 |

MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY

PAGE 5

NP-WL-86

CLIC 0009000
CONFIDENTIAL

## OWNER, BENEFICIARY AND ASSIGNMENT PROVISIONS

### OWNER
The owner means the owner set out in the application unless subsequently changed. During the insured's lifetime, the owner has the right to receive every benefit, exercise every right and enjoy every privilege granted by this policy.

### BENEFICIARY
The beneficiary named in the application will receive the proceeds upon death of the insured unless the beneficiary has been changed by the owner.

If more than one person is named as beneficiary, the proceeds will be paid in equal shares to the surviving beneficiaries, unless otherwise provided.

If the beneficiary is "children," this means children born to or legally adopted by the insured.

### DEATH OF BENEFICIARY
If any beneficiary dies before the insured, that beneficiary's interest will pass to any surviving beneficiaries or contingent beneficiaries according to their respective interests.

If no beneficiary or contingent beneficiary survives the insured, the proceeds will be paid to the owner or the owner's estate.

### OWNER AND BENEFICIARY CHANGE
The owner may change the owner and the beneficiary at any time during the lifetime of the insured unless otherwise provided in a previous designation. Any change must be in a written form satisfactory to the Company.

The change will take effect on the date the request was signed, but it will not apply to any payments made by the Company before the request was received and recorded by the Company.

### SIMULTANEOUS DEATH
If any beneficiary dies within 15 days after the insured but before due proof of the insured's death is received by the Company, the proceeds will be paid as if the beneficiary died before such insured.

### ASSIGNMENT
This policy may be assigned. No assignment will be recognized by the Company unless a copy is filed with the Company. The Company will not be responsible for the validity of any assignment.

The claim of any assignee is subordinate to that of the Company, including any indebtedness to the Company.

The rights of the beneficiary and owner are subject to the rights of the assignee.

## PREMIUM PAYMENTS, GRACE PERIOD AND REINSTATEMENT PROVISIONS

### INITIAL PREMIUM
The initial premium is the premium due on the date of issue of this policy and is shown on a Policy Data Page.

### WHERE PAYABLE
Premiums are payable in advance to the Company at its administrative office. Premiums may be paid to an authorized representative of the Company upon delivery of a receipt signed by the President, a Vice President, or Secretary.

The owner may change the frequency of premium payment at any time. Each premium payment will be credited by the Company as described in the accumulation account section.

A check or draft given for all or any part of a premium, unless paid upon its presentation to the bank or person drawn on, shall not be considered as payment.

### GRACE PERIOD
A grace period of sixty-one (61) days will be allowed for the payment of each premium (except the initial premium) not paid on its due date. The policy will continue in full force during this period. If the insured dies during the grace period, the overdue premium will be deducted from the proceeds of the policy. The Company will send

a written notice 30 days before the end of the grace period to the owner's last address shown in the Company's records and to any assignee of record if the premium is not previously paid.

### REINSTATEMENT
Within five (5) years after the due date of the first unpaid premium, this policy may be reinstated, provided the following conditions are satisfied. The policy must not have been previously surrendered. Evidence of insurability satisfactory to the Company must be submitted. All premiums due and unpaid plus interest compounded on each policy anniversary at a rate of 6% per year must be paid. Any unpaid indebtedness that existed must be paid or reinstated, plus loan interest to the date of reinstatement.

The effective date of reinstatement of the policy will be the monthly anniversary day on or next following the day the Company approves the application for reinstatement.

Upon reinstatement the incontestability section will apply from the effective date of reinstatement. If the policy has been in force for 2 years, it will be contestable only as to statements made in the reinstatement application.

NP-WL-86

6

CLIC 0009001
CONFIDENTIAL

## PROCEEDS

Upon receipt of due proof that the insured died while 's policy was in force, the Company will pay the death benefit to the beneficiary. The death benefit payable will be the greater of:

(a) the guaranteed minimum sum insured on the date of death, shown on a Policy Data Page, or

(b) the accumulation account on the date of death multiplied by the applicable percentage at the insured's attained age as shown in the Table of Minimum Death Benefits on a Policy Data Page

less:

(1) any indebtedness; and

(2) any premium due and unpaid if the insured dies during the grace period. Indebtedness consists of any unpaid loans plus accrued interest.

The amount determined under (b) above complies with the Cash Value Accumulation Test as defined in Section 7702 of the Internal Revenue Code. The Company reserves the right to amend this policy to comply with future changes in the Code or any regulations or rulings issued thereunder as they relate to the definition of "life insurance". A copy of any such amendment will be provided to the owner.

## POLICY LOANS

### POLICY LOAN

The owner may obtain a loan at any time while this policy is in force and on the sole security thereof.

### LOAN VALUE

The loan value may not exceed the net cash value of the policy.

The Company may defer making a loan for not more than six months after application for the loan is made unless the loan is to pay premiums on policies with the Company.

### INDEBTEDNESS

Indebtedness means all existing loans on this policy plus earned interest which has either accrued or been added.

### LOAN INTEREST

Loan interest may be paid in advance or in arrears, at the option of the owner. This option may be chosen only at the date of issue. If not so chosen, interest will be payable in advance.

1. The following section applies only to policies with interest charged in advance:

(a) The amount which may be borrowed is that amount which, with any unpaid interest, will equal the net cash value as of the date of the policy loan.

(b) Interest will be charged in advance on a loan from the date the loan is made or increased, at a yearly

rate described below.

(c) If interest is not paid when due, it is added to the loan.

2. The following section applies only to policies with interest charged in arrears:

(a) The amount which may be borrowed is that amount which, with interest to the next policy anniversary, will equal the net cash value as of the next policy anniversary.

(b) Interest will be charged on a loan from the date the loan is made or increased, at a yearly rate described below. Interest is payable at the end of each policy year.

(c) If interest is not paid when due, it is added to the loan.

3. The remainder of this section applies to all policies. The loan interest rate is an effective annual rate. It will equal the maximum interest rate when interest is charged in arrears. It will equal the discount rate equivalent to the maximum interest rate when interest is charged in advance. The discount rate is determined as the maximum interest rate divided by the sum of one and the maximum interest rate.

The maximum interest rate is 7% per year if interest is charged in arrears, or 6.54% if charged in advance.

### LOAN INTEREST RATE CHANGE

The owner may change, upon written request to the Company, from the fixed loan interest rate basis,

NP-WL-86

7

CLIC 0009002

described above, at any time, to a variable loan interest rate. The maximum variable loan interest rate is the greater of:

(a) A Published Monthly Average which is the Monthly Average of the Composite Yield on Seasoned Corporate Bonds as published by Moody's Investors Service, Inc. or any successor to that Service for the calendar month two months before the calendar month in which the loan is made or the policy year begins; if that Monthly Average is no longer published, a substantially similar average established by regulation by the insurance supervisory official of the state where the policy is delivered will be used; or

(b) 5½%.

The maximum interest rate may change at the beginning of each policy year, but not more often.

If the rate for a policy year is less than ½% higher than the rate for the previous year, the Company will not increase the rate to the new rate. If the rate is at least ½% less than the rate for the previous policy year, the Company will decrease the rate to the new rate, but not below 5½% per year.

The Company will notify the owner as soon as reasonably practical after making the loan of the current loan interest rate when:

(a) a loan is made on this policy; or
(b) if the interest rate is to be increased.

The owner may elect to change back to the fixed loan interest rate but not during the first five policy years after electing a variable loan interest rate.

Interest credited on borrowed amounts will be in the amount described in the Accumulation Account provision.

Any election to change the loan interest rate:

(a) will be effective on the policy anniversary following the election;
(b) will apply to all outstanding loans; and
(c) will apply to all future policy years until changed.

**REPAYMENT**

A loan may be repaid at any time while this policy is in force. A loan that exists at the end of the grace period may not be repaid unless this policy is reinstated.

**TERMINATION OF POLICY**

At any time the total indebtedness equals or exceeds the cash value, the policy will terminate without value.

At least 31 days before the date the policy terminates, the Company will send a notice of its intention to void the policy to the last known addresses of the owner and of any assignee of record.

## ACCUMULATION ACCOUNT

**INTEREST CREDITS**

All premiums paid shall be credited to the accumulation account. On each monthly policy anniversary date, the applicable monthly deduction will be deducted from the accumulation account and the balance, if any, will be accumulated at interest, as described below.

The interest rate to be credited monthly to the accumulation account, except to that portion borrowed as a policy loan, during each calendar year, or portion thereof, shall be equal to seventy-five percent (75%) of the interest rate payable on the third business day immediately preceding each January 1, April 1, July 1, and October 1, by the Chemical Bank, New York, New York, or its successor(s) on three (3) month time certificates of deposit when that interest rate is below 16%. Eighty percent (80%) of the interest rate payable by the Chemical Bank will be credited when the certificates of deposit interest rate is 16% or greater.

Interest in excess of the above rate may be credited to the accumulation account at the option of the Company based upon its expectations as to future interest rates.

Should the Chemical Bank or its successor(s) cease issuing three (3) month time certificates of deposit, the Company reserves the right to substitute the three month certificate of deposit interest rate of another national banking institution of the Company's choice. Such substitution shall be subject to approval by the insurance regulatory authority of the state of residence of the owner, if required.

That portion of the accumulation account equal to an outstanding policy loan balance will earn interest of 4½% per year. If the owner has elected to pay a variable loan interest rate (see, "Loan Interest Rate Change"), the outstanding policy loan balance will earn interest on an annual rate equal to the policy loan interest rate in effect for the policy month, less 2½%. In no event will the accumulation account earn interest at a rate less than 4½% per year.

Premiums paid the Company will earn interest beginning on the first business day following the date of deposit of the premiums to the Company's account, but in no event later than the fifth business day immediately following receipt of such premiums at the Administrative Office of the Company except for the first premium. The first premium will earn interest beginning on the first business day immediately following approval for the issuance of this policy unless the premium is paid later. In such case, the premium will be credited in the normal manner for renewal premiums.

CLIC 0009003
CONFIDENTIAL

## OPTIONAL PREMIUM PAYMENT PROVISION

On any premium due date on or after the fifth policy anniversary the owner may elect in writing, prior to the end of the grace period, to pay: an amount which is less than the premium then due on the policy. After such payment the amount remaining in the accumulation account must exceed the sum of: the then guaranteed cash value; plus the then applicable surrender charge; and any indebtedness. An amount equal to the premium actually paid will be credited to the accumulation account.

## NON-FORFEITURE PROVISION

### CASH VALUE

The cash value on any date to which premiums have been paid is the value of the accumulation account less the surrender charge at that time, but not less than the guaranteed cash value as shown in the Table of Guaranteed Policy Values on a Policy Data Page. The net cash value is the cash value less any indebtedness.

### GUARANTEED VALUES

Any premium not paid before the end of the grace period will result in the premium being in default as of the premium due date. Except for Option B below, default will result in the termination of this policy. If this policy has a net cash value, as applicable, one of the options listed below may be elected by written request to the Company no later than three (3) months after the premium due date. If no election is made within the election period, the automatic option will be Option B. The guaranteed policy values for these options are shown in the Table of Guaranteed Policy Values on a Policy Data Page.

### (A) Cash

This Option shall consist of the net cash value which will be the same as at the premium due date of this policy. The Company may defer paying the net cash value for not more than six (6) months after this option request is received.

### (B) Continuation of Insurance

In the event any premiums (other than premiums for supplemental benefits provided by riders) are not paid before the end of the grace period, insurance coverage under this policy (excluding any supplemental benefits provided by riders) will be continued in an amount equal to the proceeds of this policy. This insurance shall continue until the net cash value is insufficient to cover the monthly deduction. In no event will such insurance be continued for a term less than that which the net cash value on the due date of the unpaid premium would purchase when applied as a net single premium. Such period of continued insurance shall not extend beyond an insured's age 100. Any net cash value remaining will be refunded at that time to the owner, provided the insured is living.

The insurance provided under Option B may be surrendered at any time for its net cash value as of the surrender date.

NP-WL-86

### BASIS OF COMPUTATIONS

Guaranteed cash values are based on the Commissioners 1980 Standard Ordinary Mortality Table, Age Last Birthday with interest at 5.5% compounded yearly.

The non-forfeiture values for this policy are equal to or greater than those required by law. The non-forfeiture values are calculated in accordance with the Standard Non-Forfeiture Value Method. A detailed statement of the method of computing values has been filed with the insurance supervisory official of the state in which the application for this policy was signed.

### SURRENDER CHARGE

Upon full surrender of this policy for its proceeds, a surrender charge will be imposed. Surrender charges for each policy year are located on a Policy Data Page. They are based upon the date to which premiums have been paid, except in the case of the exercise of Option B under the Non-Forfeiture Provisions. In that case the surrender charge shall be based upon the date of such exercise.

### MONTHLY DEDUCTION

The monthly deduction for a policy month will be calculated as (a) plus (b) where:

(a) is the cost of insurance plus the cost of additional benefits provided by rider for the policy month; and

(b) is the monthly expense charges as shown on a Policy Data Page.

### MONTHLY COST OF INSURANCE

Effective as of each policy monthly anniversary date, the monthly cost of insurance shall be determined. Such cost of insurance is determined as the sum of:

(1) the net sum insured multiplied by the applicable monthly cost of insurance rate, and

(2) one-twelfth (1/12th) of the extra risk charge.

Net sum insured is defined as:

the death benefit less the value of the accumulation account at such policy monthly anniversary date.

### MONTHLY COST OF INSURANCE RATES

The following table shows the maximum rates for the monthly cost of insurance per each $1,000 of net sum insured. The Company reserves the right to adjust the monthly cost of insurance being charged on any policy anniversary by increasing or decreasing the rates for the

9

CLIC 0009004
CONFIDENTIAL

monthly cost of insurance under this plan by giving written notice to all insureds not less than ninety days prior to the date of such change. Any such change shall be subject to approval by the insurance regulatory authority of the state of residence of the owner, if required. In no event can the rates for the monthly cost of insurance be increased to an amount greater than the rates for the attained age of the insured specified in this table. The monthly cost of insurance rates, and any change in the monthly cost of insurance as provided herein, are and will be determined on a uniform basis for insureds of the same age, sex and classification for all policies issued with like benefits and provisions. The premium required for any supplemental benefits provided by riders that may be included in this policy are not included in the monthly cost of insurance rates and will be shown on a Policy Data Page. The rates for any supplemental benefits will not be changed by the Company. A change in the monthly cost of insurance will not alter the guaranteed values shown in the Table of Guaranteed Policy Values on a Policy Data Page.

## GUARANTEED MAXIMUM MONTHLY MORTALITY CHARGE
### TABLE OF (MONTHLY) COST OF INSURANCE RATES

| Attained Age | Rate Per 1,000 Male | Rate Per 1,000 Female | Attained Age | Rate Per 1,000 Male | Rate Per 1,000 Female | Attained Age | Rate Per 1,000 Male | Rate Per 1,000 Female |
|---|---|---|---|---|---|---|---|---|
| 0 | .22 | .16 | 34 | .17 | .13 | 68 | 2.93 | 1.65 |
| 1 | .09 | .07 | 35 | .18 | .14 | 69 | 3.21 | 1.79 |
| 2 | .08 | .07 | 36 | .19 | .15 | 70 | 3.51 | 1.95 |
| 3 | .08 | .07 | 37 | .21 | .16 | 71 | 3.87 | 2.15 |
| 4 | .08 | .06 | 38 | .22 | .18 | 72 | 4.27 | 2.40 |
| 5 | .07 | .06 | 39 | .24 | .19 | 73 | 4.73 | 2.71 |
| 6 | .07 | .06 | 40 | .26 | .21 | 74 | 5.24 | 3.06 |
| 7 | .07 | .06 | 41 | .29 | .23 | 75 | 5.78 | 3.44 |
| 8 | .06 | .06 | 42 | .31 | .25 | 76 | 6.36 | 3.87 |
| 9 | .06 | .06 | 43 | .34 | .27 | 77 | 6.96 | 4.32 |
| 10 | .06 | .06 | 44 | .37 | .29 | 78 | 7.59 | 4.82 |
| 11 | .07 | .06 | 45 | .40 | .31 | 79 | 8.26 | 5.37 |
| 12 | .08 | .06 | 46 | .43 | .33 | 80 | 9.01 | 6.00 |
| 13 | .09 | .06 | 47 | .46 | .35 | 81 | 9.86 | 6.73 |
| 14 | .10 | .07 | 48 | .50 | .37 | 82 | 10.82 | 7.58 |
| 15 | .12 | .07 | 49 | .54 | .40 | 83 | 11.90 | 8.55 |
| 16 | .13 | .08 | 50 | .59 | .43 | 84 | 13.08 | 9.63 |
| 17 | .14 | .08 | 51 | .64 | .46 | 85 | 14.32 | 10.81 |
| 18 | .15 | .08 | 52 | .70 | .50 | 86 | 15.63 | 12.09 |
| 19 | .16 | .09 | 53 | .76 | .53 | 87 | 16.98 | 13.47 |
| 20 | .16 | .09 | 54 | .84 | .57 | 88 | 18.38 | 14.95 |
| 21 | .16 | .09 | 55 | .92 | .61 | 89 | 19.83 | 16.56 |
| 22 | .16 | .09 | 56 | 1.00 | .65 | 90 | 21.38 | 18.31 |
| 23 | .15 | .09 | 57 | 1.09 | .69 | 91 | 23.05 | 20.25 |
| 24 | .15 | .10 | 58 | 1.19 | .73 | 92 | 24.94 | 22.47 |
| 25 | .15 | .10 | 59 | 1.29 | .77 | 93 | 27.24 | 25.16 |
| 26 | .14 | .10 | 60 | 1.41 | .82 | 94 | 30.45 | 28.74 |
| 27 | .14 | .10 | 61 | 1.54 | .88 | 95 | 35.49 | 34.16 |
| 28 | .14 | .11 | 62 | 1.69 | .96 | 96 | 44.52 | 43.54 |
| 29 | .14 | .11 | 63 | 1.86 | 1.06 | 97 | 62.83 | 62.19 |
| 30 | .15 | .11 | 64 | 2.05 | 1.17 | 98 | 83.33 | 83.33 |
| 31 | .15 | .12 | 65 | 2.25 | 1.28 | 99 | 83.33 | 83.33 |
| 32 | .16 | .12 | 66 | 2.46 | 1.40 | | | |
| 33 | .16 | .13 | 67 | 2.69 | 1.52 | | | |

Attained age is age last birthday.
The above rates are based upon the Commissioner's 1980 Standard Ordinary Mortality Table.

## SETTLEMENT OPTIONS PROVISION

**ELECTION OF OPTIONS**

Any amount payable at the death of the insured or any other termination of the policy will be paid in one sum unless otherwise provided. All or part of this sum may be applied to any settlement option.

NP-WL-86

10

CLIC 0009005
CONFIDENTIAL

Payment under a combination of options, or payment to joint or successive payees, or payment to a beneficiary that is not a natural person may be elected only with the consent of the Company.

Any election must be made in writing to the Company. The Company may require the policy for endorsement.

**Election By Owner**
During the lifetime of the insured, the owner may elect to have the proceeds paid under one of the following options.

**Election By Beneficiary**
At the time proceeds are payable to the beneficiary, the beneficiary may elect one of the payment options if proceeds are available to the beneficiary in a lump sum. The beneficiary has 12 months after payment becomes due to elect one of the following options.

**PAYMENTS**
Payments will be made monthly unless otherwise elected.

The Company has the right to change the frequency of payments in order to make a periodic payment of at least $25.

The option date under Options 1, 2 and 3 is the date the proceeds are payable, or the date of election, whichever is later.

Under Option 3, proof of the age of the payee will be required at the time the first payment is due. The Company reserves the right to require proof that the payee is live at the time of each payment.

**CHANGE IN PAYMENTS**
Partial withdrawal under Options 1 and 2 may not be made.

All payments under Options 1 and 2 may be paid in one sum only with the consent of the Company. The value of any one sum payment will be the sum of any remaining guaranteed payments discounted at an interest rate of not less than 3% compounded annually.

Payments under Option 3 will be commuted only in event of death of the payee. Any payments that remain to be paid under Option 3 at the death of the payee will be paid in one sum. The value of the one sum payment will be the sum of the remaining guaranteed payments, discounted at an interest rate of not less than 3% compounded annually.

In the event additional interest is applicable to payments under Option 1, 2, or 3, any such payments, if paid in one sum, shall be discounted at an interest rate equal to that actually credited.

**WITHDRAWAL**
The minimum proceeds that may be applied under Option 4 or 5 is $1,000. The payee does not have the right to withdraw any portion of the proceeds under Option 4. The minimum proceeds that may be applied or may remain after a withdrawal under Option 5 is $1,000. The

minimum amount that may be withdrawn is $1,000. Proceeds less than this amount will be paid in a lump sum to the payee.

The Company may postpone payment of any amount to be withdrawn for not more than 6 months from the date the written request for withdrawal is received in the Company's Principal Office.

**ASSIGNMENT**
The proceeds payable under one of these options may not be assigned.

**CLAIMS OF CREDITORS**
To the extent permitted by law, proceeds will not be subject to any claims of a payee's creditors.

**ADDITIONAL INTEREST**
Additional interest, if any, paid over the guaranteed 3%, will be in an amount and by a method determined by the Company.

**OPTION 1.**
**EQUAL PAYMENTS FOR A GUARANTEED PERIOD**
Equal monthly payments for the number of years elected, not to exceed 25 years. Payments will begin on the option date.

Guaranteed Minimum Monthly Payment
for each $1,000 of net proceeds

| Period Income is Payable (Years) | Monthly Income | Period Income is Payable (Years) | Monthly Income |
|---|---|---|---|
| 1 | $84.47 | 14 | $7.26 |
| 2 | 42.86 | 15 | 6.87 |
| 3 | 28.99 | 16 | 6.53 |
| 4 | 22.06 | 17 | 6.23 |
| 5 | 17.91 | 18 | 5.96 |
| 6 | 15.14 | 19 | 5.73 |
| 7 | 13.16 | 20 | 5.51 |
| 8 | 11.68 | 21 | 5.32 |
| 9 | 10.53 | 22 | 5.15 |
| 10 | 9.61 | 23 | 4.99 |
| 11 | 8.86 | 24 | 4.84 |
| 12 | 8.24 | 25 | 4.71 |
| 13 | 7.71 | | |

**OPTION 2. EQUAL PAYMENTS OF A SPECIFIED AMOUNT**
Equal monthly payments of at least $4.71 per month for each $1,000 of proceeds. Payments will begin on the option date and will continue until the proceeds and interest at the rate of 3% compounded annually are exhausted.

**OPTION 3. EQUAL PAYMENTS FOR LIFE**
Equal monthly payments for a guaranteed period of 10, 15 or 20 years as elected and for life thereafter as shown in the table below.

**OPTION 4. PROCEEDS LEFT AT INTEREST — WITHDRAWALS NOT ALLOWED**
The proceeds may be left with the Company for a period of 1 to 25 years. Interest on the proceeds will be paid at

CLIC 0009006
CONFIDENTIAL

the rate of 3% compounded annually. The interest may be left with the Company to accumulate or be paid at the following rate for each $1,000 of net proceeds.

1) Annually $30.00.
2) Semi-Annually $14.89.
3) Quarterly $7.42.
4) Monthly $2.47.

At the end of the period selected, the proceeds with accrued interest will be paid in one sum unless otherwise provided in the election.

## OPTION 5. PROCEEDS LEFT AT INTEREST — WITHDRAWALS ALLOWED
The proceeds may be left with the Company for a period of 1 to 25 years. Interest on the proceeds will be paid at the rate of 3% compounded annually. The interest may be left with the Company to accumulate or be paid at the following rate for each $1,000 of net proceeds.

1) Annually $30.00.
2) Semi-Annually $14.89.
3) Quarterly $7.42.
4) Monthly $2.47.

The payee may withdraw portions of the proceeds by request in writing to the Company. At the end of the specified period, any remaining proceeds with accrued interest will be paid in one sum.

## OPTION 3
### Amount of each monthly installment per $1,000 net proceeds.

| Age of Payee* | | Monthly Income for Life with Guaranteed Period of: | | | Age of Payee* | | Monthly Income for Life with Guaranteed Period of: | | |
|---|---|---|---|---|---|---|---|---|---|
| Male | Female | 10 Years | 15 Years | 20 Years | Male | Female | 10 Years | 15 Years | 20 Years |
| 6 | 10 | $2.83 | $2.83 | $2.83 | 44 | 48 | $4.00 | $3.97 | $3.92 |
| 7 | 11 | 2.84 | 2.84 | 2.84 | 45 | 49 | 4.07 | 4.03 | 3.97 |
| 8 | 12 | 2.86 | 2.86 | 2.86 | 46 | 50 | 4.14 | 4.10 | 4.03 |
| 9 | 13 | 2.87 | 2.87 | 2.87 | 47 | 51 | 4.21 | 4.16 | 4.09 |
| 10 | 14 | 2.89 | 2.89 | 2.89 | 48 | 52 | 4.29 | 4.23 | 4.15 |
| 11 | 15 | 2.90 | 2.90 | 2.90 | 49 | 53 | 4.37 | 4.31 | 4.21 |
| 12 | 16 | 2.92 | 2.92 | 2.92 | 50 | 54 | 4.45 | 4.38 | 4.28 |
| 13 | 17 | 2.93 | 2.93 | 2.93 | 51 | 55 | 4.54 | 4.46 | 4.34 |
| 14 | 18 | 2.95 | 2.95 | 2.95 | 52 | 56 | 4.64 | 4.55 | 4.41 |
| 15 | 19 | 2.97 | 2.97 | 2.97 | 53 | 57 | 4.74 | 4.63 | 4.48 |
| 16 | 20 | 2.99 | 2.99 | 2.99 | 54 | 58 | 4.84 | 4.72 | 4.55 |
| 17 | 21 | 3.00 | 3.00 | 3.00 | 55 | 59 | 4.96 | 4.82 | 4.61 |
| 18 | 22 | 3.02 | 3.02 | 3.02 | 56 | 60 | 5.07 | 4.91 | 4.68 |
| 19 | 23 | 3.04 | 3.04 | 3.04 | 57 | 61 | 5.19 | 5.01 | 4.75 |
| 20 | 24 | 3.07 | 3.06 | 3.06 | 58 | 62 | 5.32 | 5.11 | 4.82 |
| 21 | 25 | 3.09 | 3.09 | 3.08 | 59 | 63 | 5.45 | 5.21 | 4.89 |
| 22 | 26 | 3.11 | 3.11 | 3.11 | 60 | 64 | 5.59 | 5.32 | 4.95 |
| 23 | 27 | 3.13 | 3.13 | 3.13 | 61 | 65 | 5.74 | 5.42 | 5.02 |
| 24 | 28 | 3.16 | 3.16 | 3.15 | 62 | 66 | 5.89 | 5.53 | 5.08 |
| 25 | 29 | 3.19 | 3.18 | 3.18 | 63 | 67 | 6.05 | 5.64 | 5.13 |
| 26 | 30 | 3.22 | 3.21 | 3.21 | 64 | 68 | 6.22 | 5.75 | 5.19 |
| 27 | 31 | 3.24 | 3.24 | 3.23 | 65 | 69 | 6.39 | 5.85 | 5.24 |
| 28 | 32 | 3.27 | 3.27 | 3.26 | 66 | 70 | 6.56 | 5.95 | 5.28 |
| 29 | 33 | 3.30 | 3.30 | 3.29 | 67 | 71 | 6.75 | 6.05 | 5.32 |
| 30 | 34 | 3.34 | 3.33 | 3.32 | 68 | 72 | 6.93 | 6.15 | 5.36 |
| 31 | 35 | 3.37 | 3.37 | 3.36 | 69 | 73 | 7.12 | 6.25 | 5.39 |
| 32 | 36 | 3.41 | 3.40 | 3.39 | 70 | 74 | 7.31 | 6.33 | 5.42 |
| 33 | 37 | 3.44 | 3.44 | 3.42 | 71 | 75 | 7.51 | 6.42 | 5.44 |
| 34 | 38 | 3.48 | 3.48 | 3.46 | 72 | 76 | 7.70 | 6.49 | 5.46 |
| 35 | 39 | 3.52 | 3.51 | 3.50 | 73 | 77 | 7.89 | 6.56 | 5.48 |
| 36 | 40 | 3.51 | 3.56 | 3.54 | 74 | 78 | 8.08 | 6.62 | 5.49 |
| 37 | 41 | 3.61 | 3.60 | 3.58 | 75 | 79 | 8.26 | 6.67 | 5.49 |
| 38 | 42 | 3.56 | 3.65 | 3.62 | 76 | 80 | 8.43 | 6.71 | 5.50 |
| 39 | 43 | 3.71 | 3.70 | 3.67 | 77 | 81 | 8.60 | 6.75 | 5.51 |
| 40 | 44 | 3.76 | 3.75 | 3.71 | 78 | 82 | 8.76 | 6.78 | 5.51 |
| 41 | 45 | 3.82 | 3.80 | 3.76 | 79 | 83 | 8.90 | 6.81 | 5.51 |
| 42 | 46 | 3.87 | 3.85 | 3.81 | 80 | 84 | 9.02 | 6.83 | 5.51 |
| 43 | 47 | 3.94 | 3.91 | 3.87 | | | | | |

*Age on the birthday coinciding with or next preceding the due-date of the first installment. Ages not illustrated are available upon request.

## GENERAL PROVISIONS

### ENTIRE CONTRACT
This policy, including any attached riders and the attached copy of the application are the entire contract.

This policy cannot be changed or any of its provisions waived, including any extension of time to pay pre-

NP-WL-86                          12

CLIC 0009007
CONFIDENTIAL

miums, except by the President, a Vice President, or the Secretary.

All statements made in an application are assumed, in the absence of fraud, to be representations and not warranties. No statement will be used to void this policy or defend against a claim unless it is contained in the application or a supplemental application.

Any changes, modifications, or waivers must be in writing. No agent has authority to waive a complete answer to any question on the application, pass on insurability, make or alter any contract or waive any of the Company's other rights or requirements.

## INCONTESTABILITY

This policy will be incontestable after it has been in force during the lifetime of the insured for 2 years from the date of issue except for non-payment of premiums.

## PROCEEDS

Proceeds means the amount payable on the surrender of this policy or upon the death of the insured.

The proceeds payable on death will be the death benefit. If the policy is surrendered the proceeds will be the net cash value.

## PAYMENT OF PROCEEDS

The proceeds are subject first to any indebtedness to the Company and then to the interest of any assignee of record. Payments to satisfy any indebtedness to the Company and any assignee will be paid in one sum.

## PREMIUM CLASS

The insured's premium class is shown on a Policy Data Page.

## AGE

Age means age last birthday.

## ERROR IN AGE OR SEX

If the age or sex of the insured has been misstated, any guaranteed benefits under this policy will be those which the premium paid would have purchased for the correct age and sex. The sum insured shall be that which would be purchased by the most recent mortality charge at the correct age or sex.

## SUICIDE EXCLUSION

If the insured commits suicide while sane or insane within two years after the date of issue, the amount payable by the Company will be limited to the premiums paid prior to the insured's death less any indebtedness.

## ELECTIONS, DESIGNATIONS, CHANGES AND REQUESTS

All elections, designations, changes and requests must be in a written form satisfactory to the Company and become effective when received and approved by the Company at its Administrative Office.

## NON-PARTICIPATING

This is a non-participating policy. This policy will not share in any of the Company's profits or surplus earnings. Any premium or factor changes are determined and redetermined prospectively. The Company will not recoup prior losses, if any, by means of premium or factor changes.

## ANNUAL REPORT

At least once a year, the Company will send the owner a report which shows the death benefit, premiums paid, expense charges, interest credited, mortality charges, outstanding loans, current cash value, net cash value and all charges since the last report.

## PROJECTION OF BENEFITS AND VALUES

The Company will provide a projection of future death benefits and the value of the accumulation account at any time upon written request and payment of a service fee. The fee payable will be the one then in effect for this service. The projection will be based on:

(1) assumptions as to specified amounts, type of coverage option and future premium payments as may be specified by the owner, and

(2) such other assumptions as are necessary and specified by the Company and/or the owner.

## EFFECTIVE DATE OF COVERAGE

The effective date of coverage under this policy is the date of issue shown on a Policy Data Page subject to the provisions of this policy.

## TERMINATION OF POLICY

This policy will terminate when any one of the following events occur:

1. The owner requests that coverage terminate;
2. The insured dies;
3. The policy is without value when the grace period ends without payment of a premium;
4. The benefits under the Non-Forfeiture provision expire;
5. The total indebtedness equals or exceeds the cash value.

## POLICY DATE

Policy years and policy anniversaries are computed from the date of issue of the policy.

The policy date of issue is the effective date for all coverage provided in the original application.

CLIC  0009008
CONFIDENTIAL

**WHOLE LIFE INSURANCE POLICY.**
**PROCEEDS PAYABLE AT DEATH. PROCEEDS MAY EXCEED**
**GUARANTEED MINIMUM SUM INSURED. PREMIUMS**
**PAYABLE DURING THE PREMIUM PERIOD SHOWN ON A**
**POLICY DATA PAGE OR UNTIL PRIOR DEATH. OPTIONAL**
**PREMIUM PAYMENT PROVISION AVAILABLE AFTER FIFTH**
**POLICY YEAR. PREMIUMS ALLOCATED TO COST OF**
**INSURANCE. BALANCE ACCUMULATING AT INTEREST IN**
**AN ACCUMULATION ACCOUNT WHICH WILL VARY IN**
**VALUE BASED UPON THE AMOUNT OF INTEREST**
**CREDITED. CASH VALUE MAY EXCEED STATUTORY**
**MINIMUM CASH VALUE. NON-PARTICIPATING — NO**
**DIVIDENDS APPLICABLE**

NP-WL-86

14

CLIC 0009009
CONFIDENTIAL