1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| | CASE NO.: 3:10-MD-02124-SI |
| IN RE CONSECO LIFE INSURANCE COMPANY LIFETREND INSURANCE SALES AND MARKETING LITIGATION | [PROPOSED] FINDINGS AND ORDER PRELIMINARILY APPROVING THE PROPOSED SETTLEMENT, DIRECTING THE ISSUANCE OF NOTICE OF SETTLEMENT TO THE CLASSES AND SCHEDULING A FAIRNESS HEARING |
| - - - - - - - - - - - - - - - - - - - - - - - - - | CLASS ACTION |

WHEREAS:

A.     Plaintiffs have entered into a Stipulation of Settlement (the "Stipulation") with Defendant Conseco Life Insurance Company ("Conseco Life") in this action (the "Action").  Capitalized terms in this order have the same meaning as the same defined terms in the Stipulation.

B.     Plaintiffs and Conseco Life have moved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for entry of a Preliminary Approval Order preliminarily approving the Settlement in accordance with the terms of the Stipulation and providing for notice of the Settlement to the proposed Settlement Classes.

C.     The Court has reviewed and considered the Stipulation and the exhibits thereto, including the proposed Class Notices, the Parties' submissions, in light of all prior proceedings herein.  This matter came before the Court for hearing on July 12, 2013.  The Court finds that substantial and sufficient grounds exist for entering this Preliminary Approval Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     **Class Representatives and Counsel for the Class.**  Plaintiffs Cedric Brady, Charles Hovden, Marion Hovden, John McNamara, Hisaji Sakai and Bill McFarland (the "Named Plaintiffs") are hereby appointed as the representatives of the Classes, as defined below, for the purpose of seeking approval of the Settlement of the Action.  Craig Litherland of Gilbert LLP and David Millstein of Millstein and Associates are hereby appointed as counsel for the Classes ("Class Counsel"), as defined below.

2.     **Class Findings.**  By order dated October 6, 2010, which was modified by and order dated December 20, 2011, this Court certified a class of policyholders whose Lifetrend III and IV life insurance policies remained In Force.

(a)     The Stipulation defines two separate Settlement classes (the "Classes" or "Class Members"):  (i) a Class of "In Force Policies" that the Parties

seek to certify as a Settlement class under Fed. R. Civ. P. 23(b)(1) and (2); and (ii) a Class of Lapsed Policyholders that the Parties seek to certify as a Settlement class under Fed. R. Civ. P. 23(b)(3). Each Class consists of persons in the United States who own a Policy, in the case of the Class of In Force Policyholders, or owned a Policy, in the case of the Class of Lapsed Policyholders, and have received, since September 30, 2008, pursuant to a settlement with state insurance regulators or otherwise, any of the following: (1) a notice that an annual premium is due, notwithstanding such person's prior invocation of the OPP Provision; (2) notice of increased expense charges under the Policy; or (3) notice of increased COI deductions under the Policy. Each Class excludes Policyholders who own or owned only Policies that either (i) terminated due to an Overloan and that as of the Re-Calculation Date would be in Overloan using the RAV amount as the Policy's accumulation account value, (ii) are Surrendered Policies, (iii) terminated due to payment of a death claim or payment of cash value less indebtedness at Policy maturity, (iv) were previously opted-out of participation in the Action, (v) were LifeTrend IV, Series '97 policies, or (vi) were issued in the State of Minnesota. The Class of Lapsed Policyholders also excludes Policyholders who exclude themselves from the Settlement. Membership in the Classes is administratively ascertainable based on Conseco Life's records and other objective criteria.

(b) The Court finds that a resolution of the Action under Fed. R. Civ. P. 23 in the manner proposed by the Stipulation is superior to other available methods for a fair and efficient adjudication of the Action. In particular, the Court finds that the In Force Class should be certified as a mandatory class under Fed. R. Civ. P. 23(b)(1) and (b)(2), from which such Class Members have no right of exclusion.

(c) In making these findings, the Court has considered, among other factors, (i) the nature of the injunctive relief sought in the Action and provided to members of the In Force Class; (ii) that Conseco Life, by adopting the

1   2010 COI Rate and Expense Charge Changes, acted on grounds generally
2   applicable to the Classes, which makes broad injunctive or declaratory relief
3   appropriate; (iii) the provisions of the Policies requiring Conseco Life to apply
4   COI rates uniformly to Policyholders of the same age, sex, or premium class; (iv)
5   that inconsistent or varying adjudications with respect to individual Policyholders
6   would potentially establish incompatible standards of conduct for Conseco Life;
7   (v) the interests of Class Members in individually controlling the prosecution or
8   defense of separate actions; (vi) the impracticability or inefficiency of prosecuting
9   or defending separate actions; (vii) the extent and nature of any litigation
10  concerning these claims already commenced; (viii) the desirability of concentrating
11  the litigation of the claims in a particular forum; and (ix) the financial condition of
12  Conseco Life.

13       **3.     Class Certification.** By this Order, the Court is preliminarily
14  certifying:  (a) under Fed. R. Civ. P. 23(b)(1) and (2), a Class of "In Force
15  Policyholders" consisting of all persons in the United States who own a Policy and
16  have received, since September 30, 2008, pursuant to a settlement with state
17  insurance regulators or otherwise, any of the following: (1) a notice that an annual
18  premium is due, notwithstanding such person's prior invocation of the OPP
19  Provision; (2) notice of increased expense charges under the Policy; or (3) notice
20  of increased COI deductions under the Policy.  The Class of In Force Policyholders
21  excludes Policyholders who own or owned only Policies that either (i) terminated
22  due to an Overloan and that as of the Re-Calculation Date would be in Overloan
23  using the RAV amount as the Policy's accumulation account value, (ii) are
24  Surrendered Policies, (iii) terminated due to payment of a death claim or payment
25  of cash value less indebtedness at Policy maturity, (iv) were previously opted-out
26  of participation in the Action, (v) were LifeTrend IV, Series '97 policies or (vi)
27  were issued in the State of Minnesota; and (b) under Fed. R. Civ. P. 23(b)(3), a
28  Class of "Lapsed Policyholders" consisting of all persons in the United States who

1   owned a Policy, and have received, since September 30, 2008, pursuant to a
2   settlement with state insurance regulators or otherwise, any of the following: (1) a
3   notice that an annual premium is due, notwithstanding such person's prior
4   invocation of the OPP Provision; (2) notice of increased expense charges under the
5   Policy; or (3) notice of increased COI deductions under the Policy.  The Class of
6   Lapsed Policyholders excludes Policyholders who owned only Policies that either
7   (i) terminated due to an Overloan since September 30, 2010, (ii) are Surrendered
8   Policies, (iii) terminated due to payment of a death claim or reached Policy
9   maturity, or (iv) were issued in the State of Minnesota.  The Class of Lapsed
10  Policyholders also excludes Policyholders who exclude themselves from the
11  Settlement for each of their Lapsed Policies.
12          The Court finds that the Classes are sufficiently well-defined and cohesive to
13  warrant certification under Rule 23.
14          **4.**     **Findings Regarding Proposed Settlement.**  The Court finds that (i)
15  the proposed Settlement resulted from extensive arm's-length negotiations and
16  bargaining and was concluded only after Class Counsel had conducted discovery
17  and had employed and consulted with knowledgeable independent expert
18  consultants; and (ii) the proposed Settlement evidenced by the Stipulation is
19  sufficiently fair, reasonable and adequate and in the best interests of the Classes to
20  warrant sending notice of the Action and the proposed Settlement to the Class
21  Members and holding a Fairness Hearing on the proposed Settlement.
22          **5.**     **Fairness Hearing.**  A hearing (the "Fairness Hearing") will be held
23  on November 1, 2013 at 9 a.m. before the Honorable Susan Illston in Courtroom
24  10 in the United States District Court for the Northern District of California, San
25  Francisco Division, at 450 Golden Gate Avenue, San Francisco, California 94102,
26  to determine:
27          (a)     whether the proposed Settlement of the Action should be
28  approved as fair, reasonable and adequate;

(b)     whether the Action should be dismissed with prejudice pursuant to the terms of the Stipulation;

(c)     whether members of the Class of Lapsed Policyholders who have not timely excluded themselves and members of the Class of In Force Policyholders should be bound by the Release set forth in the Stipulation;

(d)     whether Class Members should be permanently enjoined from (among other things) filing, commencing, prosecuting, maintaining, intervening in, participating in (as Class Members or otherwise), or receiving any benefits from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on the matters set forth in the Release as defined in the Stipulation; and

On the same date as the Fairness Hearing, November 1, 2013 at 9 a.m., and also before the Honorable Susan Illston in Courtroom 10 in the United States District Court for the Northern District of California, San Francisco Division, at 450 Golden Gate Avenue, San Francisco, California 94102, the Court will hold a hearing to determine whether Class Counsel's application for approval of the payment of attorneys' fees, litigation expenses and Named Plaintiffs' compensation (the "Fee Hearing" ) should be approved.

The Parties' initial submissions in support of the Settlement in connection with the Fairness Hearing and Fee Hearing will be filed with the Court by September 3, 2013 and the Parties' reply papers, if any, will be filed no later than October 18, 2013.

6.     **Pre-Hearing Notices to Class Members.**

(a)     **Notice by Mail.** The Class Notices and, as applicable,  the accompanying materials substantially in the form filed with this Court as Exhibits "A," "B," "C," and "F" to the Stipulation , together with a return envelope (collectively, the "Class Notice Package"), will be mailed by Conseco Life, by first-class mail, postage prepaid, no later than August 18, 2013, to the last-known

1  address of each reasonably identifiable Class Member as provided for in Section V

2  of the Stipulation.  For those Class Members owning a Lapsed Policy, Conseco

3  Life will run a National Change of Address (NCOA) database search prior to the

4  mailing of the Class Notice and, as directed by the Court and within the above

5  deadline, will mail the Class Notice to each such Class Member at the address

6  provided by Conseco Life, unless an updated address is obtained through the

7  NCOA search, and then to such updated address.  Conseco Life will pay for the

8  costs associated with producing and mailing the Class Notice Package.  Class

9  Members will also be able to visit

10 http://gardencitygroup.com/cases/consecolifetrend/ to obtain additional copies of

11 the documents in the Class Notice Package.

12        (b)    **Re-Mailing and Additional Notice.**  In the event that Class

13 Notice mailed to any Class Member is returned by United States Postal Service as

14 undeliverable by October 2, 2013, Conseco Life will take such steps as it deems

15 reasonable and appropriate under the circumstances to locate a current address for

16 the Class Member, and will re-mail the Settlement Notice.

17        (c)    **Proof of Mailing.**  At or before the Fairness Hearing, Conseco

18 Life or its Settlement Administrator will file with the Court a proof of mailing of

19 the Class Notice.

20        7.    **Findings Concerning Class Notice.**  Having considered, among other

21 factors (i) the cost of giving notice by various methods, (ii) the resources of the

22 Parties, (iii) the stake of each Class Member and (iv) the likelihood that significant

23 numbers of Class Members might desire to appear individually, the Court finds

24 that notice given in the form and manner provided in Paragraph 6 of this

25 Preliminary Approval Order is the best practicable notice and is reasonably

26 calculated, under the circumstances, to apprise the Class Members (a) of the

27 pendency of this Action; (b) of their right to exclude themselves from the Class of

28 Lapsed Policyholders and the procedure for doing so; and  (c) of their right to

1   object to the Settlement, and if he or she desires, enter an appearance personally or

2   through counsel. The Court further finds that the Class Notices are written in plain

3   English and are readily understandable by Class Members. In sum, the Court finds

4   that the proposed notice texts and the proposed method of notice are reasonable,

5   that they constitute due, adequate and sufficient notice to all persons entitled to be

6   provided with notice, and that they meet the requirements of the Federal Rules of

7   Civil Procedure (including Fed. R. Civ. P. 23), the United States Constitution

8   (including the Due Process Clause), the Local Rules of the United States District

9   Court for the Northern District of California, San Francisco Division, and any

10   other applicable law.

11       **8.   Communications with Class Members.**

12       (a)   In order to respond to inquiries from Class Members, Conseco

13   Life or its Settlement Administrator will establish and maintain a toll-free "800"

14   information number, with sufficient capacity to handle the anticipated call volume,

15   which number will be included in Class Notice. The information line will include

16   an option to speak with a live operator.

17       (b)   If Conseco Life or its Settlement Administrator receives any

18   inquiries, either through the information line or in writing, which cannot be

19   answered by reference to scripts and other procedures agreed to and pre-approved

20   by the Parties, Conseco Life or its Settlement Administrator will refer the Class

21   Member either to Conseco Life or to Class Counsel in accordance with the

22   following: (i) general inquiries and administrative matters related to a Class

23   Member's Policy, or to Conseco Life insurance policies and not to the Settlement

24   as described in the Stipulation, will be referred to Conseco Life; (ii) inquiries

25   specifically related to the Settlement, its terms and conditions, and the Class

26   Member's rights thereunder, will be referred to Class Counsel.

27       **9.   Retention of Administrators.** The Court authorizes Conseco Life, at

28   its option, to retain a Settlement Administrator to help implement the terms of the

[PROPOSED] FINDINGS/ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT

1  Settlement and authorizes such administrators to perform the various

2  administrative tasks, including, without limitation, (a) running the National Change

3  of Address database search as set forth in the Stipulation, (b) mailing or arranging

4  for the mailing of the Class Notice to Class Members, (c) handling returned mail

5  not delivered to Class Members and making any additional mailing required under

6  the Stipulation, (d) attempting to obtain updated address information for any Class

7  Notices returned without a forwarding address, (e) making any additional mailings

8  required under the terms of the Stipulation, (f) arranging for and staffing a toll-free

9  telephone number to assist in responding to inquiries from Class Members and

10  others, (g) responding to written inquiries from Class Members or forwarding such

11  inquiries to Conseco Life or Class Counsel, (h) receiving and maintaining any

12  Class Member correspondence, (i) handling election relief forms returned by Class

13  Members in response to the Class Notice, (j) receiving and maintaining Exclusion

14  Forms submitted by members of the Class of Lapsed Policyholders in response to

15  the Class Notice, (k) preparing written reports detailing all elections made by Class

16  Members, (l) distributing relief or evidence of Settlement relief coverages to Class

17  Members in accordance with Section IV of the Stipulation, (m) providing

18  verification to the Parties that the tasks set forth in the Stipulation and this Order

19  have been timely and accurately completed, and (n) otherwise assisting Conseco

20  Life with administration of the Settlement.

21      **10.    Exclusions From Class of Lapsed Policyholders**.

22          (a)    For each potential member of the Class of Lapsed

23  Policyholders, the Class Notice Package will contain an exclusion form (the

24  "Exclusion Form") in the form of Exhibit "F" to the Stipulation.  Any potential

25  member of the Class of Lapsed Policyholders may exclude himself or herself from

26  that Class by timely mailing the Exclusion Form to Conseco Life or its Settlement

27  Administrator, by first class-mail, postage prepaid.  The Exclusion Form must be

28  signed by the potential member of the Class of Lapsed Policyholders and

1  postmarked no later than October 2, 2013.  Each Form in the Class Notice Package

2  will identify the Policy or Policies owned by the potential member of the Class of

3  Lapsed Policyholders.  Conseco Life or its Settlement Administrator will promptly

4  forward copies of all Exclusion Forms to Class Counsel and Conseco Life's

5  counsel.  A list reflecting all Exclusion Forms containing Policyholder name and

6  his or her Policy number will be filed in this Court by Conseco Life or its

7  Settlement Administrator at or before the Fairness Hearing.

8          (b)      Any potential member of the Class of Lapsed Policyholders

9  who does not timely mail an Exclusion Form to Conseco Life or its Settlement

10 Administrator will not be excluded from the Class of Lapsed Policyholders and

11 will be bound by all subsequent proceedings, orders and judgments in this Action.

12 Any potential members of the Class of Lapsed Policyholders who initiates

13 litigation, arbitration or other proceedings before or after this Court preliminarily

14 approves the Settlement must request exclusion in a timely manner or else be

15 bound by the Settlement.

16     **11.     Objections and Appearances.**

17          (a)      Written Objections.  Any Class Member who wishes to object

18 to the fairness, reasonableness, or adequacy of the Stipulation or the proposed

19 Settlement, or to any award of attorneys' fees and expenses, must deliver to Class

20 Counsel identified in the Class Notice no later than September 16, 2013, a written

21 statement of the objections, as well as the specific reason(s), if any, for each

22 objection, including any legal support the Class Member wishes to bring to the

23 Court's attention, any evidence or other information the Class Member wishes to

24 introduce in support of the objections and the Class Member's Policy number(s).

25 Class Members may do so either on their own or through an attorney retained at

26 their own expense.  No later than October 18, 2013, Class Counsel will file with

27 the Court all such objections in a single submission.

28          (b)      Appearance at Fairness or Fee Hearings.  Any Class Member

who timely serves a written objection on Class Counsel, as described in the
preceding Paragraph 11(a), may appear at the Fairness Hearing or Fee Hearing, as
applicable, either in person or through personal counsel hired at the Class
Member's expense, to object to the fairness, reasonableness, or adequacy of the
Stipulation or the proposed settlement, or to any award of attorneys' fees and
expenses or the Named Plaintiffs' compensation. If a Class Member hires an
attorney to represent him or her, the attorney must (i) file a notice of appearance
with the Clerk of the District Court no later than September 16, 2013, and (ii) serve
a copy of that notice of appearance on Class Counsel and Conseco Life's counsel
at the addresses set forth below and postmarked no later than September 16, 2013.
Class Members or their attorneys who intend to make an appearance at either the
Fairness Hearing or the Fee Hearing must (iii) file a notice of intention to appear
with the Clerk of the District Court no later than September 16, 2013, and (iv)
serve the notice of intention to appear on Class Counsel and Conseco Life's
counsel at the addresses set forth below, no later than September 16, 2013 and
comply with all other requirements of the District Court for such an appearance.

        (c)    <u>Addresses of Class Counsel and Conseco Life's Counsel</u>. For
service of documents:

Class Counsel:

Craig Litherland
Daniel I. Wolf
Gilbert LLP
1100 New York Avenue, NW,
  Suite 700
Washington, D.C. 20005


Conseco Life's Counsel:

John M. Aerni
Adam J. Kaiser

1  Winston & Strawn LLP
   200 Park Avenue
2  New York, NY 10166

3          (d)    Failure to Comply.  Any Class Member who fails to comply

4  with the provisions of Paragraphs a, b, or c of this Section will waive and forfeit

5  any and all rights he or she may have to appear separately and/or object, and will

6  be bound by all the terms of the Stipulation and by all proceedings, orders and

7  judgments.

8      12.   **Vacatur of Prior Orders**.

9          (a)    The trial date and any pretrial conferences are hereby vacated.

10         (b)    The Court is aware that the Parties have requested that in any

11 final Order Approving Settlement and Final Judgment the Court vacate the Order

12 dated January 29, 2013.  The Court will address this request at the Fairness

13 Hearing or in any final Order Approving Settlement and Final Judgment.

14         (c)    The Court is also aware that the Parties have requested that the

15 Court vacate, in any final Order Approving Settlement and Final Judgment, its July

16 17, 2012 Order granting in part a motion for a preliminary injunction on behalf of

17 certain Policyholders.  To the extent that the Court's Order of July 17, 2012 might

18 restrain Conseco Life from communicating Settlement options to Policyholders to

19 whom the preliminary injunction applies, such Order is hereby modified to permit

20 all such communications.

21     13.   **Preliminary Injunction**.  All Class Members are hereby

22 preliminarily enjoined from filing, commencing, prosecuting, maintaining,

23 intervening in, participating in or continuing (as class members or otherwise), or

24 receiving any benefits from any other lawsuit, arbitration, claim or administrative,

25 regulatory or other proceeding or order in any jurisdiction that is based on or

26 relates to the Released Conduct (as that phrase is defined in the Stipulation) or the

27 claims or allegations that were or could have been raised in the Action.  In

28 addition, all persons are hereby preliminarily enjoined from filing, commencing,

1  prosecuting or maintaining any other lawsuit as a class action (including by
2  seeking to amend a pending complaint to include class allegations, continuing a
3  previously initiated action or by seeking class certification in a pending action in
4  any jurisdiction) on behalf of any Class Members who have not been timely
5  excluded from the Class, if such other action is based on or relates to the Released
6  Conduct (as that phrase is defined in the Stipulation) or the claims or allegations
7  that were or could have been raised in the Action. The Court finds that issuance of
8  this preliminary injunction is necessary and appropriate in aid of the Court's
9  jurisdiction over the Action.

10      **14.  Service of Papers.**  Conseco Life's counsel and Class Counsel will
11  serve on each other and on all other parties who have filed notices of appearance,
12  at or before the Fairness Hearing, any further documents in support of the proposed
13  Settlement, including responses to any papers filed by Class Members. Conseco
14  Life's counsel and Class Counsel will promptly furnish to each other any and all
15  objections that may come into their possession.

16      **15.  Termination of Settlement.**  Except as otherwise provided in the
17  Stipulation, this Preliminary Approval Order will become null and void, and will
18  be without prejudice to the rights of the Parties, all of whom will be restored to
19  their respective positions existing immediately before this Court entered this
20  Preliminary Approval Order and all prior orders of this Court will be reinstated and
21  immediately effective, if:

22      (i) the proposed Settlement is not finally approved by the Court, or does not
23      become Final, pursuant to the terms of the Stipulation; or
24      (ii) the proposed Settlement is terminated in accordance with the Stipulation
25      or does not become Final as required by the terms of the Stipulation for any
26      other reason.

27      **16.  Use of Order.**  This Preliminary Approval Order will not be
28  construed or used as an admission, concession or declaration by or against Conseco

Life of any fault, wrongdoing, breach or liability.  Nor will the Preliminary Approval Order be construed or used as an admission, concession or declaration by or against the Named Plaintiffs or any Class Members that their claims lack merit or that relief they have requested in the Action is inappropriate, improper or unavailable, or as a waiver by any Party of any defense or claims he, she or it may have.

   **17.**   **Continuance of Hearing.**  The Court reserves the right to continue the Fairness Hearing or Fee Hearing without further written notice.

Dated:  7/12/13

_____
Honorable Susan Illston
United States District Judge

[PROPOSED] FINDINGS/ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT