IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONSECO LIFE INSURANCE CO. LIFE TREND INSURANCE MARKETING AND SALES PRACTICE LITIGATION _____/ | No. C 10-02124 SI<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

Currently before the Court is class counsels' motion for attorneys' fees, costs and expenses incurred in litigation, and service awards to the named plaintiffs. Docket No. 506. On November 8, 2013, the Court conducted a fairness hearing and in a separate order, granted the parties' joint motion for final approval of the settlement agreement. Docket No. 526. On November 19, 2013, plaintiffs' counsel submitted supplemental briefing and declarations to support their lodestar calculation, pursuant to the Court's order at the fairness hearing. Docket No. 530. The Court again ordered counsel to produce additional records to support the fee application on November 26, 2013. Docket No. 534. Counsel was directed to: submit declarations verifying the employment status of each attorney listed in the submitted fee schedules; provide the dates of employment for any attorneys no longer employed by plaintiffs' counsel; define certain employee titles, like "Staff Attorney" and "Other"; and explain litigation expense and fee entries for document review for the records submitted by Gilbert LLP. *Id*. Counsel submitted these additional records on December 5, 2013. Docket Nos. 535; 536.

After carefully considering all papers filed and proceedings held herein, the Court has determined that attorneys' fees, costs and expenses, and service awards should be awarded and allocated

as directed by this Order. For the following reasons, the Court GRANTS plaintiffs' counsel's motion as detailed below.

**BACKGROUND**

Plaintiffs in this multi-district litigation are holders of life insurance policies known as the "LifeTrend 3" and "LifeTrend 4" policies, administered by defendant, Conseco Insurance Company. After four years of litigation, the parties began engaging in settlement discussions with mediator Judge Edward Infante (Ret.) in early 2013. The parties submitted a joint motion for settlement and stipulation of settlement in June 2013 and the Court granted the motion for preliminary approval of the settlement in July 2013. Docket Nos. 494, 499. The Court has already granted final approval of the settlement agreement and now addresses plaintiffs' counsel's motion for an award of attorneys' fees and reimbursed expenses pursuant to Fed. R. Civ. P. 23(h) and a $5,000 service award to each of the six named plaintiffs. Docket Nos. 505-506. Conseco agreed in the amended stipulation of settlement to pay class counsel, other counsel that assisted at the request of class counsel, and the named plaintiffs "an amount not to exceed $8,000,000.00 in the aggregate in attorneys' fees, Expenses, and the Named Plaintiffs' compensation . . ." Plaintiffs' counsel requests: $6,890,702.53 for reimbursement of attorneys' fees; $1,079,297.47 to reimburse plaintiffs' counsel for out-of-pocket expenses; and a $30,000 award to the named plaintiffs– a total award of $8,000,000.00.

**DISCUSSION**

**1.     Attorneys' Fees**

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). A district court begins its calculation of fees by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 436 (1983). The resulting number is frequently called the "lodestar" amount. *City of Riverside v. Rivera*, 477 U.S. 561, 568

United States District Court
For the Northern District of California

(1986). In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours "that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The party seeking the award should provide documentary evidence to the court concerning the number of hours spent, and how it determined the hourly rate(s) requested. *Id.* at 433. A critical inquiry in determining reasonable attorneys' fees is the reasonable hourly rate. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Id.* at 1263.

At the Court's request, plaintiffs' counsel submitted additional documentation in support of the fee request clarifying the responsibilities of the time-keepers involved in the case as well as the employment status and dates of employment for the attorneys who worked on the case. Docket Nos. 535, 536. Plaintiffs' counsel have also provided declarations that describe their professional experience and work on this case as well as summaries of time spent on the case and expenses incurred. In the additional submissions, counsel included a revised lodestar amount of $9,096,695.00.[1] This revised amount included deductions from the fees initially submitted by Berman DeValerio and Gilbert LLP. Forensic accounting expenses, mis-allocated forensic accounting expenses that were inadvertently included in the initial fee submission, time devoted by paralegals and attorneys who spent less than five hours on the case, and an entry for database training and preparation for document review for one attorney, a total of $15,671.50, was deducted from the fees requested by Berman DeValerio. Docket Nos. 530-2, Heffelfinger Decl. And summer associate and litigation support fees, totaling $21,354.00, were deducted from the fees requested by Gilbert LLP. Docket No. 530. The revised lodestar amount also added expenses Gilbert LLP incurred between December 17, 2008 and August 16, 2013 for which Gilbert LLP had not been billed when the initial request for attorneys' fees was submitted on August 30, 2013. Docket No. 530, p. 1. Counsel's attorneys fees request is substantially less than their revised

---

[1] The initial lodestar amount provided by plaintiffs' counsel totaled $9,136,169.50. Motion for Attorneys' Fees, p. 6.

3

lodestar amount– the fee request amounts to a negative multiplier of .75, a reduction of $2,205,992.47 from the lodestar amount.

The Court has reviewed, in camera, the summaries of hours and supplemental briefing material submitted by plaintiffs' counsel. With respect to the hours spent, the Court finds the hours submitted by counsel to be reasonable, given the complex nature of the litigation and the favorable result achieved for the class. With respect to hourly rates, the relevant question is whether the rates sought are reasonable and within the prevailing market rates. The Court finds that the rates requested are within the range of reasonable hourly rates for contingency litigation approved in this District, except for Scott D. Gilbert of Gilbert LLP whose request for an hourly rate of $932.96 per hour for 145.50 hours of work is not reasonable; plaintiffs' counsel cites three cases to demonstrate that the requested rates are in line with those prevailing in the community, yet none of these cases awarded an hourly fee exceeding $900. *Loretz v. Regal Stone, Ltd.*, 756 F.Supp. 2d 1203 (N.D. Cal. 2010), is the only case cited by counsel that approves an hourly rate that even approaches the amount requested for Scott D. Gilbert. Notably, in *Loretz*, the court deemed an hourly rate of $900 per hour for an attorney who spent only 4.85 working on the case to be reasonable. *Id.* at 1211. The hourly rate and the number of hours that the court in *Lorentz* deemed reasonable were much less than that requested by Gilbert LLP, and so the Court exercises its broad discretion to recalculate a reasonable attorneys' fee for Scott D. Gilbert. *See Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 518 (9th Cir. 2000). After recalculating the lodestar amount using a reduced hourly rate of $850 for Scott D. Gilbert's fees, counsel's requested fee total of $6,890,702.53 is still far less than the recalculated lodestar amount. Therefore, the Court GRANTS plaintiffs' counsel's request for $6,890,702.53 for reimbursement of attorneys' fees.

## 2. Costs and Expenses

Federal Rule of Civil Procedure 23(h) authorizes a court to award fees and nontaxable costs that are authorized by law or the parties' agreement. Counsel requests reimbursement of reasonable and actual out-of-pocket expenses in the amount of $1,079,297.47. These expenses will be taken out of the $8 million to be paid by Conseco. Counsel provided a detailed accounting of the requests costs in the

4

supplemental briefing, which the Court has reviewed in camera. The Court finds that the expenses incurred by plaintiffs' counsel are recoverable because they are reasonable out of pocket expenses that would normally be charged to a fee paying client. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1215 n. 7. Accordingly, the Court GRANTS counsel's request for reimbursement of reasonable and actual out-of-pocket expenses in the amount of $1,079,297.47.

### 3. Service Awards to Class Representatives

The Court may, at its discretion, award incentive or service awards to named plaintiffs to compensate them for work done on behalf of the class and in consideration of the risk undertaken in bringing the action. *Rodriguez v. West Pub. Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). Courts often assess the reasonableness of the award by taking into consideration: "(1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atlantic Ritchfield Co.*, 901 F.Supp. 294, 299 (N.D.Cal. 1995).

The parties have agreed that a $5,000 service award should be paid to each named plaintiff from the $8 million Conseco has agreed to pay to plaintiffs' counsel. The litigation of this case was lengthy, lasting over four years, and was difficult. Plaintiffs' counsel states "each Named Plaintiff devoted time working with Plaintiff's Counsel to monitor the progress of the litigation, respond to the discovery propounded by Conseco, and involve themselves in Settlement negotiations." Dkt. No. 506-1, Litherland Decl. ¶ 48. Although the named plaintiffs have not submitted their own declarations attesting to their involvement in the case, plaintiffs' counsel has stated that they "were actively and effectively involved in pursuing the interests of the Class." *Id*. In general, courts have found incentive payments of $5,000 presumptively reasonable. *See e.g., In re Mego Fin. Corp. Sec.* Litig., 213 F.3d 454, 463 (9th Cir. 2000); *Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau*, 2009 WL 3562871 (N.D.Cal. Oct 27, 2009); *Hopson v. Hanesbrands Inc.*, 2009 WL 928133 (N.D.Cal. Apr. 3, 2009). Accordingly, the

Court finds the requested $5,000 service award to the named plaintiffs is reasonable and GRANTS the requested service awards.

## CONCLUSION

For the foregoing reasons, the Court approves as reasonable plaintiffs' counsel's request that Conseco pay, in addition to the benefits received by the Class, the agreed-upon sum of $8 million, to plaintiffs' counsel as follows:

    1) $6,890,702.53 for attorneys' fees;

    2) $1,079,297.47 for reimbursement of litigation expenses;

    3) and a $5,000 service award to each of the six named plaintiffs.

**IT IS SO ORDERED.**

Dated: January 16, 2014

                                                              SUSAN ILLSTON
                                                              UNITED STATES DISTRICT JUDGE