IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONSECO LIFE INSURANCE CO. LIFETREND INSURANCE MARKETING AND SALES PRACTICE LITIGATION | No. C 10-md-02124 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO RECONSIDER** |

On November 18, 2013, the Court issued an Order granting in part and denying in part defendants' motion to dismiss. Docket No. 529. The Court also authorized plaintiffs to file an amended complaint; the amended pleadings are due June 1, 2014. Docket Nos. 529, 550. On November 26, 2013, defendants filed a motion for leave to file a motion for reconsideration of that Order. Docket No. 533. The Court granted defendants' motion and plaintiffs subsequently filed their opposition. Defendants contend that reconsideration is warranted, arguing a material fact in the complaint was overlooked by the Court and that the Court addressed legal arguments the parties did not fully brief in their moving papers.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Movants are prohibited from repeating any argument made previously, and

must show a material difference or an intervening change in the facts or the law, or a manifest failure by the court to consider dispositive facts or legal arguments. L.R. 7-9.

First, defendants argue the Court overlooked a material fact. Specifically, defendants assert that the Court failed to consider paragraphs 127 and 129 of the complaint when it stated in the Order that plaintiff Burnett resigned his policy prior to Conseco's implementation of the 2010 changes. The Court's Order, at page 8, stated that Burnett and Camp both resigned their policies prior to Conseco's implementation of the changes in 2010. Docket No. 529 at 6. While this statement is consistent with paragraph 126 of the complaint, it is inconsistent with paragraphs 128 and 129. Accordingly, the Court GRANTS defendants' motion to reconsider this part of the Order. Plaintiffs may include in their amended complaint clarification as to the dates of Burnett's surrender.

Next, defendants seek reconsideration of legal arguments. Motion at 5. According to defendants, the Court should not have analyzed the plaintiffs' claims as claims for anticipatory repudiation without plaintiffs' express identification as such. *Id*. Additionally, defendants argue the Court failed to consider what law governs any anticipatory repudiation claims. *Id*. at 6. Defendants specifically point to the Court's application of California law in the order's application of anticipatory repudiation principles, arguing that the court failed to articulate a choice of law analysis before adopting the California standard. Defendants are correct – the Court did not engage in a choice of law analysis as to the governing law of anticipatory repudiation and thus GRANTS defendants' motion to reconsider this part of the Order.

For the foregoing reasons, the Court GRANTS defendants' motion for reconsideration and VACATES the portions of the prior Order which denied in part defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: April 1, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE