UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC BRADY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CONSECO, INC., et al.,<br><br>　　　　Defendants. | Case No.　10-md-02124-SI<br><br>**ORDER DENYING STIPULATION TO FILE UNDER SEAL** |

On October 15, 2014, plaintiffs and defendants filed a stipulation and proposed order to file under seal portions of plaintiffs' first amended complaint. Docket No. 632. The same day, plaintiffs filed the declaration of Stephen A. Weisbrod, counsel for plaintiffs, in support of the stipulation. Docket No. 632-1. The parties seek to file under seal portions of plaintiffs' first amended complaint which reference and quote from documents and deposition testimony defendants have designated as highly confidential. Mr. Weisbrod's declaration states that plaintiffs must seek to file such information under seal pursuant to the stipulation and order for the protection and exchange of confidential information entered in this case. *Id*.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Civ. L.R. 79-5(a). When applying to file documents under seal in connection with a dispositive motion, the party seeking to seal must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id*. at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civ. L.R. 79-5(b). Where the submitting party seeks to file under seal a document designated confidential by another party (the designating party), the burden of articulating compelling reasons for sealing is placed on the designating party. *Id*. 79-5(e).

"The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but this Court and other courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit." *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013) (collecting cases). Accordingly, the parties must satisfy the compelling reasons standard to justify sealing the requested portions of the amended complaint. *See Kamakana*, 447 F.3d at 1178-79.

The stipulation and plaintiffs' supporting declaration do not demonstrate that portions of the first amended complaint should be sealed. Mr. Weisbrod's declaration provides no justification for sealing except that the portions of the amended complaint reference information that defendants have designated as confidential pursuant to the agreement between the parties and the protective order. The fact that the parties agreed among themselves to keep portions of the complaint private, without more, is no reason to shield the information from the public at large. Further, defendants—the designating party—failed to submit a declaration establishing that the designated material is sealable. *See* Civ. L.R. 79-5(e)(1).

Accordingly, the Court hereby DENIES the stipulation to file under seal. This denial is without prejudice to the parties refiling the stipulation and supporting declaration **no later than November 5, 2014**, in a format that is narrowly tailored and demonstrates "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."

*Kamakana*, 447 F.3d at 1178-79.

**IT IS SO ORDERED**.

Dated: October 28, 2014

_____
SUSAN ILLSTON
United States District Judge