Stephen A. Weisbrod (*pro hac vice*)
sweisbrod@wmclaw.com
August J. Matteis, Jr. (*pro hac vice*)
amatteis@wmclaw.com
WEISBROD MATTEIS & COPLEY PLLC
1200 New Hampshire Ave. NW, Suite 600
Washington, DC 20036.
Telephone:  202-499-7900

Attorneys for Plaintiffs

Carl C. Scherz (*pro hac vice*)
cscherz@lockelord.com
James H. Bilton (*pro hac vice*)
jbilton@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75200
Telephone:  214-740-8000

Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Stephanie A. Chambers-Wraight (SBN 261025)
swraight@lockelord.com
LOCKE LORD LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104
Telephone:  415-318-8810
Fax:  415-676-5816

Attorneys for Non-Party
Wilton Reassurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONSECO LIFE INSURANCE COMPANY LIFETREND INSURANCE SALES AND MARKETING LITIGATION, | CASE NO. 3:10-MD-2124 SI (EDL) |
| WILLIAM JEFFREY BURNETT and JOE H. CAMP, Plaintiffs, v. CONSECO LIFE INSURANCE COMPANY, INC., an Indiana corporation, Defendant. | Case No. 3:12-cv-05906 SI (EDL) **(Proposed) ORDER REGARDING PRODUCTION OF DOCUMENTS AND NON-WAIVER OF PRIVILEGES** |

WHEREAS, Plaintiffs served a non-party Subpoena to Produce Documents on Non-Party Wilton Reassurance Company ("Wilton Re") seeking production of documents at Wilton Re's offices in Wilton, Connecticut (the "Subpoena," Docket No. 611-2).

WHEREAS, Wilton Re timely served objections and responses to each of Plaintiffs' requests (the "Objections to Subpoena," Docket No. 611-3).

WHEREAS, Plaintiffs filed their Motion to Compel Production of Documents Pursuant to Subpoena Served on Wilton Reassurance Company (the "Motion to Compel") (Docket No. 611) and, thereafter, Wilton Re filed its Opposition to Plaintiff's Motion to Compel (Docket No. 617) and Plaintiffs filed a Reply in Support of Their Motion to Compel (Docket No. 624).

WHEREAS, a hearing was held and the Court entered an Order addressing Plaintiffs' Motion to Compel ("Order on Motion to Compel," Docket No. 633), which among other things ordered Plaintiffs and Wilton Re to confer regarding electronic searches.

WHEREAS, during the discovery process subsequent to the Order on Motion to Compel, Wilton Re has conducted searches of e-mails and provided Plaintiffs with a privilege log(s) and the parties have conferred regarding a possible resolution.

WHEREAS, Plaintiffs contend that each of the documents listed in Wilton Re's log(s) is not privileged at all or are not privileged in part.

WHEREAS, to address mutual concerns by the parties, to assist in the resolution of discovery disputes, and to avoid additional expenditure of the judicial resources of this Court, Plaintiffs and Wilton Re have moved for the entry of this Order Regarding Production of Documents and Non-Waiver of Privileges, which provides for and permits the production of documents or redacted portions of documents by Wilton Re, Conseco Life Insurance Company ("CLIC"), CNO Financial Group, Inc., and CNO Services, LLC, expressly subject to the protections afforded herein and by Federal Rule of Evidence 502.

It is, therefore, ORDERED that Wilton Re, CLIC, CNO Financial Group, Inc., and CNO Services, LLC may produce to Plaintiffs complete copies of documents, or redacted copies of documents, referenced in their privilege logs in order to resolve discovery disputes and advance discovery.  It is further ORDERED that any production to Plaintiffs on or after March 3, 2015,

whether partial or complete, by CNO Financial Group, Inc., CNO Services, LLC, CLIC and/or Wilton Re of (a) the documents referenced in Wilton Re's privilege log(s), including but not limited to WRPRIV000001-WRPRIV000010, WRPRIV000011-WRPRIV000052, WRPRIV000055-WRPRIV000135, WRPRIV000141-WRPRIV260 and WRPRIV000262-WRPRIV000336, and (b) any other documents or communications exchanged between Wilton Re, on the one hand, and CNO Financial Group, Inc., CNO Services, LLC (together, the "CNO Entities") and/or CLIC, or the counsel or representatives for any of those entities, pursuant to, in anticipation of, or otherwise in any way related to the Stock Purchase Agreement of 2014 (the "Stock Purchase Agreement"), its schedules and attachments, and/or drafts of the aforementioned items (together, the "Documents"), shall not be construed as a waiver of, or used as the basis for any claim or allegation or argument by Plaintiffs or anyone else that Wilton Re, CLIC, CNO Financial Group, Inc., and/or the CNO Entities waived the attorney-client privilege, the work product privilege, the joint defense privilege, the common interest doctrine or the community of interest rule, or other privilege. For the avoidance of any doubt, this includes and prohibits any claim by Plaintiffs or others that the production of documents by Wilton Re or CLIC completely or partially waive any privilege or protection, with respect to or arising from any information referenced or otherwise contained within the documents produced. For the further avoidance of doubt, this protection against waiver applies to this proceeding as well as any other Federal or State proceedings.

It is further ORDERED that Wilton Re, CLIC and the CNO Entities may reserve all rights, arguments and defenses as to the privileged nature of any documents produced in accordance with this Order and that, except as set forth above, Plaintiffs may reserve all rights, arguments and defenses as to the privileged nature of any documents produced in accordance with this Order, and, specifically, that Plaintiffs reserve, and do not waive, all rights to assert that any applicable privilege or protection has been waived for reasons other than the production of documents in accordance with this Order. Except as set forth in the preceding paragraphs of this Order, the Court expresses no view at this time on the rights, arguments and defenses reserved in this paragraph by the Parties.

Dated:        March 9, 2015

_____
HON. ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE